IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

INVESTORSHUB.COM, INC., a
Florida corporation, MATTHEW BROWN,
an individual, and ROBERT ZUMBRUNNEN,
an individual,

                                                                    Case No.:   4:11cv9-RH/WS

    Plaintiff,

vs.

MINA MAR GROUP, INC., a foreign
corporation, MINA MAR GROUP INC. (OF
THE USA), n/k/a, EMRY CAPITAL GROUP,
INC., a foreign corporation, and MIRO
ZECEVIC, an individual,

    Defendants.
_____/

## STIPULATED FINAL JUDGMENT

Plaintiffs INVESTORSHUB.COM, INC., MATTHEW BROWN, and ROBERT ZUMBRUNNEN (collectively, the "**InvestorsHub Parties**"), and Defendants MINA MAR GROUP, INC., MINA MAR GROUP INC. (OF THE USA), n/k/a EMERY CAPITAL GROUP, INC., and MIRO ZECEVIC (collectively, the "**Mina Mar Parties**"), have stipulated to the entry of Final Judgment in this matter.  Based upon the Stipulated Motion for Final Judgment, the pleadings and other papers filed with the Court, the Court finds and determines as follows:

<u>Parties and Jurisdiction</u>

1.      Plaintiff InvestorsHub.com, Inc. is a Florida corporation having its principal place of business in Tallahassee, Florida.

2.      Plaintiff Brown resides in Florida.

3.      Plaintiff Zumbrunnen resides in Missouri.

4.      Defendant Mina Mar Group, Inc. is a Canadian corporation having its principal place of business in Mississauga, Ontario, Canada.

5. Defendant Mina Mar Group, Inc. (of the USA), now known as Emry Capital Group, Inc., is a Texas corporation having its principal place of business in Fort Lauderdale, Florida.

6. Defendant Miro Zecevic resides in Ontario, Canada.

7. The Mina Mar Defendants have answered the Complaint and the Court has personal jurisdiction over them.

8. The Complaint raises claims under the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. §§ 4101-4105, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 2201-2202.

### The Canadian Defamation Judgment

9. In a complaint filed in the Superior Court of Justice, Ontario, Canada, on or about October 17, 2008, and amended on or about August 19, 2009, the Mina Mar Parties sued the InvestorsHub Parties for defamation.

10. That matter was titled <u>Mina Mar Group, Inc., Mina Mar Group Inc. (of the USA), and Miro Zecevic v. Investorshub.com, Inc., Matt Brown, Robert Zumbrunnen, and ADVFN PLC, and Stratey, itlogic, Jim Bishop, Janice Shell, Universal Trader, Ratso, Livingstyle, Soyelpato, AccipiterO, strongtower, snow, peraire, and Fast Flyer 03, Strongtower, 1summer, AccipiterO, bob41, Buckley, soyelpato, greedy malone, rolltide and John Doe (collectively known as the Posters)</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice (hereinafter, the "**Canadian Defamation Lawsuit**").

11. In the Canadian Defamation Lawsuit, the Mina Mar Parties obtained a default final judgment against the InvestorsHub Parties, holding them liable for libel and defamation

2

and, among other things, ordering them to pay $75,000 (CAD) in general damages and $10,000 (CAD) in punitive damages, ordering them to disclose the names and addresses of certain individuals who posted statements on InvestorsHub.com's website, and enjoining them from posting defamatory statements about the Mina Mar Parties.  The Mina Mar Parties also obtained a costs order requiring the InvestorsHub Parties to pay $13,650 (CAD), which they have filed in the records of Leon County Florida.  (Dkt. 1 (Exh. A).)  (Collectively, the "**Foreign Defamation Judgment**.")

12. The Foreign Defamation Judgment was based upon the content of writing that was published on the InvestorsHub.com website, which is based in the United States.

### This Lawsuit

13. On or about January 7, 2011, the InvestorsHub Parties filed their Complaint in this lawsuit.  Count I of the Complaint seeks a declaratory judgment that the Foreign Defamation Judgment violates the federal SPEECH ACT, 28 U.S.C. §§ 4101-4105, and cannot be enforced in the United States.  Count II seeks a declaratory judgment that the Foreign Defamation Judgment violates Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. §§ 55.601 – 55.607, and cannot be enforced in Florida.

14. The Mina Mar Parties now acknowledge that the Foreign Defamation Judgment is not enforceable in the United States and are agreeable to the entry of a final judgment in favor of the InvestorsHub Parties on both Counts of the Complaint.

15. Federal law permits entry of a consent judgment that would be fair, adequate, and reasonable, and that is not the product of collusion between the parties.  See Florida Wildlife Federation, Inc. v. Jackson, No. 4:08cv324-RH/WCS, 2009 WL 5217062, *3 (N.D. Fla. Dec. 30, 2009).  In addition, the consent judgment should not violate the Constitution, statutes, or

governing law.  Id.  And, the consent judgment should be consistent with the purposes of the relevant statute.  Id.

16.     The Court finds that entry of a final judgment in favor of the InvestorsHub Parties is appropriate, because that proposed would be fair, adequate, and reasonable, and is not the product of collusion between the parties.

17.     Entry of final judgment is proper in this matter because it would not violate the Constitution, statutes, or governing law.  Id.

18.     Entry of final judgment would be consistent with the statutory purposes of the SPEECH Act and the Florida Uniform Out-of-Country Foreign Money-Judgment Recognition Act.  Those statutes seek to preclude enforcement in the United States of foreign defamation judgments based upon foreign laws that provide less protection for freedom of speech than the U.S.  See 28 U.S.C. §§ 4102, 4104.

19.     The parties acknowledge, and the Court finds, that Canadian law does not provide as much protection of speech as the First Amendment, federal law, and Florida law.  For example, the First Amendment requires that a defamation plaintiff who is either a public official or public figure must prove that the defendant made the defamatory statement with actual malice, meaning that the defendant either knew the statement was false or acted with reckless disregard to the statement's truth or falsity.  See New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710, 111 L. Ed. 2d 686 (1964); Curtis Publ'g Co. v. Butts, 388 U.S. 130, 87 S. Ct. 1975, 18 L. Ed. 2d 1094 (1967).  The Canadian Supreme Court has specifically refused to adopt the Sullivan actual malice standards for Canadian defamation actions.  See Hill v. Church of Scientology, [1995] 2 S.C.R. 1130 (Can.) (stating that Court will not adopt Sullivan standard in Canada).  See also Grant v. Torstar Corp., [2009] 3 S.C.R. 640 (Can.) (modifying Canadian

4

defamation law while still rejecting First Amendment standards); Rodney A. Smolla, <u>Law of Defamation</u> § 1:9.75, at 1-17 – 1-29 (describing differences between United States law and "the more plaintiff-friendly" Canadian defamation law).

20. Nor does Canadian law provide the protections for freedom of on-line speech provided by the Communications Decency Act, 47 U.S.C. § 230.

21. In addition, the InvestorsHub Parties and the Mina Mar Parties are the only parties whose rights would be affected by the final judgment and both the InvestorsHub Parties and the Mina Mar Parties consent to entry of this Final Judgment. As such, entry of final judgment in favor of the InvestorsHub Parties is appropriate. <u>See</u> <u>Florida Wildlife Federation</u>, 2009 WL 5217062, at *3.

### Final Declaratory Judgment

22. The Court hereby declares that the Foreign Defamation Judgment in the matter of <u>Mina Mar Group, Inc., et al. v. Investorshub.com, et al.</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice, is not enforceable in the United States pursuant to the SPEECH Act, 28 U.S.C. §§ 4101-4105, and any orders entered in connection therewith are invalid and unenforceable in the United States.

23. The Court declares that the Foreign Defamation Judgment in the matter of <u>Mina Mar Group, Inc., et al. v. Investorshub.com, et al.</u>, Court File No. CV-08-364413-0000, Ontario Superior Court of Justice, is not enforceable in the United States pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act, Fla. Stat. §§ 55.601 – 55.607, and any orders entered in connection therewith are invalid and unenforceable in Florida.

24. Each party shall bear its own costs and attorneys' fees.

25. All relief not expressly granted herein is denied.

SO ORDERED on June 20, 2011.

                                                  s/Robert L. Hinkle
                                                 United States District Judge

6