# NOVA SCOTIA BARRISTERS' SOCIETY

# Nova Scotia Annotated Civil Procedure Rules
# Part 3 - Default and Discontinuance
# Rule 8 - Default Judgment

**Educational Notes** (Skip educational note)

*How This Rule Works*

This Rule replaces the previous Rule 12 - Default of Defence for actions. Default judgment remains available from the prothonotary (R.8.02) or a judge (R.8.03), depending on the circumstances. In both cases, it may be granted on the basis that all pleadings in support of the claim have been admitted (R.8.05).

It is possible to get partial default judgment under R.8.04. A party can obtain default judgment on an undefended claim and proceed to trial on another claim defended by the same party.

Rule 8.02 clearly sets out what is required to obtain default judgment from the prothonotary -

a. proof of proper notice;
b. the time for filing has expired;
c. no defence has been filed; and
d. the judgment is for damages only.

Rules 8.06 and 8.07 detail the method by which damages are calculated for the prothonotary. Even if a demand for notice has been filed, the motion may still be made to the prothonotary (R.8.02(2)(b)).

If damages need to be assessed, or another remedy is sought, default judgment is obtained on motion to a judge (R.8.03 and 8.08) with the judge assessing damages under Rule 70 - Assessment of Damages or by reference and report under Rule 11 - Reference. Generally, assessments of damages will be conducted using a motion by appointment (R.25), which may be made *ex parte*, as the other party is disentitled to notice (R.22.03(1)(c)).

Rule 8.10 expressly sets out that it is an abuse of process to obtain a default judgment without reasonable warning if the opposing party has (a) advised in writing that they intend to defend the claim; (b) made or defended another claim in the same proceeding; or (c) retained counsel to deal with the claim and provided contact information for counsel. Judgments so obtained may be set aside under Rule 88 - Abuse of Process.

*Highlights of Changes*

*Scope of Rule 8* - One key change to this area is that while the previous R.12 applied broadly to any "originating notice," Rule 8 applies only to actions, not applications. Summary disposal of applications is dealt with in R.5.14.

*Mortgages* – the provisions relating to default in actions on mortgages are now found in R.72 - Mortgages.

*Filing Deadlines Changed* - The deadlines for filing a defence have changed slightly for actions filed after January 1, 2009. For service in Nova Scotia, the 15 day deadline amounts to three full weeks, 30 days to six weeks, and 45 days to 9 full weeks, not including holidays. For actions filed <u>before</u> January 1, 2009, the previous Rules continue to govern the notice period for giving notice of an action to a person, and motions for default judgment (R.92.05).



| Location where Defendant is Served | Old Rule 11.02 | New Rule 31.12 Note - All days are clear business days |
|---|---|---|
| Service in Nova Scotia | 20 days | 15 days |
| Service elsewhere in Canada | 40 days | 30 days |
| Service in the USA | 40 days | 45 days |
| Service in any other country | 60 days | 45 days |

To illustrate the differing time periods for filing a defence, assume a notice of action and statement of claim are served on a defendant in Nova Scotia on October 1, 2008. Under the current Rules, 20 days for filing a defence would expire on October 21. Under the new Rules, 15 days would make the last day to file a defence October 24 (15 clear business days, plus the Thanksgiving Holiday Monday.)

Rule 31.03 governing notice is titled "person to whom personal service must be made" and goes on to specify methods of service for all types of bodies. Section 7(1)(s) of the *Interpretation Act*, R.S.N.S. 1989, c. defines "person" to include a corporation and a person's heirs, executors, administrators or other legal representatives. Rule 94.08 specifies that "person" includes a non-party.

*Prejudgment Interest* – Allowable pre-judgment interest has been reduced from 6% to 5%.

*Practice Tip*

Defence counsel should continue to follow the practice of writing to the plaintiff or plaintiff's counsel immediately after being retained, as this will prevent the plaintiff from obtaining default judgment without a reasonable warning.

- **8.01 - Scope of Rule 8**
    (1) A party who makes a claim against another party in an action may make a motion for default judgment, in accordance with this Rule.
    (2) This Rule does not apply to an application, and an applicant may make a motion for summary disposal of an application in accordance with Rule 5.14, of Rule 5 - Application.

- **8.02 - Default judgment by prothonotary**
    (1) The prothonotary may grant default judgment, if all of the following apply:
        (a) the party against whom judgment is sought is notified of the claim in accordance with Rule 31 - Notice;
        (b) the time for filing a defence is expired under Rule 31 - Notice;
        (c) no defence is filed;
        (d) the judgment is for damages only.
    (2) A motion for a default judgment must be made in one of the following ways:
        (a) if no demand for notice was filed by the party against whom judgment is sought, by filing a draft order for judgment, a bill of costs, and proof of notification, as provided in Rule 31 - Notice;
        (b) if a demand for notice was filed or the party seeking default judgment chooses to do so on notice, by making a motion to the prothonotary on notice in accordance with Rule 30 - Motion to Prothonotary.

- **8.03 - Default judgment by judge**

A judge may grant default judgment in any action on any claim, if the party against whom judgment is sought is notified in accordance with Rule 31 - Notice, the time for filing a defence is expired, and no defence is filed.

- **8.04 - Judgment on one claim only**

    A party may have default judgment on an undefended claim against another party, and proceed to trial on another claim defended by that same party.

- **8.05 - How terms of default judgment are determined**

    The terms of a default judgment may be determined on the basis that all pleadings in support of the claim have been admitted.

- **8.06 - When amount is determined by prothonotary**

    A prothonotary must refer the assessment of the amount of a default judgment to a judge, unless the judgment is sought in an action brought by notice of action for debt, or the pleadings of the party who makes a motion for default judgment provide both of the following:

    (a)  a claim in the same amount as in the default judgment or a claim for an amount to be calculated in accordance with a formula that leads to the same amount as in the proposed default judgment;

    (b)  pleaded facts that, taken as admitted, clearly show that the amount is due, such as a liquidated demand pleaded in sufficient detail.

- **8.07 - How amount is determined by prothonotary**

    (1)  The prothonotary must assess the amount for judgment in an action brought by notice of action for debt, in accordance with the following formula:

    (a)  the amount claimed for principal;

    (b)  the dollar amount claimed for interest, if there is an express agreement for payment of interest;

    (c)  calculated interest from the day stated in the notice of action for debt, if there is an express agreement for payment of interest;

    (d)  if there is no claim for agreed interest but prejudgment interest is claimed, interest at five percent a year calculated simply from the day the debt came due according to the pleadings;

    (e)  necessary and reasonable disbursements approved by the prothonotary, including the cost of giving notice and filing documents; plus

    (f)  costs under Tariff D referred to in Rule 77 - Costs; less

    (g)  any credits to which the judgment debtor is entitled.

    (2)  The prothonotary must allow disbursements, costs, and credits in an action the same as in an action brought by notice of action for debt, and must assess damages in accordance with the following formula:

    (a)  the specific amount pleaded or specifically calculated; plus

    (b)  prejudgment interest, if it is claimed, at five percent a year calculated simply from the day the claim arose according to the pleadings; less

    (c)  any credits to which the judgment debtor is entitled.

- **8.08 - Assessment or other remedy by judge**

    (1)  A judge may assess damages, or grant any other remedy, on a default judgment.

    (2)  The judge may defer the assessment of damages, or granting another remedy, in either of the following situations:

(a) a claim on which damages are to be assessed is defended by another party and the amount is in issue;

(b) the judgment debtor is defending another claim of the judgment creditor in the same action, and facts to be found on assessment of damages, or for granting another remedy, are in issue in the defended claim.

(3) Rule 70 - Assessment of Damages, including Rules 70.03 and 70.04 about notice, applies to a motion for an assessment or other remedy by a judge under this Rule.

### • 8.09 - Setting aside default judgment

A judge may set aside a default judgment issued by the prothonotary or made on an *ex parte* motion by a judge.

### • 8.10 - Judgment by sharp practice

(1) It is an abuse of process to obtain a default judgment without giving reasonable warning to a party who does any of the following:

(a) in writing, advises the party making the claim that the party intends to defend it;

(b) to the knowledge of the party making the claim, makes or defends another claim in the same action;

(c) in writing, advises that counsel has been retained in respect of the claim and gives information by which counsel may be contacted.

(2) An abusively obtained default judgment may be set aside under Rule 88 - Abuse of Process.

LexActo by Lexum

Copyright Nova Scotia Barristers' Society 2008. All Rights Reserved ¦ Privacy Statement

# NOVA SCOTIA BARRISTERS' SOCIETY

# Nova Scotia Annotated Civil Procedure Rules

# Part 7 - Notice and Place of Proceeding

# Rule 31 - Notice

**Educational Notes** (Skip educational note)

*How This Rule Works*

Rule 31 addresses four specific aspects of giving notice:

a. Notice of a proceeding or claim (R.31.02-31.11);
b. Notice of a step in a proceeding (R.31.14-31.18);
c. When and how a party becomes disentitled to further notice (R.31.12-31.13); and
d. Notice of a Constitutional question to the Crown (R.31.19)

*Giving Notice of a Proceeding or Claim*

Rule 31 adopts the gold standard of personal service of a certified copy of the originating document, proven by affidavit of service. Rule 31.03 speaks of personal service as "handing the document to the individual" while the previous R.10.03 spoke of "leaving a copy of the document with him," but there appears to be no operative difference.

Rule 31.03 sets out how personal service may be effected on various types of parties: individuals, incompetent persons, children, corporations and partnerships (registered and unregistered, both in and outside Nova Scotia), municipalities, boards and commissions, the provincial government, the federal government, other provinces or territories, and other states.

Rules 31.06-31.10 provide five alternate means of effecting proper service:

a. Endorsement of acceptance by counsel (with the lawyer's name printed legibly) – R.31.06;
b. Filing a document in response to the originating document (there is no longer a provision for conditional appearances) – R.31.07;
c. Giving notice as agreed to in a contract (similar to the previous Rule 10.05(1)) or by the new provision allowing service pursuant to a written agreement regarding notice entered into after commencement of the dispute in question – R.31.08;
d. Service in Canada and in any state bound by Convention can be effected without an order – R.30.09;
e. Substituted service – R.31.10, which is more detailed than the previous R.10.10 and codifies existing case law. *Investors Group Trust Co. v. Ulan* (1991), 105 N.S.R. (2d) 161 (S.C.T.D.) will remain relevant.

Rule 31.11 deals with notice of counterclaims, crossclaims, or of amendments or orders adding a party.

*Giving Notice of a Step in a Proceeding*

Interlocutory notice is governed by R.31.14-31.18. Rule 31.14 confirms a party's basic entitlement to notice of everything done in a proceeding, including all written communications with a judge. Rule 31.15 requires the notice be given "immediately" before or after filing with the court. Rule 31.17 allows parties to agree, or a judge to order, other methods of interlocutory notice.

Rule 31.16 obligates a party entitled to further notice to designate and maintain an address for notice, which may be through counsel. The required content of a "designated address" is set out in R.82.08. At minimum, a party must provide a mailing address. The party must also provide a telephone number, fax number or e-mail address if the party regularly uses those methods of contact. Security and privacy

issues are addressed in R.85.09.

Pursuant to R.31.16(2), a party gives notice of interlocutory steps by mail or hand delivery to a designated address. Mail is deemed received three days after mailing (R.31.16(3)) rather than the two days specified in the previous R.10.12(4). Hand-delivered, faxed, or e-mailed documents are deemed to be received immediately. This is similar to the previous R.10.12(4.1).

*Delivery after hours* - The previous R.10.12(5) and R.10.13 made exception for service of documents and faxes after 4:00p.m. on weekdays or Saturdays – they were deemed received on the next business day. Rule 94.02 continues this practice by the way that "day" is defined, but eliminates the window from 4:00 – 4:30p.m. on weekdays where service of a document is deemed to occur the next day, notwithstanding that the prothonotary's office is open.

*When and How a Party becomes Disentitled to Further Notice*

A defendant or third party must file a defence or a demand for notice (similar to the previous R.12.07) before the deadlines set out in R.31.12: 15 days for service entirely within NS, 30 days for service outside NS but entirely within Canada, or 45 days otherwise.

The deadline to file a counterclaim or crossclaim is slightly shorter (10 days) if notification was made to the defendant's address for delivery, otherwise the usual deadlines apply.

These deadlines are all slightly longer than the filing deadlines of 20/40/60 days set out in the previous Rule 11.02 because all days are clear business days under R.94.02.

Parties may agree on, or a judge may order, longer or shorter periods for filing a defence or notice of contest (R.31.12(6)). Filing a demand for particulars stops the clock until the answer is delivered (R.31.12(3)).

There are two major consequences of failing to file a defence or a demand for notice:

a. The party is taken to have admitted the claims made against them – R.31.12(4); and
b. The party is disentitled to further notice, unless expressly provided in the Rules, agreed by the parties, or ordered – R.31.12(5). The previous R.12.08 made an exception for assessments of damages and this exception continues under R.70.04(2) where 10 days notice is required, except for actions on debts or liquidated claims where the assessment of damages is straightforward.

Both consequences are reversed if a party files a defence or demand for notice any time before default judgment is granted (R.31.12(7)).

*Disentitlement to Notice in Applications, Judicial Reviews, and Appeals*

Failure to file a notice of contest or appear at the hearing after proper notification may result in an order that a respondent is disentitled to further notice, but unlike R.31.12, the order in this case is discretionary. Use of the term "a" hearing rather than "the" hearing suggests that non-appearance at the preliminary motion for directions in an application in court, judicial review, or appeal may be sufficient grounds on which to order that a respondent is disentitled to further notice.

*Giving Notice of a Constitutional Question*

Rule 31.19 operates in conjunction with the *Constitutional Questions Act*. It provides for a particular form and means of notice of a Constitutional question to the federal and provincial governments, as appropriate. The extension of the notice requirements to the federal government is a new addition to Rule 31.

A party must deliver notice "immediately" after filing the pleading or other document asserting the unconstitutionality (R.31.19(3)). The responding government may file a demand for notice under R.31.19(5) but is not a party unless specifically joined.

*Highlights of Changes*

Some changes not already mentioned include:

*Service on Corporations and Partnerships* – the new Rules focus on service on the recognized agent, or alternately via s.9 of the *Corporations Registration Act* or s.18 of the *Partnerships and Business Names Registration Act*. Rule 31 no longer refers to serving the President, Chairman, or Chief Officer of a corporation, nor does R.31 refer to service on one or more partners.

*Restrictions on who may effect service* – Under R.31.04, only a literate non-party may effect personal service in Nova Scotia. Officers, directors and employees of parties may not effect service. This Rule is similar to the longstanding Rule preventing a petitioner from serving his or her own Petition for Divorce (see the previous R.70.20). Violation of this Rule will likely be treated as an irregularity under R.2.02.

*Delivery by fax or e-mail* – Rule 31.16(2) permits delivery of interlocutory documents by fax or e-mail if the method is regularly used for delivering communications at that address and the receiving party does not opt out in writing.

*Practice Tips*

Counsel who deal with self-represented litigants will appreciate the requirement that they designate an address for delivery under R.31.16. Once designated, a party is expected to maintain the address such that documents can reliably be received there. Failure to maintain a designated address can result in disentitlement to further notice and eventual judgment against a party under R.31.16(5).

E-mail notification still has occasional reliability issues due to firewalls, mailbox storage limits, problems with attachments, and other difficulties. Even e-mail sent to a valid address can occasionally take days or weeks to appear in the recipient's in box. Consider invoking R.31.16(2)(b) to require that interlocutory notices be delivered by hand or mail, adding fax delivery if this would be acceptable.

- **31.01 - Scope of Rule 31**
    (1) This Rule supplements other Rules that require a party to give notice, or that provide a consequence of receiving notice.
    (2) A person who starts a proceeding against another person, or who makes a claim in an existing proceeding against another person, must notify the other person of the proceeding or claim, in accordance with Rules 31.02 to 31.11.
    (3) A party is entitled to notice of further steps in a proceeding in accordance with Rule 31.14, unless the party becomes disentitled to further notice in accordance with Rules 31.12 and 31.13.
    (4) A party may give notice of a step in a proceeding, in accordance with Rules 31.15 to 31.18.
    (5) A party must give notice of a constitutional question to the Crown, in accordance with Rule 31.19.

- **31.02 - Notifying party of proceeding**
    A party who starts a proceeding, or makes a third party claim in an action, may notify the party against whom the proceeding is started, or the third party, by causing a certified copy of the originating document to be served personally in accordance with Rules 31.03 to 31.05, or by giving notice by an alternative method in accordance with Rules 31.06 to 31.10.

- **31.03 - Person to whom personal service is made**
    (1) Personal service must be effected as follows:
        (a) individual- to an individual, by handing the document to the individual unless the party is a child or a person who is not capable of managing their affairs;

(b) person not capable of managing affairs - to a person who is not capable of managing their affairs, by handing it to the person's guardian under the Incompetent Persons Act, the person's litigation guardian, or a person as directed by a judge;

(c) child - to a child, by handing it to a parent or guardian with whom the child resides, a person exercising care and control over the child, or a person as directed by a judge;

(d) corporation registered under the Corporations Registration Act - to a corporation registered under the Corporations Registration Act, by handing it to the recognized agent or, in the absence of the agent, as provided in the service of documents provisions of that legislation;

(e) partnership registered under the Partnerships and Business Names Registration Act - to a partnership registered under the Partnerships and Business Names Registration Act, by handing it to the recognized agent or, in the absence of the agent, as provided in the service of documents provisions of that legislation;

(f) unregistered corporation, unregistered partnership, or society operating in Nova Scotia - to an unregistered corporation, an unregistered partnership, or a society operating in Nova Scotia, by handing it to a director, officer, or apparent manager;

(g) unregistered corporation or society not operating in Nova Scotia - to an unregistered corporation or a society not operating in Nova Scotia, in accordance with the law of the place of incorporation for notifying the corporation or society of an originating civil process against it;

(h) municipality - to a municipality, by handing the document to the municipal clerk, solicitor, mayor, warden, chief executive officer, chief financial officer, or similar officer of a municipality;

(i) board or commission - to a board or commission, by handing it to a member or officer of the board or commission;

(j) Her Majesty the Queen in the Right of Nova Scotia - to Her Majesty the Queen in the Right of Nova Scotia, in accordance with the Proceedings Against the Crown Act;

(k) Her Majesty the Queen in the Right of Canada - Her Majesty the Queen in the Right of Canada, in accordance with the Crown Liability and Proceedings Act (Canada).

(l) another province or territory of Canada - to Her Majesty the Queen in the Right of another province or to a territory of Canada, by following the provisions of the Crown or territorial proceedings legislation in the province or territory for service of an originating civil process, or for other notification of an originating civil process against the Crown in the right of the province or against the territorial government;

(m) any other state - to any other state, by following the domestic law for service or delivery of an originating civil process, or of notification of an originating civil process, against the state;

(n) generally - alternatively, by following the directions of a judge for effecting personal service.

(2) For the purpose of Section 49 of the *Judicature Act*, provincial legislation that provides a method for service of an originating process in conflict with Rule 31.03(1) is modified by that Rule, and legislation that provides an additional method is not modified.

- **31.04 - Method of personal service**

    (1) A literate person who is not a party, or an officer, director, or employee of a party, may effect personal service in Nova Scotia, at any time, on any day, and at any place.

    (2) In a place outside Nova Scotia, personal service may be effected by a person and at a time, date, or place allowed by the laws of that place.

- **31.05 - Proof of personal service**

    (1) A party who causes a document to be personally served must obtain an affidavit of service that proves all material facts of the service.

(2) The affidavit of service must contain a standard heading written in accordance with Rule 82 – Administration of Civil Proceedings, be entitled Affidavit of Service, and include all of the following:
- (a) the name of the person swearing or affirming the affidavit and of the community where the person resides;
- (b) a statement that the person personally delivered a certified copy of the notice to the person to be notified;
- (c) a reference to an attached certified copy of the notice;
- (d) the hour, date, and place of delivery;
- (e) the name of the person to whom delivery was made;
- (f) how the person swearing or affirming the affidavit identified the person as the one to whom delivery is to be made.

(3) The affidavit may be in Form 31.05.

N.S. Gaz. Pt. 1, 06/29/2011

### 31.06 - Acceptance of service as notice of proceeding

(1) A lawyer entitled to appear before the court may endorse an acceptance of service on a certified copy of an originating document.

(2) The endorsement must include the name of the party on behalf of whom it was made, the date of acceptance, and the lawyer's name printed legibly.

(3) An endorsement signed by a lawyer is proof of acceptance of service for the party, and proof the party was notified effective the date of the acceptance.

### 31.07 - Filing responding document as proof of notice of proceeding

A party who has not been notified in accordance with other provisions of this Rule 31 and who files a document in response to the originating document is taken to have notice of the proceeding as of the day the responding document is filed.

### 31.08 - Notice of proceeding under agreement

(1) A party who starts a proceeding in connection with a contract made by the party and another party may notify the other party of the proceeding by following a provision in the contract for notice of a proceeding in connection with the contract.

(2) A person in dispute with another person, who makes a written agreement with the other person for giving notice of a proceeding in connection with the dispute, may notify the other person of the proceeding as provided in the agreement.

### 31.09 - Notification out of jurisdiction

(1) A party against whom a proceeding is started and who is in Canada, and outside Nova Scotia, may be notified of the proceeding without an order for service outside the jurisdiction.

(2) A party against whom a proceeding is started and who is outside Canada may be notified without an order for service outside the jurisdiction, if the person is in a state that is bound by the *Convention* on Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, 15 November 1965, Canada Treaty Series 1989/2.

(3) A party who wishes to give notice by personal service in any other state must make a motion for an order for service outside the jurisdiction.

(4) A party in a state that is bound by the *Convention* may be notified by personal service, unless the state objected under Article 10 to personal service within its territory.

(5) A party in a state that is bound by the *Convention* may be notified through the Central Authority of the state, as provided by Articles 2 to 7 of the *Convention*.

(6) A party in a state that is not bound by the *Convention*, but entered into a bi-lateral treaty with Canada on service of civil documents, may be notified in accordance with the bi-lateral treaty or directions given by the judge who grants the order for service outside the jurisdiction.

(7) A party in a state that is not bound with Canada by a treaty on service of civil documents may be notified in accordance with directions given by the judge who grants the order for service outside the jurisdiction.

(8) A party to an action or application who maintains that the court does not have jurisdiction over the subject of a proceeding, or over the party, may make a motion under Rule 4.07, of Rule 4 - Action, to dismiss the action or Rule 5.10, of Rule 5 - Application, to dismiss the application.

### 31.10 - Order for substituted method of giving notice of proceeding

(1) A judge may order a substituted method of notification if the judge is satisfied that the party cannot be located, the party is evading service, or justice requires a substituted method for another reason.

(2) The following are examples of efforts to locate a party that, if proved, may establish that an order for substitute notification is to be granted on the basis that the party cannot be located:

   (a) making inquiries of persons at the other party's places of recent residence or work;

   (b) making inquiries of acquaintances of the other party;

   (c) searching the records of the party who makes the motion to locate information about recent residences, places of work, and acquaintances of the party to be notified;

   (d) engaging a trace service;

   (e) performing searches on the internet;

   (f) searching records of other actions against the party to be notified;

   (g) engaging the services of a local process server, lawyer, detective, or other person to advise on locating a party who resides in an unfamiliar place.

(3) The following are examples of evidence that may establish that an order for substitute notification is to be granted on the basis that the party is evading service:

   (a) evidence of places the party is likely to be found, such as a place of residence or work, and efforts to locate the party;

   (b) evidence the party is likely at a place when service is attempted;

   (c) attempts to effect service at the party's likely place of residence, place of work, or otherwise;

   (d) efforts to identify persons in communication with the party;

   (e) attempts to communicate with acquaintances to arrange personal service.

(4) An order for substitute notification made on the basis that the party cannot be located may include terms for advertising, service of a certified copy of the order and the originating document on a person who might communicate with the party, delivery or mailing of the order and document to a place where it may be received by the party, and any other terms for bringing the proceeding to the notice of the party.

(5) An order for substitute notification made on the basis that the party is evading service may contain terms for notification that assume the evading party will receive a certified copy of the order and the originating document left for the party with persons and at places associated with the party.

### 31.11 - Counterclaim, crossclaim, and added party

(1) A plaintiff must be notified of a counterclaim by delivery of a certified copy of the notice of defence with counterclaim to the plaintiff's designated address, or delivery by agreed electronic means.

(2) A defendant must be notified of a crossclaim in one of the following ways:

(a) if the defendant crossclaimed against has not filed a notice of defence, notification in accordance with Rules 31.02 to 31.10;

(b) if a notice of defence is filed, delivery of a certified copy of the notice of defence with crossclaim to the designated address of the defendant crossclaimed against or delivery by agreed electronic means.

(3) Unless a judge directs otherwise, a party who is added to a proceeding by a party's amendment or by an order on an *ex parte* motion must be notified by personal service of certified copies of the notices in the proceeding, in accordance with Rules 31.03 to 31.05, or by an alternative method of notice, in accordance with Rules 31.06 to 31.10.

(4) A party who is added to a proceeding by order made on notice must be notified as the judge making the order directs.

(5) The following documents are the originating documents for the purpose of giving notice, respectively, of a defence with a crossclaim, the addition of a party by amendment, or the addition of a party by order:

(a) the notice of defence with crossclaim;

(b) the amended notice, and all previous notices, and, if the proceeding is an application, all filed affidavits;

(c) the order adding the party, a notice with the amended heading, all previous notices, and, if the proceeding is an application, all filed affidavits.

- **31.12 - Disentitlement to further notice in an action**

    (1) A defendant or third party who wishes to defend an action or third party claim must file a notice of defence, and a defendant or third party who does not wish to defend but wishes to remain entitled to notice must file a demand for notice, no more than the following number of days after the day the defendant or third party is notified of the proceeding:

    (a) fifteen days, if notification is by personal service in Nova Scotia or by other means completed entirely in Nova Scotia;

    (b) thirty days, if the notification is by personal service elsewhere in Canada or by other means completed entirely in Canada;

    (c) forty-five days, if the notification is by personal service elsewhere in the world or by other means not completed entirely in Canada.

    (2) A party claimed against by counterclaim or crossclaim who wishes to defend the claim must file a notice of defence defending the counterclaim or crossclaim in the following times:

    (a) no more than ten days after the day of delivery, if notification is made by delivery to the defendant's address for delivery;

    (b) the same time as for a defence to an action, if a notice of crossclaim is delivered to a defendant who has not filed a notice of defence or demand for notice designating an address for delivery in the main action.

    (3) The time between the day a demand for particulars of a claim is delivered and the day an answer to a demand for particulars is delivered is not counted among the days for filing a notice of defence or demand of notice.

    (4) A party who does not file a notice of defence when required is taken to have admitted, for the purposes of the action, the claims made against the party, and the party making the claim may move for judgment under Rule 8 - Default Judgment.

    (5) The party who does not file a notice of defence or a demand for notice is disentitled to notice of anything in the proceeding after the expiry of the deadline for filing the notice, unless a Rule expressly provides, the parties agree, or a judge orders otherwise.

    (6) The parties may agree to, or a judge may order, longer or shorter periods than those provided in Rules 31.12(1) and (2).

    (7) A party may file a notice of defence, with or without counterclaim or crossclaim, or a demand for notice anytime before default judgment is granted, and the following consequences apply:

- (a) the party is no longer disentitled to notice;
- (b) the party who files a notice of defence is no longer taken to have admitted the claims made against the party.
- (8) A judge may order that a party need not be given further notice.

- **31.13 - Disentitlement to further notice in application, judicial review, or appeal**
  - (1) A judge who is satisfied that a respondent fails to file a notice of contest, or to appear at a hearing, after having been notified may order that the respondent is disentitled to further notice.
  - (2) A judge may order that a party to an application, judicial review, or appeal need not be given further notice.

- **31.14 - Interlocutory notice**

  A party is entitled to notice of everything done in a proceeding, every written communication with a judge or the court, and every document filed, unless one of the following applies:
  - (a) the party is disentitled to notice;
  - (b) a motion is made *ex parte*;
  - (c) the parties agree, or a judge orders, that notice is not required.

- **31.15 - Deliver copy to party on filing**
  - (1) A party who files a document must deliver a copy of the document to each other party immediately before or immediately after it is filed, unless one of the following applies:
    - (a) the other party is disentitled to notice;
    - (b) a motion is made *ex parte*;
    - (c) the parties agree, or a judge orders, that notice is not required.
  - (2) Delivery to a party who is entitled to notice, but has not yet filed a document designating an address for delivery, may be made by personal service or such other means as satisfies a judge that the party receives sufficient notice.
  - (3) In all other cases, delivery may be made to the party's designated address.

- **31.16 - Delivery to designated address**
  - (1) A party entitled to further notice must do everything that is reasonable to allow for quick and economical delivery of documents to the party, including:
    - (a) designate an address for delivery of documents at which the party is assured of receiving a document when it is delivered;
    - (b) designate a new address for delivery of documents by filing a notice of change of designated address, if the party ceases to be assured of receiving a document when it is delivered to the former designated address;
    - (c) maintain the place at the address in such a way that there is no danger of a document being taken away by others or lost.
  - (2) A document may be delivered to a designated address by mail, hand, or, if both of the following apply, by electronic transfer, such as e-mail or fax:
    - (a) the transfer is by a method regularly used for delivering communications at the designated address;
    - (b) the receiving party does not, in writing, require that another method be used.
  - (3) A document delivered by mail to a designated address is taken to be received by the party three days after the date of mailing.

(4) A document delivered to a designated address by hand, fax, or e-mail is taken to be received immediately by the party.

(5) A judge may order that a party who fails to maintain a designated address is disentitled to further notice and grant judgment against the party, unless an injustice would result.

- **31.17 - Other methods of interlocutory notice**

    The parties may agree in writing, and a judge may order, another method of giving notice to a party.

- **31.18 - Form of designation of address for delivery**

    (1) A party who is not required to file a document that includes a designation of an address for delivery and a party who must designate a new address for delivery may file a designation of address for delivery.

    (2) A designation of address for delivery must contain the standard heading, be entitled"Designation of Address for Delivery", be signed and dated, designate an address, and include an acknowledgement of the effect of delivery to the designated address and a statement that further contact information is available from the prothonotary.

    (3) A designation of address for delivery may be in Form 31.18.

- **31.19 - Notice of constitutional question**

    (1) A party who, in a proceeding to which the Crown is not a party, asserts that legislation is unconstitutional must give notice of the constitutional issue by one of the following means, depending on the following conditions:

    (a)   delivery to the Halifax office of the Attorney General of Canada, if the legislation is an Act of Parliament, a regulation under an Act of Parliament, or part of either;

    (b)   delivery to the main office of the Attorney General of Nova Scotia, if the legislation is an Act of the Legislature, a regulation under an Act of the Legislature, or part of either;

    (c)   delivery to the main office of the attorney general of another province or a territory, if the legislation is that of another province or territory.

    (2) A notice of constitutional issue must contain the standard heading, be entitled "Notice of Constitutional Issue", be dated and signed, and include all of the following:

    (a)   notice to the appropriate attorney general that the party asserts legislation is unconstitutional;

    (b)   the citation for the legislation;

    (c)   a concise statement of the reason the party asserts the legislation is unconstitutional;

    (d)   an attached copy of the pleading or other document in which the party asserts the legislation is unconstitutional;

    (e)   a statement that the attorney general may file a demand for notice of all steps in the proceeding or the Crown may make a motion to become a party;

    (f)   a statement that delivering the notice to the Attorney General of Nova Scotia does not relieve the party of the obligation to give further notice under the*Constitutional Questions Act*;

    (g)   a list of the parties entitled to notice and their designated addresses.

    (3) The notice must be delivered immediately after the filing of a pleading or other document in which a party asserts legislation is unconstitutional.

    (4) A notice of constitutional issue may be in Form 31.19.

    (5) A party to a proceeding in which an attorney general files a demand for notice in response to a notice of constitutional issue must give the same notice to the attorney general as to a party who is entitled to notice.

    (6) Nothing in this Rule 31.19 allows the Crown to participate in a proceeding without being joined as a party.

(7) This Rule 31.19 is additional to, and does not modify, the *Constitutional Questions Act*.

LexActo by Lexum

Copyright Nova Scotia Barristers' Society 2008. All Rights Reserved | Privacy Statement