# NOVA SCOTIA COURT OF APPEAL
**Citation:** La Ferme D'Acadie v. Atlantic Canada Opportunities Agency, 2009 NSCA 5

**Date:** 20090116
**Docket:** CA 305632
**Registry:** Halifax

**Between:**

La Ferme D'Acadie and Charles Leary

Applicants
(Appellants)

v.

The Atlantic Canada Opportunities Agency

Respondent

| | |
|---|---|
| **Judge:** | The Honourable Justice Fichaud |
| **Application Heard:** | January 14, 2009 |
| **Held:** | The application is dismissed with costs, fixed at $500, in the cause of the appeal. |
| **Counsel:** | Charles Leary, for the applicants<br>Randall Balcome, for the respondent |

**Decision**:

[1] The appellants apply for a stay of execution under the former Rule 62.10(2), now Rule 90.41(2).

[2] In June, 2002 the Atlantic Canada Opportunities Agency ("ACOA") sued La Ferme d'Acadie, Daniel Abel, Dr. Charles Leary and Vaughan Perret. The statement of claim alleges that (1) in June, 1998 ACOA contracted with each defendant that ACOA would advance money, (2) ACOA advanced $126,127, and (3) the defendants breached their contractual obligations to ACOA by altering their business operations, ceasing the operation of La Ferme d'Acadie, and providing misleading information to ACOA. The statement of claim says that on September 5, 2001 ACOA notified the defendants that they were in default. ACOA claimed the amount outstanding, quantified as $104,211.12.

[3] On November 22, 2002 Dr. Leary filed a defence which denied the claim and said that La Ferme d'Acadie was a dissolved partnership, and counterclaimed that ACOA failed to act in good faith and committed negligent misrepresentation.

[4] I will not detail the events that occupied portions of the next several years. These are discussed in the Supreme Court's decision (2008 NSSC 334). The defendants Perret and Abel have not yet been served with the Originating Notice, and ACOA has not moved for substituted service. In November 2007 ACOA filed a Notice of Intention to Proceed. Then in March 2008 Dr. Leary applied the Supreme Court of Nova Scotia for an order dismissing ACOA's claim for want of prosecution. ACOA applied for an order under the former Rule 7.02 that Dr Leary and La Ferme d'Acadie disclose the names and addresses of the partners in La Ferme d'Acadie. Justice LeBlanc heard the applications in chambers on June 5, 2008.

[5] The chambers judge issued a decision on November 14, 2008, dismissing Dr. Leary's want of prosecution application. That decision was silent on ACOA's application for disclosure. On November 27, 2008, counsel for ACOA wrote to Justice LeBlanc, copied by fax to Dr. Leary, (1) enclosing a draft order dismissing Dr. Leary's application and (2) requesting that Justice LeBlanc sign a second enclosed draft order requiring disclosure of the partners' names under former Rule 7.02.

[6]     On December 11, 2008, the Court Administration Office faxed to ACOA's counsel and to Dr. Leary two orders of December 9, 2008 signed by Justice LeBlanc. The first denied Dr. Leary's application to dismiss the claim for want of prosecution. The second required Dr. Leary and La Ferme d'Acadie, within ten days, to disclose the names and current addresses of the persons who were partners of La Ferme d'Acadie on June 5, 1998, and stayed Dr. Leary's counterclaim until this disclosure was made.

[7]     On December 19, 2008 Dr. Leary and La Ferme d'Acadie appealed to this Court from that second order, requiring disclosure of the partners' names and addresses. There is no appeal from the order dismissing the want of prosecution application. The Court of Appeal will hear the appeal on June 18, 2009. Dr. Leary also applied for a stay of execution of the disclosure order under appeal. That application was heard in Court of Appeal chambers on January 14, 2009.

[8]     This is the decision on the stay application.

[9]     The test for a stay has not changed with the new *Civil Procedure Rules*.

[10]    The starting principle is that the successful litigant may retain the fruit of his judgment unless "required in the interests of justice":  *Coughlan v. Westminer Canada Limited* (1993), 125 N.S.R. (2d) 171 (C.A.), at p. 174, per Freeman, J.A. The "interests of justice" are governed by the principles under the Rules.

[11]    In *Fulton Insurance Agencies Ltd. v. Purdy* (1990), 100 N.S.R. (2d) 341 (C.A.), at ¶ 27, Justice Hallett set out what has become the accepted definition of those principles under the former Rule 62.10(2), now Rule 90.41(2). Briefly, the applicant for the stay must show either that (1) there is an arguable appeal, denial of a stay would cause irreparable harm and the balance of convenience favours a stay or (2) there are exceptional circumstances making it just that the stay be granted.

[12]    The first branch of the primary test is that the appellant have an arguable appeal.

[13]    The former Rule 7.02(1), under which the disclosure order was issued, said that the disclosure relates to the partners "when the cause of action accrued".  Dr.

Leary states that the partnership was dissolved in June 1998, and he contends that any cause of action accrued in 2001 when ACOA gave notice of default. So there would be nothing to disclose.

[14]   I have some difficulty with that submission. ACOA's statement of claim ¶ 5 pleads that the defendants breached the contract when the partnership ceased to carry on business, which at the latest would be on the partnership's dissolution in June 1998. I should not be taken as commenting on the merits of ACOA's claim which are for trial. For this interlocutory motion, I refer only to the cause of action cited on the face of the statement of claim.

[15]   Nonetheless, I will not dismiss this application for a stay based on the arguable appeal issue. That is because there is no decision with written or oral reasons from the chambers judge for the disclosure order that is under appeal. There may be an argument that this bare order should be accompanied by some supporting justification from the issuing court.

[16]   I move to irreparable harm. There is authority that (1) because disclosure cannot be undone, a forced disclosure pending an appeal from the disclosure order would render the appeal moot, and (2) a denial of a stay that renders the appeal nugatory may cause irreparable harm to the appellant. *O'Connor v. Nova Scotia (Minister of Priorities and Planning Secretariat)* (2001), 193 NSR (2d) 8 (CA),¶ 12-23, *Grafton Street Restaurant Ltd. v. Nova Scotia (UARB)*, 2002 NSCA 97 at ¶ 10, *2502731 Nova Scotia Ltd. v. Plazacorp Retail Properties Ltd.*, 2004 NSCA 62 at ¶ 14, *Aulwes v. Mai* (2002), 206 NSR (2d) 312 (CA) at  ¶ 32.

[17]   But those principles do not apply to the circumstances here. Dr. Leary's signed memorandum of December 19, 2008, filed with the court and served on ACOA for this application says:

> 5.   On April 27, 1998 the Appellant and Vaughan Perret-the sole members of the partnership-gave instructions and notice to the firm's attorney, Patricia Caldwell, Q.C. to dissolve the partnership in question.
>
> ...
>
> 32.   The Respondent would like have [*sic*] it that Mr. Abel was a partner, and seeks his address while Mr. Abel never was a partner.

[18]   At the hearing of this application, Dr. Leary said that, if he were to comply with the disclosure order under appeal, he would repeat the information in these paragraphs - i.e. the only partners were Dr. Leary and Mr. Perret, not Mr. Abel. ACOA already has this information in Dr. Leary's memorandum of December 19, 2008. The order under appeal also requires disclosure of the partners' addresses. ACOA already has Dr. Leary's address, on the documents Dr. Leary has filed with the court and served on ACOA for this proceeding. The only item yet to be disclosed, as required by the order under appeal, is Mr. Perret's address.

[19]   At the hearing of the stay application, Dr. Leary was asked what irreparable harm would occur to the appellants (Dr. Leary and La Ferme d'Acadie) if Dr. Leary disclosed Mr. Perret's address to ACOA. He replied that the disclosure would enable ACOA to serve the originating notice on Mr. Perret, inducing Mr. Perret to defend the lawsuit, causing delay in the prosecution of the proceeding between ACOA and Dr. Leary/La Ferme d'Acadie. The irreparable harm would be that delay. The proceeding that would be delayed was started by ACOA's originating notice filed in June 2002. I understand there has not yet been a discovery. I was informed at the hearing that, though nothing is scheduled, ACOA and Dr. Leary are discussing tentative arrangements for their first discovery, perhaps in May or June of 2009.

[20]   Given the languid pace on both sides for the past six and one-half years, I do not accept that suddenly anything slower than a full gallop is irreparable harm. If Mr. Perret's address was provided and he was served, I see no reason Mr. Perret could not be ready to participate in time for the first discovery that is now glimmering vaguely on the horizon. Neither do I accept the principle that delay caused by service of an originating notice is irreparable harm to a co-defendant who has withheld the address for service.

[21]   The applicants have not satisfied *Fulton*'s primary test.

[22]   *Fulton*'s secondary test applies when "exceptional circumstances" make it just that a stay be granted. The authorities have not comprehensively defined "exceptional circumstances". The test is a safety valve available when "required in the interests of justice". *Amica Mature Lifestyles Inc. v. Brett*, 2004 NSCA 93 at ¶ 22. A stay to deter service of an originating notice on a co-defendant is not remotely mandated in the interest of justice.

[23]   I dismiss the application with costs, fixed at $500, in the cause of the appeal.


Fichaud, J.A.