IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED, A Nova Scotia
Limited Company; VAUGHN PERRET and
CHARLES LEARY                                                                           PLAINTIFFS

VERSUS                                      CIVIL ACTION NO:  1:12CV00090 LG-JMR

DOUG K. HANDSHOE                                                                          DEFENDANT

---

BRIEF OF TROUT POINT LODGE, LIMITED, A NOVA
SCOTIA LIMITED COMPANY, VAUGHN PERRET, AND CHARLES
LEARY IN SUPPORT OF THEIR RESPONSE TO MOTION TO
REQUIRE COST BOND FOR APPEAL FILED BY PLAINTIFF

---

I.

INTRODUCTION

The Court entered Summary Judgment in favor of Defendant, Doug Handshoe, on December 19, 2012 [Docket No. 36].

On December 26, 2012, Trout Point Lodge, Limited, a Nova Scotia Limited Company, Vaughn Perret, and Charles Leary filed their Notice of Appeal of that decision to the Fifth Circuit Court of Appeals [Docket No. 37].

On December 27, 2012, Defendant Handshoe filed his Motion for Bond on Appeal [Docket No. 38] asserting that under the SPEECH Act, he was entitled *not* to attorney's fees he would incur on appeal, but instead to attorney's fees he claims in the most general of terms to have already been incurred at the district court level *prior* to appeal.  He also claims $10,000.00 for the appeal with no substantiation.

The summary judgment in favor of Handshoe did not award any attorney's fees or costs. The time for moving for Defendant Handshoe's alleged attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) was 14 days from entry of the summary judgment on December 19, 2012 [Docket No. 36], which means that Defendant Handshoe missed the January 2, 2013 filing deadline.

In any event, Mr. Handshoe is certainly not entitled to any costs pursuant to Federal Rule of Appellate Procedure 7 since that rule limits the costs to those to be incurred on appeal. In addition, unlike many other federal statutes, the underlying statute here - the SPEECH Act - does not provide that attorney's fees may be included as "costs". 28 USC § 4105.

Furthermore, the SPEECH Act does not automatically award attorney's fees to Mr. Handshoe incurred even before this appeal. The SPEECH Act authorizes the imposition of attorney's fees, but only if they are *reasonable* and absent *exceptional circumstances. Id.* This should require a motion, notice, and judicial review.

Plaintiffs assert that Mr. Handshoe is not entitled to any appeal bond. Even if he were, the amount would be limited to the costs incurred on appeal, excluding attorney's fees.

## II.

### FEDERAL RULE OF APPELLATE PROCEDURE 7 LIMITS THE APPEAL BOND OR OTHER SECURITY TO THE COSTS OF APPEAL RATHER THAN THE COSTS INCURRED IN LITIGATING AT THE DISTRICT COURT LEVEL.

Federal Rule of Appellate Procedure 7 provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of **costs on appeal**. Rule 8(b) applies to a surety on a bond given under this rule.

(Emphasis added.)

Federal Rule of Appellate Procedure 7 appeal bonds "are to be strictly limited to the cost of filing a proceeding with the case in the Court of Appeals. "Costs for which a Rule 7 bond can be required include only costs related to the appeal and only in an amount justified by that necessity". Federal Practice and Procedure § 3953. A bond under Rule 7 may not include attorney's fees, and may not be used as a surety against the original judgment". *United States v. United Funding and Investors, Inc.*, 800 F. Supp. 879, 882 (E.D. CA 1992).

Further, in *Vaughn v. American Honda Motor Co.,* the Court stated that "there is a split among the federal circuit courts as to whether a district court has the power to award attorneys' fees as costs pursuant to Rules 7 and 39(e) of the rules of appellate procedure when an underlying statute provides that attorneys' fees may be included as costs." *Vaughn*, *Inc.,* 507 F. 3d 295, 299, (5th Cir. 2007) (emphasis added) (internal citations omitted). Though the 5th Circuit in *Vaughn* did not decide the issue of whether or not attorney's fees could be Rule 7 "costs," it did make clear that the underlying statute must define costs as including attorneys' fees. See also *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2008 WL 2415340, at *2 (E.D. Mich. June 12, 2008).

Therefore, even if the Court were to find Plaintiffs' argument set forth below to be without merit on the point that Defendant Handshoe is entitled to no appeal bond, the appeal bond must be limited to the costs associated with the appeal, which excludes any attorney's fees incurred on the appeal or at the district court level.

### III.

**DEFENDANT HANDSHOE IS NOT ENTITLED TO RECOVER ATTORNEYS FEES ALLEGEDLY INCURRED AT THE DISTRICT COURT LEVEL**.

While in a proper case, the SPEECH Act does create the possibility of an award of attorney's fees to a United States citizen who successfully resists the enforcement of a

defamation judgment from another country, the award is not automatic. In pertinent part, the SPEECH Act concerning the award of attorney's fees provides: "the domestic court shall, absent exceptional circumstances, allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee." 28 USC § 4105.

Mr. Handshoe had 14 days from when the summary judgment was entered, December 19, 2012 (Docket No. 36], failing in which his claim for attorney's fees is barred.[1] Federal Rule of Civil Procedure 54(d)(2)(B)(i).

"[The] motion for attorney's fees must be filed within 14 days after entry of judgment . . ." *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F. 3d 762 (766) (5th Cir. 1996).

In conclusion of this point, the Court entered summary judgment on December 19, 2012 in favor of Mr. Handshoe and awarded neither attorney's fees nor costs. Mr. Handshoe had fourteen days from that date (January 2, 2013) to move for attorney's fees, and since he did not do so, any claim for attorney's fees is now time-barred.[2]

## IV.

**THE DISTRICT COURT ERRONEOUSLY FOUND PLAINTIFFS FAILED TO PROVE THE ESSENTIAL FALSITY ELEMENT OF THEIR DEFAMATION CLAIM**.

Beginning at page 10 of their Rebuttal Memorandum in Opposition to Motion for Summary Judgment [Docket No. 16], Plaintiffs argued the striking similarity between Canada's default judgment rules on the one hand and the Federal and Mississippi Rule of Civil Procedure 55 on the other hand. Those three rules are almost identical. Beginning at page 13 of the

---

[1] Plaintiffs make the unnecessary argument Mr. Handshoe is not entitled to attorney's fees alleged to have incurred only because, even though FRAP 7 forbids, Mr. Handshoe erroneously argues he is somehow entitled to them being considered in his requested appeal bond.

[2] Mr. Handshoe also failed to move to alter the summary judgment within 28 days as required by FRCP 59. Therefore, he also missed that deadline.

Court's Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment [Docket No. 35], the Court erroneously found the Plaintiffs failed to prove falsity.  The Plaintiffs respectfully suggest the Court committed error in entry of summary judgment for Mr. Handshoe when it found:

> According to the record before this Court, the decision of the Supreme Court of Nova Scotia does not contain specific findings of fact with respect to the falsity of Handshoe's statements.  Because Handshoe did not defend against the plaintiffs' claims, the Nova Scotia court entered a default judgment, and the focused solely on damages.  A Mississippi court would require proof of damages only if the plaintiff first proved the statements at issue were false.

(Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment [Docket No. 35].)

To support this proposition a brief analysis of federal and Mississippi Rule 55 is necessary.

Federal Rule of Civil Procedure 55 concerning default judgment provides:

> (a) **Entering a Default**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) **Entering a Default Judgment**.
>
> (1) *By the Clerk*.  If the plaintiff's claim is for a sum certain, or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court*.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the

>> application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>>
>>> (A)   conduct an accounting;
>>>
>>> (B)   determine the amount of damages;
>>>
>>> (C)   establish the truth of any allegation by evidence; or
>>>
>>> (D)   investigate any other matter.
>>
>> (c)   **Setting Aside a Default or a Default Judgment**. The court may set aside an entry of default for *good* cause, and it may set aside a default judgment under Rule 60(b).
>>
>> (d)   **Judgment Against the United States**. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Mississippi Rule of Civil Procedure 55 concerning default judgments provides:

> (a)   **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)   **Entering a Default Judgment**.
>
>> (1)   *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, within an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>> (2)   *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the

> application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (c) **Setting Aside a Default or a Default Judgment**. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).
>
> (d) **Judgment against the United States**. A default judgment may be entered against the United States, it officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

The Nova Scotia Court might as well have been following both of these rules since the procedure employed was precisely what the Federal and Mississippi Rule 55 requires. By not defending Plaintiff's case in Nova Scotia, Defendant robbed Plaintiffs of their opportunity for discovery and cross examination. Instead, in the Nova Scotia proceeding, default was entered, and the Court proceeded to a hearing on the damages. In Canada, as in the United States, including Mississippi, when a party fails to appear and contest the claims asserted by the plaintiff, the facts supporting the claims are thereafter taken to be true at the subsequent default hearing determining the amount of damages to which the Plaintiff is entitled to receive. See Plaintiffs' analysis of Nova Scotia Annotated Civil Procedure Rules Part 3, Rule 8 and Part 7, Rule 13;[3] Federal Rule of Civil Procedure 55, and Mississippi Rule of Civil Procedure 55 dealing with entry of default judgment. Brief of Plaintiffs Trout Point Lodge, Ltd., A Nova Scotia Limited Company; Vaughn Perret; and Charles Leary in Reply to Defendant Doug K. Handshoe's Memorandum in Opposition to Motion for Summary Judgment of Plaintiffs, pp. 10-13. [Docket No. 16.]

---

[3] The Canadian default judgment rules are attached as an exhibit to Brief of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary in Reply to Defendant Doug K. Handshoe's Memorandum in Opposition to Motion for Summary Judgment of Plaintiffs as Exhibit [Docket No. 16].

"If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true". *Capitol One Services, Inc. v. C.J. Rawls,* 904 So. 2d 1010, 1018-19 (Miss. 2004). The rule is the same in the federal practice, specifically the practice in this district concerning how to enter a default judgment in favor of a defamation plaintiff when the defendant fails or refuses to answer or contest the defamation claim. The recent decision before this Court in the Jackson Division of *Gamboa v. Grace Paint Co., Inc.*, 2012 WL 774995 (S.D. Miss. Mar. 7, 2012), held that when a defamation defendant is in default and the plaintiff moves for default judgment, the Court accepts the pleaded facts as true.[4]

In *Gamboa*, the plaintiff alleged in her Complaint that she was a married woman and the defendant called her a nymphomaniac in the presence of other workers and that she had flirted with him. The district court found these words to be defamatory *per se*, found that the defendant was in default for not contesting and defending the Complaint, found the defamatory allegations to be proven since they were not contested (including the pleading of falsity), and entered default judgment against the defendant of actual damages totaling $5,200.00 as well as punitive damages. Thus the *Gamboa* court granted a final judgment to a plaintiff in defamation, and the plaintiff was not required to further prove falsity because the defendant was in default.

In entering summary judgment for Defendant Handshoe the district court in this case correctly found that the "court entered a default judgment against him. As the Nova Scotia court explained, the effect of the default judgment is that 'claims against Mr. Handshoe are . . . to be treated . . . as proven,' and that Handshoe had admitted the claims against him. (Pls.' Mot. Ex. 5

---

[4] As Plaintiffs set forth in Section V of this brief, Plaintiffs' allegations of falsity had to be taken as proved since Defendant Handshoe was in default.

at 5, ECF No. 6-5; Pls. Mot. Ex. 3, ECF No. 6-3). The Nova Scotia court held a hearing on the assessment of damages and heard evidence from Perret and Leary."

Plaintiffs respectfully submit however, that the district court incorrectly applied the federal and Mississippi law requiring the trial court to find a plaintiff's allegations are deemed proven as admitted, including in a defamation case (*Gamboa*), by a defendant in a default judgment hearing.

In conclusion of this point, Plaintiffs respectfully urge the Court to consider that the Nova Scotia default judgment hearing was conducted precisely as it would have been conducted in any U.S. federal district court or any Mississippi trial court. Plaintiffs' First Amended Complaint's allegations of falsity and proof of falsity at the default judgment hearing were, as a matter of law, deemed to be true. Defendant Handshoe admitted falsity when he failed or refused to contest them. Plaintiffs clearly proved the "falsity" element of their Nova Scotia defamation claim. The Nova Scotia court agreed and so found in its opinion in favor of Plaintiffs.

**V.**

**DESPITE NOT BEING REQUIRED TO PROVE FALSITY SINCE PLAINTIFFS' ALLEGATIONS IN THAT REGARD WERE TAKEN AS ADMITTED BY DEFENDANT HANDSHOE, PLAINTIFFS NONETHELESS ALLEGED FALSITY IN THEIR COMPLAINT, PROVED FALSITY OF SPECIFIC DEFAMATORY UTTERANCES AT THE DEFAULT JUDGMENT HEARING, AND THE NOVA SCOTIA COURT FOUND FALSITY IN ITS OPINION IN FAVOR OF PLAINTIFFS**.

During the briefing on the cross motions for summary judgment, Plaintiffs at every turn clearly showed they alleged and proved falsity as a matter of fact in the Nova Scotia proceeding. Despite this, the district court found the Plaintiffs failed to prove falsity.

Yet falsity *was* an issue for the Nova Scotia court to determine despite the default situation because the Plaintiffs pleaded aggravated and punitive damages. In Candian

defamation law, like United States defamation law, falsity is a critical issue to determining if punitive damages are warranted. *See e.g., Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974) ("[W]e hold that the States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth.").

In the landmark Canada Supreme Court case cited in this court's Order, Hill v. Church of Scientology of Toronto, 1995 CanLII 59 (SCC), [1995] 2 SCR 1130, the Supreme Court of Canada repeatedly stressed the issue of falsity in determining whether the award of aggravated and punitive damages was warranted, including Defendant's "continuing attempt at character assassination by means of a statement which it knew to be false."

Beginning at page 8 of Brief of Plaintiffs' Trout Point Lodge, Limited; a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary in Reply to Defendant's Doug K. Handshoe's Memorandum in Opposition to Motion for Summary Judgment of Plaintiffs [Docket No. 16] Plaintiffs, in meticulous detail set forth their Canadian First Amended Complaint's allegations of falsity:

> "The First Amended Complaint Plaintiffs alleged they had been misidentified in the Jefferson Parish, Louisiana political corruption scandal and misidentified as Aaron Broussard's business partner and were involved in "fraud, kickback schemes, and money laundering". Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶12.
>
> In paragraph 18 Plaintiffs again alleged the publications were defamatory and false. Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶18.
>
> The Richard Rainey story reported on by Defendant concerning the Canadian Ethics Board was false. Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶33.
>
> At paragraph 113 the Plaintiffs allege "Defendant's publication were replete with inaccuracies and an apparent inattention to basic

> ethics and duties to check facts before publishing". Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶113.
>
> At paragraph 115 of the First Amended Statement of Claim, Plaintiffs alleged that "Defendant's false publications held them up to public contempt and ridicule". Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶115.
>
> At paragraph 116 of their First Amended Statement of Claim, Plaintiffs alleged Defendant published his defamatory statements "without caring if the content…. was true or false." Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶116.
>
> At paragraph 130 of the First Amended Statement of Claim, Plaintiffs alleged the publications at issue were "falsehoods". Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶130.
>
> At paragraph 143 of their First Amended Statement of Claim, Plaintiffs went so far as to allege the Defendant had lied about them. Exhibit "1" to Motion for Summary Judgment, First Amended Statement of Claim, ¶143."

(Emphasis added.)

At the Canadian default judgment hearing Plaintiffs introduced two exhibit books of documentary evidence supporting their claims the stories published by Defendant Handshoe were false and defamatory.  (Exhibit 6 to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, A Nova Scotia Limited Company; Vaughn Perret and Charles Leary [Docket No. 6].)

As Plaintiffs also argued in their Brief of Plaintiffs Trout Point Lodge, Ltd., A Nova Scotia Limited Company; Vaughn Perret, and Charles Leary in Response to Memorandum in Support of Motion for Summary Judgment of Douglas K. Handshoe [Docket No. 20], beginning at page 3, Plaintiffs outlined the Nova Scotia court's findings of falsity:

"In its Decision, the Nova Scotia Court found 'The plaintiffs were **erroneously identified** as being connected with Mr. Broussard….' (Decision, p. 5., Exhibit "5" to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].) (Emphasis added.)

The Nova Scotia Court found "[t]he defendant is persistent in his statements that Trout Point Lodge is somehow connected to the Jefferson Parish corruption scandal and has benefitted financially from funds illegally obtained.  The defendant **knows that the original story linking Mr. Broussard with Trout Point has been retracted and an apology published**.  In the face of this the defamatory comments continued." (Decision, unnumbered p. 46, Exhibit "5" to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].) (Emphasis added.)

The Nova Scotia Court found "[t]hese **unfounded statements** about the character, business dealings and financial acumen of these business men merit an award of damages for each in the amount of $100,000.00." (Decision, unnumbered p. 48 and p. 49, Exhibit "5" to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].) (Emphasis added.)

The Nova Scotia Court found "I conclude the following factors in this case call for such an award here.  The original story was retracted by the Times-Picayune in New Orleans, nevertheless Mr. Handshoe continued to spread the defamation. …." (Decision, p. 49, Exhibit "5" to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].)

The Nova Scotia Court found 'He commented on other business ventures of the plaintiffs and other legal matters in which they were involved, **misrepresenting facts** and attacking the

reputations with statements that they were dishonest, fraudsters, and liars.' (Decision, unnumbered p. 50, Exhibit '5' to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].) (Emphasis added.) One dictionary defines 'misrepresent' as 'to give a false or misleading representation . . . with an intent to deceive or to be unfair'. Merriam Webster's Collegiate Dictionary Tenth Edition.

The Nova Scotia Court also found 'All of this is outrageous conduct **in the face of true facts about the plaintiffs**.' (Decision, unnumbered p. 50, Exhibit "5" to Motion for Summary Judgment of Plaintiffs Trout Point Lodge, Ltd., a Nova Scotia Limited Company; Vaughn Perret; and Charles Leary [Docket No. 6].) (Emphasis added.)

Plaintiffs respectfully urge the district court in determining whether to impose any sort of appeal bond upon Plaintiffs to consider the overwhelming volume of Plaintiffs' allegations of falsity in the Nova Scotia proceeding, both in their First Amended Complaint and on the record in the default judgment hearing itself, and also to consider that the Nova Scotia court specifically found as a matter of fact that Plaintiffs proved falsity in multiple instances.

## VII.

### IN ITS SUMMARY JUDGMENT OPINION THE DISTRICT COURT CORRECTLY FOUND PLAINTIFFS HAD BEEN DEFAMED BY DEFENDANT HANDSHOE.

At page 3 of the order granting Defendant's motion for summary judgment the court found:

> Handshoe, apparently in reaction to his blog being taken offline, then began an internet campaign to damage Perret and Leary. Handshoe has published numerous entries on "Slabbed" about Plaintiffs, many of which may be characterized as derogatory, mean spirited, sexist and homophobic. Handshoe has continued to use his reporting on "Slabbed" as a platform from which to allege a connection between Broussard's crimes and

> Trout Point Lodge. Among other things, Handshoe has accused Perret and Leary of being involved in a scheme in which Broussard used a Canadian company to launder money proceeds of illegal activities in Jefferson Parish.

(Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment  [Docket No. 35].)

Whether the district court on Plaintiffs' motion to impose an appeal bond finds upon reflection it erroneously concluded that Plaintiffs failed to prove falsity or not, the court should nonetheless consider its previous finding that Defendant's publications were "an internet campaign to damage Perret and Leary."  The court should not require Plaintiffs to post an appeal bond.

## VIII.

### PLAINTIFFS NEVER HAD THE OPPORTUNITY TO ADDRESS AND REBUT CERTAIN FACTS THE COURT RELIED UPON IN ENTRY SUMMARY JUDGMENT.

While perhaps merely dicta, the Court's entry of summary judgment referred to matters Plaintiffs cannot locate in the record developed before the Court on cross motions for summary judgment.  For instance:

At page 3 of the Order entering Summary Judgment, the Court found that Aaron Broussard was indicted in the United States District for the Eastern District of Louisiana and pleaded guilty to bribery and other charges in September 2012.

At footnote 9 of the Order, the Court noted that in the year of 2012 alone there were approximately 60 publications on Slabbed referring to the Plaintiffs.

At page 15 at footnote 15 of its Order, the Court referred to the Louisiana Concrete Busters litigation.  The Amended Complaint mentioning the Plaintiffs in that litigation was not filed in Louisiana until October 4, 2012, which is after the last brief was submitted by either Plaintiffs or Defendant was filed on August 21, 2012. (Brief of Plaintiffs Trout Point Lodge,

Ltd., A Nova Scotia Limited Company; Vaughn Perret; and Charles Leary in Reply to Defendant Doug K. Handshoe's Supplemental Reply Memorandum dated August 21, 2012 [Docket No: 29].)

At page 15, footnote 15 of its opinion, the Court referred to Daniel Abel as a former law partner of Aaron Broussard. See attached January 21, 2013 Affidavit of Daniel G. Abel attached hereto as Exhibit "A".

To the extent, if any, the Court entered summary judgment based upon any findings not in the record, Plaintiffs request the Court to reexamine those points in determining whether to require Plaintiffs to post an appeal bond.

## CONCLUSION

As the Court exercises its discretion on whether to require Mr. Handshoe's requested appeal bond, Plaintiffs say the requested bond should be completely denied, but if granted, the bond should be limited to costs on appeal, excluding any attorney's fees.

Federal Rule of Appellate Procedure 7 clearly limits any such bond to the cost of appeal, rather than any costs alleged to have occurred at the district court level, excluding attorney's fees. The Fifth Circuit has so interpreted Rule 7.

While Mr. Handshoe labels his motion Motion to Require Cost bond for Appeal filed by Plaintiffs [Docket No. 38], he does not limit the amount of the requested bond to merely costs of appeal but instead requests the unsubstantiated number of $60,000.00 on attorney's fees and/or costs. Since Mr. Handshoe failed to file any motion for attorney's fees within 14 days of the Court entering summary judgment, his claim for attorney's fees is now time barred.

Finally, the appeal bond should be denied even for the anticipated costs on appeal. The SPEECH Act does not make the award of costs in favor of Mr. Handshoe mandatory whether for

costs incurred at the district court level or potentially to be incurred on appeal. The SPEECH Act allows costs at the district court level unless the case is one presenting exceptional circumstance. This is such a case. This case is one of first impression. Plaintiffs have looked for but are unable to find any other decision interpreting the SPEECH Act in a contested case.

The district court in awarding Mr. Handshoe summary judgment correctly found that Mr. Handshoe had engaged in a campaign to damage Plaintiffs' reputations, but Plaintiffs respectfully submit that the Court incorrectly found Plaintiffs were not entitled to have their Canadian judgment enforced since they failed to prove defamation's element of falsity. Rather, the Nova Scotia court conducted a default hearing precisely as any Mississippi state court or federal district court would have conducted it after Mr. Handshoe failed to appear and contest the allegations, including the allegations that the publications were false and defamatory. That being the case, Mr. Handshoe is now legally bound to all of the allegations contained in the Plaintiffs' First Amended Complaint being proven including defamation's element of falsity.

Nonetheless, Plaintiffs did not rest on the presumption on the facts they alleged being admitted by Mr. Handshoe. Instead, they set forth in intricate detail numerous examples of false and defamatory publications uttered by Mr. Handshoe. They went to a hearing on the default judgment and gave under oath testimony, after which the Nova Scotia court in multiple instances found that Mr. Handshoe's publications were not only defamatory, but were as a matter of fact, false. For these reasons, the Plaintiffs request Mr. Handshoe's Motion to Require Cost bond for Appeal filed by Plaintiffs [Docket No. 38] be denied.

Respectfully submitted, this the 22nd day of January, 2013.

                                    Trout Point Lodge, Limited, Vaughn Perret and Charles Leary, Judgment Creditors


                              By:    <u>s/ Henry Laird</u>
                                        Henry Laird, Mississippi Bar No. 1774

CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have sent a true and correct copy of the foregoing Brief in Support of Response by using the ECF system to the following:

G. Gerald Cruthirds, Esquire
Post Office Box 1050
Picayune, Mississippi  39466
Email:  ggeraldc@bellsouth.net

Jack E. Truitt, Esquire
The Truitt Law Firm, LLC
149 North New Hampshire Street
Covington, LA  70433
Email:  mail@truittlaw.com

This the 22nd day of January, 2013.

        s/  Henry Laird
        s/  Henry Laird
        Henry Laird (MSB No. 1774)
        Email:  hlaird@joneswalker.com
        Jaklyn Wrigley (MSB No. 103773)
        Email:  jwrigley@joneswalker.com
        JONES WALKER
        2510 14th Street, Suite 1125 (39501)
        Post Office Drawer 160
        Gulfport, MS  39502
        Telephone: (228) 864-3094
        Facsimile: (228) 864-0516