IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
A Nova Scotia Limited Company;
VAUGHN PERRET and
CHARLES LEARY,

                Plaintiff,        Civil Action No.: 1:12-CV-90LG-JMR

v.

DOUG K. HANDSHOE,

                Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY MEMORANDUM TO PLAINTIFFS' BRIEF IN RESPONSE TO MOTION TO REQUIRE COST BOND FOR APPEAL FILED BY PLAINTIFFS**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Douglas K. Handshoe, who submits this Reply in response to the Brief in Response to Mr. Handshoe's Motion to Require Cost Bond for the Appeal filed by the plaintiffs on December 26, 2012.

Plaintiffs argue that the defendant is not entitled to an appeal bond in this matter, or alternatively that the appeal bond is limited only to the costs associated with the appeal. In support of their arguments, the plaintiffs cite the case of Vaughn v. American Honda Motor Co., 507 F.3d 295, 299 (5th Cir. 2007), which they concede does not address whether attorney's fees are considered costs for the purposes of the appeal bond in this matter. However, the inclusion of attorney's fees in a Federal Rule of Appellate Procedure 7 bond does not offend Rule 39 any more than inclusion of any other costs does. Rule 39 provides only that (unless the court orders otherwise) costs on appeal go to the winner, and that certain procedures be followed in the taxing of these costs. Adsani v. Miller, 139 F.3d 67, 74-75 (2d Cir. 1998). Additionally, the court in Vaughn, had improperly set the bond cost based upon its opinion that the appellate court would find the appeal frivolous and award "just damages" comparable to amount of the bond for costs

on appeal set by the court. In the present case, however, the SPEECH Act clearly provides that the prevailing party is entitled to an award of his attorney's fees, pursuant to 28 U.S.C.A. § 4105. As such, it is respectfully submitted that as Mr. Handshoe is the prevailing party in the underlying matter, it is proper to include the attorney's fees in relation to the underlying matter, as well as the fees incurred on the appeal in the cost of the appeal bond. In re Cardizem CD Antitrust Litig., 391 F.3d 812, 817 (6th Cir.2004); Pedraza v. United Guar. Corp., 313 F.3d 1323, 1333 (11th Cir.2002); Adsani, *supra*. Moreover, the fees in this matter are not static, as they are ongoing in light of the plaintiffs' appeal.

Additionally, it is respectfully submitted that this Honorable Court has been divested of jurisdiction as to the arguments put forth by the plaintiffs in their response, as they filed a Notice of Appeal regarding this Court's granting of Mr. Handshoe's Motion for Summary Judgment, on December 26, 2012. A district court is divested of jurisdiction immediately and automatically upon the filing of a notice of appeal with respect to any matters involved in the appeal. Alice L v. Dusek, 492 F.3d 563, 565 (5th Cir.2007) [citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")].

For these reasons, and for the reasons cited in Mr. Handshoe's Motion to Require Cost Bond for Appeal, it is respectfully requested that this Honorable Court issue an order requiring plaintiffs, Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary, to file a bond or other approved security in the amount of $60,000.00, pursuant to Rule 7 of the Federal Rules of Appellate Procedure, to ensure payment of defendant's taxable costs and fees in

connection with the appeal filed on December 26, 2012, to the United States Court of Appeals for the Fifth Circuit.

        Respectfully submitted this 29th day of January, 2013

**THE TRUITT LAW FIRM**
A Limited Liability Company

S/*Jack E. "Bobby" Truitt*
_____
JACK E. TRUITT, BAR NO. 18476
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for defendant, Douglas Handshoe

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on January 29, 2013.

S/*Jack E. "Bobby" Truitt*
_____

3