IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
A Nova Scotia Limited Company;
VAUGHN PERRET and
CHARLES LEARY,

                Plaintiff,      Civil Action No.: 1:12-CV-90LG-JMR

v.

DOUG K. HANDSHOE,
                Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO TAX ATTORNEY'S FEES

MAY IT PLEASE THE COURT:

Defendant, Douglas K. Handshoe, offers this memorandum in support of his Motion to Tax Attorney's Fees.

### *Facts*

On September 1, 2011, plaintiffs filed a lawsuit against defendant in the Supreme Court of Nova Scotia, alleging defamation and other related claims. The Nova Scotia court entered a default judgment against defendant in December 2011 and then held a hearing to assess damages. In March 2012, plaintiffs enrolled the judgment of the Nova Scotia court in the Circuit Court of Hancock County, Mississippi to enforce the award against defendant. Defendant removed the action to the United States District Court for the Southern District of Mississippi, as permitted by the SPEECH Act, 28 U.S.C. § 4102. The parties filed cross Motions for Summary Judgment.

This Honorable Court granted defendant's Motion for Summary Judgment and denied plaintiffs' Motion for Summary Judgment on December 19, 2012. Plaintiffs timely appealed.

The United States Court of Appeals for the Fifth Circuit affirmed this Court's decision on September 5, 2013.

### *Argument*

Pursuant to Fed. R. Civ. P. 54, in order to collect attorney's fees, a party may file a motion for attorney's fees. The Rule states that:

> Unless a statute or a court order provides otherwise, the motion must:
> **(i)** be filed no later than 14 days after the entry of judgment;
> **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> **(iii)** state the amount sought or provide a fair estimate of it; and
> **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

As the prevailing party in this litigation, the defendant is entitled to an award of his *attorney's fees, as permitted by 28 U.S.C. § 4105, which provides as follows:*

> In any action brought in a domestic court to enforce a foreign judgment for defamation, including any such action removed from State court to Federal court, the domestic court ***shall***, absent exceptional circumstances, allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee if such party prevails in the action on a ground specified in section 4102 (a), (b), or (c). (Emphasis added).

Defendant submits that he has incurred approximately $55,000.00 in fees over the course of litigating this action in the Mississippi state court, United States District Court for the Southern District of Mississippi, and the United States Court of Appeal for the Fifth Circuit. (See Exhibit 1 – Itemized bill of fees incurred in representation of Doug Handshoe). The final judgment from the Court of Appeal was entered on September 5, 2013. The parties did not have a prior agreement with respect to fees.

The SPEECH Act mandates that the prevailing party be awarded attorney's fees. In this case, the defendant's right to relief from the attempt to enforce a foreign judgment was clear, as evidenced by this Honorable Court's well-reasoned decision; and, the entitlement to relief under

the SPEECH Act was reinforced by the unanimous decision of the Court of Appeal. The conduct of the plaintiffs in attempting to enforce a judgment that they should have known would not pass constitutional muster resulted in great inconvenience and expense to defendant such that this Court should award the defendant's fees he incurred in connection with this litigation.

Defendant respectfully requests that this Honorable Court grant these fees as mandated.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

*S/Jack E. "Bobby" Truitt*
_____
JACK E. TRUITT, BAR NO. 18476
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for defendant,
Douglas K. Handshoe

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on September 10, 2013.

*S/Jack E. "Bobby" Truitt*
_____