IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
A Nova Scotia Limited Company;
VAUGHN PERRET and
CHARLES LEARY,

                    Plaintiff,         Civil Action No.: 1:12-CV-90LG-JMR

v.

DOUG K. HANDSHOE,

                    Defendant.


\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*


## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO TAX ATTORNEY'S FEES


This Reply Memorandum in Support of Defendant's Motion to Tax Attorney's Fees is submitted on behalf of defendant, Doug Handshoe.


**I.      Defendant Adequately Complied with Rule 54.**

Plaintiffs argue that defendant's request for attorney's fees is untimely under Rule 54(d)(2)(B).  That Rule reads as follows:

> Unless a statute or a court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Eight days after this Court's granting of summary judgment in favor of defendant on December 19, 2012, and one day after plaintiffs filed their Notice of Appeal on December 26,

2012, defendant filed a Motion to Require Cost Bond for Appeal on December 27, 2012.  The Fifth Circuit affirmed this Court's granting of summary judgment in defendant's favor on September 5, 2013.  Five days later, on September 10, 2013, defendant filed a Motion for Attorney's Fees.

With this chronology of events in mind, defendant posits that the letter and spirit of the rationale behind the 14-day deadline of Rule 54(d)(2) to file a Motion for Attorney's Fees was adhered to in this case.  First, the Rule "[ensures] that parties properly notify their counterparts of their requests for attorneys' fees." Romaguera v. Gegenheimer, 162 F.3d 893, 895 (5th Cir. 1998).  Second, the 14-day rule ensures that the opponent receives notice of the request for attorney's fees within the 30-day period to appeal. Dippin' Dots, Inc. v. Mosey, 602 F. Supp. 2d 777, 782 (N.D. Tex. 2009).

Defendant respectfully submits that in light of the rationale for the Rule, his filing a Motion to Require Cost Bond for Appeal should satisfy the requirements of Rule 54(d)(2) and therefore entitle him to attorney's fees.[1]  The Motion to Require Cost Bond for Appeal included all of the elements enumerated in the Rule.  First, defendant filed his motion only eight days after this Honorable Court granted summary judgment in his favor, well within the 14-day limit.  Second, the Motion specified the judgment and included the statute entitling defendant to attorney's fees, 28 U.S.C. § 4105.  Third, it provided a "fair estimate" of the fees incurred at the district court level as well as what defendant anticipated he would incur on appeal.  The final element is not applicable in this case.

More importantly, defendant contends that by filing a Motion to Require Cost Bond for Appeal, he not only met the form requirements of Rule 54(d)(2) but also satisfied the legislative intent behind the enactment of the Rule.  By filing his Motion eight days after this Court ruled in

---

[1] See Defendant's Motion to Require Cost Bond for Appeal (Record Doc. No. 38).

his favor, he put plaintiffs on notice that he would be exercising his right to collect attorney's fees as explicitly allowed by the SPEECH Act.  Moreover, by this point, plaintiffs had already submitted their Notice of Appeal, so defendant's request of attorney's fees clearly would have had no impact on this decision.  Should this Court once again rule in defendant's favor, plaintiffs would not be able to argue that they have suffered prejudice as a result.

The only arguable shortcoming in the defendant's motion was its title.  Rejecting defendant's request for attorney's fees at this juncture would require this Court to place form over substance.  While defendant understands the importance of the Federal Rules of Civil Procedure, he contends that the substantive requirements of the Rule were undoubtedly met, and that the form requirements were met well enough for this Court to award the attorney's fees to which defendant is entitled.

Even if this Court were to agree that defendant failed to comply with the requirements of Rule 54(d)(2) for fees incurred at the district court level, which defendant does not concede, defendant contends that he is at the very least entitled to fees incurred in litigating the appeal. While this Court does not appear to have ruled on this issue, defendant wishes to direct the Court to the decision of another court in this circuit in Dippin' Dots, Inc. v. Mosey, 602 F. Supp. 2d 777 (N.D. Tex. 2009).  In that case, the prevailing party filed a motion for attorney's fees incurred in an appeal more than 14 days after the Court of Appeal issued its judgment. Id. at 781-82.  The court held that Rule 54(d)(2) and the 14-day deadline did not apply to appellate attorney's fees. Id. at 782.  The court presented several compelling reasons for its holding. Id. First, it found that "starting at the beginning, Rule 1 [of the Federal Rules of Civil Procedure] provides that '[t]hese rules govern the procedure in all civil actions and proceedings in the United States District Courts,'" and this therefore "creates a presumption that the Federal Rules

only deal with and refer to district court proceedings." Id. (quoting Fed. R. Civ. P. 1).  Second, the court found that the rationale for the 14-day rule at the district court level does not apply to a judgment from the court of appeals.  Id.  While the 14-day rule is meant to fall within the 30-day period to file a notice of appeal, this short time limit is not necessary for a judgment from the court of appeals because of the longer time period for filing a petition for a writ of certiorari to the Supreme Court.  Id.  Moreover, plaintiffs have demonstrated that they will continue this litigation for as long as they can, as shown by the petition for en banc rehearing they filed, despite the fact that the Fifth Circuit's decision was unanimous.  Their intentions of filing a writ of certiorari to the Supreme Court are unknown at this point, but the fact remains that the possibility of continued litigation still is omnipresent and likely.  In light of Dippin' Dots, defendant requests that this Honorable Court at least grant attorney's fees incurred in litigating defendant's successful appeal.

Alternatively, should this Honorable Court refuse to recognize the Motion for Cost Bond for Appeal based on the above rationale, defendant respectfully asks this Court to consider the Fifth Circuit's holding in Romaguera v. Gegenheimer, 162 F.3d 893 (5th Cir. 1998) decision clarified on denial of reh'g, 169 F.3d 223 (5th Cir. 1999).  In that case, the prevailing party filed a motion for attorney's fees **343 days** after the entry of **final judgment**, and the district court subsequently awarded attorney's fees.  Id. at 894.  The court explained that the rationale for the enactment of Rule 54(d)(2) was "to ensure that parties properly notify their counterparts of their requests for attorneys' fees."  Id. at 895.  It continued on to state that the rule "sets out the minimum requirements needed to effectuate a valid notice of the request" and that "a court may deem a notification sufficient if it satisfies the intended purposes" of the rule.  Id.  The court held that because the court's Order and Reasons acknowledged the prevailing party's entitlement to

attorney's fees and stated that they would be addressed at a separate hearing, "the particular events that transpired excused [the prevailing party] from having to file a motion for attorneys' fees." Id.[2]

It can be derived from this case that the Fifth Circuit is willing to make exceptions to Rule 54(d)(2) in certain circumstances. Defendant respectfully asserts that the holding in Romaguera should be applied to the case at bar. Like in Romaguera, this Honorable Court acknowledged defendant's entitlement and intention to recover attorney's fees in its ruling on defendant's Motion for Cost Bond on Appeal. Trout Point Lodge, Ltd. v. Handshoe, No. 1:12CV90-LG-JMR, 2013 WL 685978, at *1-2. It made clear that the Court, as well as plaintiffs, were aware of defendant's plans to exercise his right to collect attorney's fees under the SPEECH Act by using language such as "[w]hile it may be that Handshoe is entitled to recovery attorney's fees under the SPEECH Act" and "Handshoe does not question Plaintiffs' ability to pay his appeal costs, should he prevail and be entitled to them." Id. While this Court did not state that a hearing would be scheduled for attorney's fees, it did make clear that defendant had moved forward with his request to recover attorney's fees and implied that it would consider his claim, as was the case in Romaguera. Defendant contends that in light of

---

[2] On Denial of Rehearing, the Fifth Circuit stated that:

> We hold that the district court's acknowledgement of Romaguera's request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2). Had the district court refrained from giving the impression that a hearing would be scheduled by the court, Romaguera would have been required to file the motion under Rule 54(d)(2). As a consequence of the court's acknowledgement of the request, together with its indication in its order that a hearing would be held thereon, however, a filing was not needed and the subsequent filing by Romaguera simply served as a reminder to the court that it had failed to set a hearing date."
> Romaguera v. Gegenheimer, 169 F.3d 223 (5th Cir. 1999).

<u>Romaguera</u>, this Court should similarly excuse defendant from having to file a formal motion for attorney's fees.[3]

## II.    This Is Not An Exceptional Circumstance That Should Excuse Plaintiffs From Their Obligation to Pay Defendant's Attorney's Fees.

Plaintiffs next point to the language of 28 U.S.C. § 4105, which states as follows: "The domestic court shall, absent exceptional circumstances, allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee if such party prevails in the action on a ground specified in section 4102 (a), (b), or (c)."  They harp on the use of the word "exceptional"

---

[3] To the extent that this Court finds this motion to be untimely, defendant respectfully requests this Court to extend the time limit for filing this Motion for Attorney's Fees under Federal Rule of Civil Procedure 6(b).  That Rule reads as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion after the time has expired if the party failed to act because of excusable neglect.
> Fed. R. Civ. P. 6(b).

The Supreme Court has enumerated four factors for a court to consider in its determination of excusable neglect: 1) the danger of prejudice to the non-movant, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. <u>Soltysiak v. Unum</u>, 480 F. Supp. 2d 970, 973 (W.D. Mich. 2007) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380, 384 (1993)).  Defendant contends that the majority of these factors weigh in favor of extending the deadline.  First, there is no prejudice to the non-movant in this case, as plaintiffs were well aware of defendant's intention to collect attorney's fees based on the Motion to Require Cost Bond for Appeal.  Second, while the Motion for Attorney's Fees was filed several months after this Court's summary judgment ruling in defendant's favor, it was filed only five days after the Fifth Circuit ruled on the appeal, again in defendant's favor, so it was still very close to the time the litigation came to a close.  With respect to the third factor, defendant understands that courts do not favor extending a time limit to account for a misreading of a rule.  However, the Fifth Circuit has been lax in its review of excusable neglect in certain compelling circumstances. For example, in <u>United States v. Evbuomwan</u>, No. 93-1738, 1994 WL 523681, at *1 (5th Cir. Sept. 8, 1994), a party filed an untimely notice of appeal under Federal Rule of Appellate Procedure Rule 4(b), which employs similar excusable neglect language to Federal Rule of Civil Procedure Rule 6(b).  The Fifth Circuit held that the district court's finding that the error was a result of counsel's "good faith misinterpretation of the rules, rather than from his simply miscalculating the date on which the notice was due," was not an abuse of discretion. <u>Id.</u> at *2.  Similarly, defendant's failure to file a Motion for Attorney's Fees within 14 days of the district court judgment was a good faith misinterpretation of Rule 6(b), as defendant filed this motion immediately after the Fifth Circuit's final judgment.  In this case of first impression, which required defendant to perform an extensive amount of research with no guidance from prior cases, defendant requests this Court to recognize this as a compelling circumstance. Finally, with respect to the fourth factor, defendant acted in good faith in his delay of filing the Motion for Attorney's Fees.  Because plaintiffs filed Notice of Appeal, defendant believed that requesting attorney's fees from plaintiffs before knowing that he was indeed the prevailing party in this case would be premature, and defendant therefore acted in good faith in his assumption that the Rule referred to the judgment on the pending appeal.  As the Supreme Court explained in <u>Pioneer</u>, "[a]lthough inadvertence, ignorance of the clear rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392.

in the statute and urge this Honorable Court to deny defendant his attorney's fees on the basis of

the content of defendant's statements, as well as the fact that this is a case of first impression.

Defendant respectfully contends that neither of these observations renders this an exceptional

circumstance that should deprive defendant of his attorney's fees.

A party must pay the fees of his own counsel, unless Congress provides otherwise by

statute. Ruckelshaus v. Sierra Club, 463 U.S. 680, 702 (1983).  Congress has done so in various

situations, allowing the courts varying degrees of discretion in their allowance of attorney's fees

to the prevailing party. Id. See also Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S.

240, 262 (1975) ("[I]t is apparent that the circumstances under which attorneys' fees are to be

awarded and the range of discretion of the courts in making those awards are matters for

Congress to determine").  In Ruckelshaus v. Sierra Club, the Court discussed the types of

discretion Congress has provided to the courts, explaining that statutes may make the award of

attorney's fees mandatory for the prevailing party, normally made absent exceptional

circumstances, or only allowable in exceptional circumstances. 463 U.S. at 702.

Because this is a case of first impression, it is difficult for defendant to discuss what does

or does not qualify as an exceptional circumstance under 28 U.S.C. § 4105.  However, in light of

comparison to other fee award statutes and the ways in which they have been interpreted by

courts, it is clear that Congress wished to allow attorney's fees in the vast majority of SPEECH

Act cases. Rather than stating that courts "may award reasonable attorney's fees," the SPEECH

Act dictates that "The domestic court **shall**, **absent exceptional circumstances**" allow attorney's

fees to the prevailing party.  In 17 U.S.C. § 505, which awards attorney's fees in copyright

infringement cases, the statute reads: "Except as otherwise provided by this title, the court may

also award a reasonable attorney's fee to the prevailing party as part of the costs."  The Fifth

Circuit has interpreted this undeniably more permissive language to mean that the award of attorney's fees in copyright cases is "the rule rather than the exception" and that these fees "should be awarded routinely." <u>Micromanipulator Co. v. Bough</u>, 779 F.2d 255, 259 (5th Cir. 1985).

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C § 1988, which states that in civil rights cases, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs," has been interpreted by the Supreme Court to allow attorney's fees unless "special circumstances would render such an award unjust." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (citations omitted). Justice O'Connor has further opined on this standard of discretion by stating that in denying attorney's fees under this statute, a court is essentially finding that "even before wading through all the reasonableness factors, it is clear that the reasonable fee is no fee at all." <u>Farrar v. Hobby</u>, 506 U.S. 103, 118 (1992) (O'Connor, J. concurring). For example, in <u>Davis v. Parratt</u>, 608 F.2d 717 (8th Cir. 1979), the court denied the prevailing party attorney's fees under the Civil Rights Attorney's Fees Award Act because the prevailing party was pro se, and although he was a trained paralegal, he was not entitled to attorney's fees without an attorney.

Congress employed language in the SPEECH Act that is similar to the "special circumstances" standard of the Civil Rights Attorney's Fees Award Act. In fact, by using the word "shall" instead of "may," Congress intended to protect the free speech ideals that are advanced by the SPEECH Act by instituting an even more difficult burden for a losing party to meet to oppose attorney's fees. Thus, by using such strong language in the SPEECH Act, it is clear that Congress intended to give courts the most minimal discretion in their determination of when to award these fees.

Plaintiffs argue that because this is a case of first impression, this creates an exceptional circumstance. They cite no authority for this argument, and defendants contend that a lack of jurisprudence on an issue should not qualify as a special circumstance. Plaintiffs then seem to rest on the argument that they have proven a case of defamation, when, as clearly established by the litigation that has transpired, they have yet to do so. While they point out that this Court has characterized Handshoe's behavior as distasteful or reprehensible, this Court, as well as the Fifth Circuit, never went so far as to characterize it as defamatory. Distasteful, spiteful, and derogatory comments are not prohibited under United States law. If this Honorable Court were to find that these types of comments as the subject of the alleged defamation in a SPEECH Act suit creates an exceptional circumstance that should deprive a prevailing party of his attorney's fees, it would in essence be finding that these types of statements are less deserving of protection than other types of speech. This does not comply with the spirit of what Congress intended in its enactment of the SPEECH Act or the important First Amendment ideals that Congress desired to protect. Thus, this Honorable Court should reject plaintiffs' argument that the instant case falls into the exception to the rule that a court shall grant attorney's fees in a SPEECH Act case.

**III.    Defendant's Attorney's Fees Are Reasonable.**

Plaintiffs highlight the importance of the "lodestar" method of fee calculation in their opposition memorandum. Defendant believes that the submitted bill contained a chart that adequately met the requirements of this method. In the interest of efficiency, defendant reproduces this chart as an exhibit to this motion.[4] Defendant contends, however, that for a case that has been litigated since March 2012, requiring various motions and memoranda at the district court level and an appeal and an oral argument that required travel to Houston, 220.9

---

[4] See Ex. 1, Timekeeper summary.

hours of attorney work, 28.4 hours of law clerk work, and 2.8 hours of paralegal work seems certainly reasonable in light of the novelty of the case.

Plaintiffs focus the remainder of their opposition dissecting defendant's billing statement by making broad, wholly unsupported conclusions about what is or is not reasonable. Plaintiffs object to several of defendant's billing entries, including, but not limited to, time spent on activities such as researching procedural issues, updating the client on the status of the case, and researching defamation law in relation to the case. Since plaintiffs could not be bothered to supply any case law or authority to support their sweeping statements, defendant will not burden the Court with an analysis of each and every billing entry to which plaintiffs objected.

However, the absurdity of plaintiffs' dissection of defendant's billing entries is easily demonstrated by a few examples of their objections. Plaintiffs object to defendant's research on procedural issues. It is unclear why this research is unacceptable or not compensable, and they offer no support for this assertion. Plaintiffs also object to research on the applicable defamation law. Defendant asks this Court to consider, in light of the requirements of the SPEECH Act, how this case possibly could have been litigated without this research. Plaintiffs also contend that it was unreasonable for defendant to bill for research into the issues of injunctive relief and prior restraint in its analysis of the law applied by the Nova Scotia court. This Court apparently believed otherwise, as demonstrated by the nearly two pages in the ruling that were dedicated to discussion of the injunction, which the Court opined "could never pass constitutional muster in United States courts."[5] As a whole, as a case of first impression with no applicable law to consider, defendant contends that a broad examination of defamation and First Amendment law was necessary in order to properly present the arguments that led defendant to prevail over

---

[5] See Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment. (Record Doc. No. 35).

plaintiffs at both the district and appellate levels.   Perhaps it would be enlightening, in consideration of plaintiffs' objections, to review the amount and nature of the work for which Mr. Laird has charged his clients.

Finally, plaintiffs imply that defendant's billing entries are disingenuous, pointing to incorrect dates and highlighting the difference between defendant's ultimate fee for the case and what defendant stated as his believed total in his Motion for Bond for Appeal.   First, defendant does not see why errors in dates have any bearing on the legitimacy of his charges.   Defendant does not double-bill for the same work, so it is unclear why inadvertent errors in inputting entries is relevant.   Second, despite plaintiffs' characterization as defendant's statement in his bond for appeal as "unequivocally represented," defendant used the language "believed to equal or exceed."   Regardless, this ultimately incorrect total is irrelevant to the reasonableness of defendant's fees.

## IV.   Conclusion

As discussed at length in the analysis above, defendant respectfully submits that defendant's Motion for Cost Bond has met the requirements for a Motion for Attorney's Fees under Rule 54. In addition, the novelty and precedential value of this case has required a significant amount of work from defendant's counsel, and defendant requests that this Court recognize this in its award and determination of fees.   Defendant respectfully requests that this Honorable Court grant defendant's Motion for Attorney's Fees.

Respectfully submitted this 2nd day of October, 2013,

**THE TRUITT LAW FIRM**
A Limited Liability Company

S/*Jack E. "Bobby" Truitt*

_____

JACK E. TRUITT, BAR NO. 18476
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for defendant, Douglas Handshoe

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on October  2, 2013.

S/*Jack E. "Bobby" Truitt*

_____

12