IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED;
VAUGHN PERRET; CHARLES LEARY                            PLAINTIFFS

v.                                           CAUSE NO. 1:12CV90-LG-JMR

DOUGLAS HANDSHOE                                          DEFENDANT

### ORDER DENYING MOTION FOR WRIT OF GARNISHMENT

BEFORE THE COURT is the [61] Motion for Writ of Garnishment on Judgment filed by Defendant Douglas Handshoe. Defendant requests that this Court issue writs of garnishment to multiple companies that he claims are indebted to Plaintiffs in order to satisfy a $48,000 attorney's fees judgment in the above-styled action. According to Defendant, the proposed garnishees are located in the states of New York, California, Massachusetts, and Washington.

Defendant does not cite any legal authority for his Motion. The Court is of the opinion that because the proposed garnishees are not located in this district, it has no authority to order that those companies pay money into the Court or to Defendant, even if they are indeed indebted to Plaintiffs. Nor does Defendant offer "any authority which provides that this Court can direct Marshals in another federal district, in a different state, to enforce the Judgment entered in this district . . . ."[1] *Bernhard v. BCN Recovery*, No. 10-1075, 2010 WL 2179795, at *2 (C.D. Ill.

---

[1] Mississippi's garnishment procedures also do not assist Defendant. Under those procedures, the sheriff or another proper officer is to deliver the writ of garnishment. *See* Miss Code Ann. §§ 11-35-1, *et. seq.* However, no Mississippi sheriff or other officer has authority to deliver writs outside of this state.

June 1, 2010). Instead, the usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to 28 U.S.C. § 1963[2] and then seek to enforce the judgment within that district. *See, e.g.*, *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 WL 2679593, at *5 (W.D. Va. July 8, 2011); *Bernhard*, 2010 WL 2179795, at *2; *see also Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001) (discussing 28 U.S.C. § 1963).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [61] Motion for Writ of Garnishment on Judgment filed by Defendant Douglas Handshoe is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[2] That section states in pertinent part: "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district [once] the judgment has become final by appeal or expiration of the time for appeal . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be satisfied in like manner." 28 U.S.C. § 1963.