CIVIL DISTRICT COURT OF PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 14-2631                          DIVISION/SECTION:      "G"

TROUT POINT LODGE, LIMITED, VAUGHN PERRET, AND CHARLES LEARY

VERSUS

JONES WALKER, LLP, HENRY F. LAIRD, JR., AND ABC INSURANCE COMPANY

FILED: _____        _____
                                               DEPUTY CLERK

**PETITION OF INTERVENTION**

The petition of Jack E. Truitt, attorney at law, being of full age and majority and a resident

of the State of Louisiana, and The Truitt Law Firm, LLC, being a Louisiana Limited Liability

Corporation, organized in and doing business in the State of Louisiana, (hereinafter referred to as

("intervenors") do hereby represent:

1.

That the plaintiffs, Trout Point Lodge, a Canadian limited company ("Trout Point") Vaughn

Perrett, ("Perrett") a person of full age and majority, Charles Leary, ("Leary") a person of full age

of majority, collectively referred to as ("petitioners"), filed a Petition for Damages alleging legal

malpractice against defendants, Jones Walker, LLP, and Henry F. Laird, Jr., ("defendants")

2.

The intervenors aver that they have acquired an interest in the subject matter of this suit, and

therefore, have an interest in the outcome of this suit opposed to the petitioners and defendants

herein to the extent as set forth in Paragraph 92 of the petitioners' Petition for Damages.

3.

The intervenors represented defendant, Douglas Handshoe, in the matter entitled *Trout Point*

*Lodge, Limited vs. Doug Handshoe*, and in that matter, defendant, Douglas Handshoe, was awarded

attorney's fees in the amount of $48,000.00, in an Order Granting Defendant's Motion for

Attorney's Fees entered on December 11, 2013, by the Honorable Louis Guirola, Jr. in Cause No.

1:12CV90-LG-JMR (U.S.D.C. for the Southern District of Mississippi) and was confirmed by

Judgment from the U.S. Court of Appeals, Fifth Circuit, on October 28, 2013. (Please see Exhibit

"A" attached hereto).  Said interest in that judgment awarding attorney's fees in the sum of

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
504-407-0000

DATE: 3/25/2014 at 10:34
CASE#: 2014 - 02631   SEC.: 11

PETITION OF INTERVENTION
$  166.50  $  166.50  $   0.00
FAX FEES
$   75.00  $   75.00  $   0.00
JSC
INDIGENT LEGAL FEE
$   10.00  $   10.00  $   0.00
BUILDING FUND FEE
$   25.00  $   25.00  $   0.00

TOTAL PAID CASE # 201402631:   $299.50
RECEIPT TOTAL: $299.50
AMOUNT TENDERED: $299.50
CHANGE DUE: $.00

Check #16018 Amt. $299.50

VERIFIED
Barbara Gaude
Deputy Clerk

EXHIBIT
B.

$48,000.00, was assigned by Douglas Handshoe to intervenors.  (Please see Exhibit "B" attached hereto.)

4.

Intervenors, therefore, have an interest in the outcome of this suit opposed to the petitioners and defendants herein to the extent of the said judgment and assignment, which is plead herein.  To the extent that the petitioners may collect any amounts from defendants in settlement or judgment, then interenors are entitled to be paid in preference to petitioners for the full and true sum of $48,000.00 plus attorney's fees for collection, interest and costs.

5.

Intervenors are entitled to a statutory lien on any funds paid to or on behalf of petitioners and ask that their lien be so recognized.

6.

Intervenors are entitled to any other legal or equitable remedies afforded by law.

**WHEREFORE,** intervenors pray that they be permitted to become a party to this suit; that said petitioners and the defendants each be served with a copy of this Petition of Intervention and be duly cited to appear and answer same, that any damages recovered by petitioners, Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary, be apportioned in the Judgment as to protect the interests of the intervenors for their attorney's fees in the amount of $48,000.00, plus attorney's fees, interest, and costs on any sums recovered by them in this action, and for all general and equitable relief as allowed by law and in the Judgment of this Honorable Court.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

JACK E. TRUITT, BAR NO. 18476, T.A.
PAMELA SEEBER CHEHARDY, BAR NO. 23562
ALAINA BRANDHURST, BAR NO. 35057
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Intervenors

**PLEASE SERVE:**

Trout Point Lodge, Limited,
Vaughn Perret, and Charles Leary,
by and through their counsel of record,
Daniel G. Abel, Esq.
2421 Clearview Parkway
Metairie, Louisiana 70001

Jones Walker, L.L.P,
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

Henry F. Laird, Jr.
Through his place of employment,
Jones Walker, LLP
2510 14th St, Suite 1125
Gulfport, Mississippi 39501
by Long Arm Service

CIVIL DISTRICT COURT OF PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 14-2631                                      DIVISION/SECTION:      "G"

TROUT POINT LODGE, LIMITED, VAUGHN PERRET, AND CHARLES LEARY

VERSUS

JONES WALKER, LLP, HENRY F. LAIRD, JR., AND ABC INSURANCE COMPANY

FILED: _____      _____
                                              DEPUTY CLERK

### ORDER

IT IS HEREBY ORDERED that the foregoing Petition of Intervention be filed as prayed for

and let petitioners, Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary, and defendants,

Jones Walker, L.L.P. and Henry F. Laird, Jr., be duly cited to appear and answer this Petition of

Intervention.

New Orleans, Louisiana this 26 day of March, 2014.

_____
THE HONORABLE ROBIN M. GIARRUSO



United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS **FILED**
September 5, 2013

## FOR THE FIFTH CIRCUIT

Lyle W. Cayce
Clerk

No. 13-60002

D.C. Docket No. 1:12-CV-90

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

OCT 30 2013

BY_____ J T NOSLIN CLERK ___ DEPUTY

TROUT POINT LODGE, LIMITED, a Nova Scotia limited Company;
VAUGHN PERRET; CHARLES LEARY,

      **Plaintiffs - Appellants**

v.

DOUG K. HANDSHOE,

      **Defendant - Appellee**

Appeal from the United States District Court for the
Southern District of Mississippi, Biloxi

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

## JUDGMENT

    This cause was considered on the record on appeal and was argued by counsel.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

    IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

**ISSUED AS MANDATE:** OCT 2 8 2013

A True Copy
Attest

VERIFIED

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Sabrina_ _____
Deputy
OCT 2 8

New Orleans, Louisiana

I hereby certify that this instrument, document
No. _____, filed on _____ is a true and
correct copy of the electronically filed original.
ATTEST: ARTHUR JOHNSTON
U. S. District Court, Southern District of Mississippi
By _____ Deputy Clerk

EXHIBIT

A

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

October 28, 2013



RECEIVED

OCT 30 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

Mr. J. T. Noblin
Southern District of Mississippi, Gulfport
United States District Court
2012 15th Street
Dan M. Russell Jr. United States Courthouse
Gulfport, MS 39501

No. 13-60002    Trout Point Lodge, Limited, et al v. Doug
Handshoe
USDC No. 1:12-CV-90

Enclosed, for the district court only, is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Record/original papers/exhibits to be returned.

Enclosed for the district court and counsel is the approved bill of costs.

The electronic copy of the record has been recycled.

Sincerely,

LYLE W. CAYCE, Clerk

*Sabrina B. Short*

By:
Sabrina B. Short, Deputy Clerk
504-310-7817

cc w/encl:
    Honorable Louis Guirola Jr.
    Mr. Henry F. Laird Jr.
    Mr. Jack Etherton Truitt

P.S. to Judge Guirola:  A copy of the opinion was sent to your office via email the day it was filed.



Case: 13-60002 Document: 00512364019 Page: 1 Date Filed: 09/05/2013

**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

## BILL OF COSTS

NOTE: The Bill of Costs is due in this office within 14 days from the date of the opinion, See FRN. R. APP. P. & 5th Cir. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Trout Point Lodge, Ltd., et al   v.   Douglas Handshoe   No. 13-60002

The Clerk is requested to tax the following costs against: Trout Point Lodge, Ltd. Vaughn Perret and Charles Leary

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (if different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | 13 | 38 | .15 | 74.10 | 13 | 37 | .15 | 72.15 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: Binding | 15 | 38 | | 32.00 | 13 | 1 | 1.50 | 19.50 |
| | | | Total $ | 706.40 | | Costs are taxed in the amount of $ 91.65 | | |

Costs are hereby taxed in the amount of $ 91.65   this  28th  day of  October , 2013.

State of  Louisiana
County of  St. Tammany

I,  Jack E. Truitt , do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This  18th  day of  September 2013

_____
(Signature)

Attorney for  Douglas Handshoe

LYLE W. CAYCE, CLERK

By: _____
Deputy Clerk

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

# CHOICE ☑

**Professional Overnight Copy Service, Inc.**

**INVOICE**  5012.8091

| SALESPERSON | INVOICE DATE |
|---|---|
| Delany | 04/11/13 |

TO

Truitt Law Firm – Barbara Mauton
149 N. New Hampshire St.
Covington, LA 70433

SHIP TO

| ACCT | SHIP DATE | SHIP VIA | TERMS | PURCHASE ORDER |
|---|---|---|---|---|
| | 04/04/13 | | Net 30 | D. Handshoe |

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 494 | A Copies – Straight Run | 0.15 | 74.10 |
| 13 | Binding – All types | 2.50 | 32.50 |

CR#15224
31558

Received by: _____  Date: 4/4/13

Please Send Payment to: **CHOICE COPY SERVICE,**
P.O. BOX 62188, NEW ORLEANS, LA. 70162, (504)524-6789
Fed. Tax ID # 72-1240881

| | |
|---|---|
| Subtotal | 106.60 |
| Covington | 9.33 |
| **TOTAL** | **$115.93** |

## Thank You

TS 5/13 58

TERMS: 1 1/2% PER MONTH SERVICE CHARGE WILL BE MADE ON ALL ITEMS NOT COLLECTED WITHIN 30 DAYS
OF DUE DATE. IN ADDITION, COSTS AND REASONABLE ATTORNEYS' FEES FOR COLLECTION MAY BE CHARGED.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE LIMITED;
VAUGHN PERRET; and CHARLES
LEARY                                                            **PLAINTIFFS**

V.                                          CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                                 **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

BEFORE THE COURT is the Defendant Douglas K. Handshoe's [50] Motion to Tax Attorney's Fees. Plaintiffs Trout Point Lodge Limited, Vaughn Perret, and Charles Leary have filed a response, and Defendant Handshoe has filed a reply.[1] Having reviewed the parties' submissions and the relevant law, the Court finds that the Motion should be granted. Attorney's fees are awarded in the amount of $48,000.00.

### BACKGROUND

This Court entered summary judgment in favor of Defendant Handshoe on December 19, 2012, holding that the SPEECH Act, 28 U.S.C. 4101 *et seq.*, precluded enforcement of a judgment Plaintiffs had obtained against Handshoe in a Nova Scotia court. (ECF Nos. 35, 36). Plaintiffs appealed that decision to the United States Court of Appeals for the Fifth Circuit. On September 5, 2013, the Court of Appeals affirmed this Court's judgment in favor of Defendant Handshoe. (ECF No.

---

[1] Defendant Handshoe filed a Motion [53] for Leave of Court to File Reply Memorandum, and attached his reply brief to that motion. This Court's local rules permit the filing of a rebuttal, and therefore there is no need for Defendant to seek leave to file his reply brief. *See* L.U.Civ.R. 7(b)(4).

54).  Handshoe filed the instant Motion to Tax Attorney's Fees on September 10, 2013.

Defendant Handshoe asks the Court "to grant attorney's fees to cover the expense of litigating this action, as well as the appeal, under the express provision for recovery of attorney's fees in the SPEECH Act."  (Def.'s Mot., ECF No. 50).  Handshoe has submitted an itemized invoice for professional services from The Truitt Law Firm, which he retained to represent him in this action.  (ECF No. 50-2).  The invoice covers the period from May 30, 2012 through September 5, 2013, and includes the litigation in this Court, as well as the appeal to the Fifth Circuit.  According to the invoice, Mr. Handshoe owes Truitt Law Firm $55,120.00.

Handshoe makes a brief reference to Federal Rule of Civil Procedure 54 in his Motion, but his claim for attorney's fees is based primarily on the SPEECH Act.  (Def.'s Mem. 2, ECF No. 51).  He argues that he is entitled to the legal fees he incurred in defending this lawsuit because the SPEECH Act "mandates that the prevailing party be awarded attorney's fees."  (Id.)

In response, Plaintiffs argue that Handshoe failed to comply with Federal Rule of Civil Procedure 54, which requires that motions for attorney's fees be filed within fourteen (14) days of the entry of judgment.  See FED. R. CIV. P. 54(d).  Plaintiffs further contend that this case presents "exceptional circumstances," and attorney's fees are not automatic under the SPEECH Act.  They also argue that Handshoe has not demonstrated that his attorney's fees are reasonable, and the invoice includes time for unnecessary work, or is otherwise incomplete and

-2-

inaccurate.

In his reply brief, Handshoe argues that he complied with the "letter and spirit of the rationale behind the 14-day deadline" in Rule 54. (Def. Reply 2, ECF No. 53-1). He notes that eight (8) days after this Court entered summary judgment in his favor, he filed a Motion to Require Cost Bond for Appeal, in which he asked the Court to order Plaintiffs to post a bond to protect his right to collect attorney's fees, and to ensure that his appeal costs will be paid. (*Id.* at 1-2; Mot. to Req. Cost Bond, ECF No. 38). Handshoe argues that in filing that motion, he "met the form requirements" of Rule 54, and "satisfied the legislative intent behind the enactment of the Rule." (Def. Reply 2, ECF No. 53-1). Handshoe also contends that his attorney's fees are not unreasonable.

DISCUSSION

*Attorney's Fees Under the SPEECH Act*

The SPEECH Act provides:

> In any action brought in a domestic court to enforce a foreign judgment for defamation, including any such action removed from State court to Federal court, the domestic court shall, **absent exceptional circumstances,** allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee if such party prevails in the action on a ground specified in section 4102 (a), (b), or (c).

28 U.S.C. § 4105 (emphasis added).  Defendant Handshoe is the prevailing party in this action. Therefore, unless "exceptional circumstances" exist that would warrant a departure from the statute's express requirement, the Court must allow Handshoe

to collect a reasonable attorney's fee.

Plaintiffs Trout Point Lodge, Perret, and Leary argue that this case presents "exceptional circumstances" because this Court found Handshoe's comments to be intentionally offensive. They point out that, despite entering summary judgment in his favor, this Court "recognized the injury he inflicted upon" the Plaintiffs, and noted the "derogatory" and "mean-spirited" nature of Handshoe's publications. (Pl. Resp. 3, ECF No. 52). Plaintiffs also note that the Fifth Circuit found some of Handshoe's comments to be reprehensible. (*Id.*)

There is no doubt that Handshoe has repeatedly posted hateful remarks about the Plaintiffs on his website. As the Court has previously stated, it finds many of Handshoe's "publications" to be offensive and lacking in any obvious value. However, as the Court has also noted, the First Amendment protects "the freedom to speak foolishly and without moderation." (Order Grant. Def. Mot. for Summ. J. 17, ECF No. 35). *See Purtell v. Mason*, 527 F.3d 615, 627 (7th Cir. 2008) (quoting *Cohen v. Calif.*, 403 U.S. 15, 26 (1971)) (citation omitted). The Fifth Circuit likewise found that many of Handshoe's statements, "[t]hough offensive," are "not actionable" under defamation law in this state. *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 493 (5th Cir. 2013).

If Congress intended courts to consider the nature of published statements when determining whether to award attorney's fees under the SPEECH Act, this case would likely warrant a departure from its fee-shifting rule. However, Plaintiffs have not presented any evidence that Congress intended to preclude the

-4-

award of attorney's fees based on the type of speech at issue. Thus, despite the vulgar nature of Handshoe's rhetoric, the Court does not find that this case presents exceptional circumstances to warrant a departure from the Act's mandate that the prevailing party receive a reasonable attorney's fee.

Plaintiffs also point out that this case was a matter of first impression for this Court and the Fifth Circuit. The Court, however, is not convinced that this case presents "exceptional circumstances" for the purpose of awarding attorney's fees because it happened to be the first lawsuit brought under the SPEECH Act in this circuit. Plaintiffs also point out that Defendant Handshoe made arguments in his Motion for Summary Judgment on which he did not prevail. (Pl. Resp. 5, ECF No. 52). This does not make this case exceptional, as many prevailing parties present arguments during litigation that are rejected by the Court.

Plaintiffs also submit, briefly and without citation, that "Congress seemed to indicate that it did not anticipate the SPEECH Act would ever apply to a case of purely private figure libel." (Pl. Resp. 5, ECF No. 52). Plaintiffs do not point to the legislative history on which this argument is based. In any event, Plaintiffs' argument essentially questions whether the SPEECH Act applies to this case at all, which is an issue no longer before the Court. This Court has entered judgment based on its interpretation of the SPEECH Act, and the Court of Appeals has affirmed that decision. Such an argument would be more appropriately raised on appeal of the Court's judgment, not with respect to the award of attorney's fees.

Moreover, the SPEECH Act sets forth two alternative grounds on which a

-5-

domestic court should decline to recognize a foreign judgment, and in this case, the Court determined that both were applicable: (i) Plaintiffs had obtained a judgment against the Defendant in a court that does not offer the same protections for freedom of speech as an American court, and (ii) Plaintiffs did not demonstrate that Handshoe would have been liable for defamation had they brought their lawsuit in a domestic court. *See* 28 U.S.C. § 4102. Given that both scenarios contemplated by the SPEECH Act were present, the Court is not convinced that this case presents "exceptional circumstances" that would preclude an award of attorney's fees.

Thus, the Court finds that under the SPEECH Act, Defendant Handshoe, as the prevailing party, is entitled to a reasonable attorney's fee. However, that does not conclude the Court's analysis, because Defendant Handshoe did not comply with Federal Rule of Civil Procedure 54 in filing his motion for attorney's fees. Therefore, the Court turns to Plaintiffs' arguments regarding Rule 54.

### *Federal Rule of Civil Procedure 54*

Plaintiffs argue that Defendant Handshoe's failure to comply with Rule 54 precludes an award of attorney's fees. That rule provides, in pertinent part:

> (2) Attorney's Fees.
>
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of

-6-

judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it[.]

FED. R. CIV. P. 54(d)(2)(A)-(B).  As set forth above, Handshoe did not file a motion for attorney's fees within fourteen (14) days of the entry of the judgment in this action, as required by Rule 54.  Instead, the record shows that Handshoe filed a Motion to Require Cost Bond on Appeal (hereinafter "Motion for Cost Bond") on December 27, 2012, eight (8) days after the Court entered summary judgment on December 19, 2012.  *See* ECF No. 38.

Handshoe filed his Motion for Cost Bond pursuant to Federal Rule of Appellate Procedure 7.  In that motion, he asked the Court to order Plaintiffs to post a bond in the amount of $60,000.00, asserting that "[a]s the prevailing party in this litigation, the defendant is entitled to an award of his attorney's fees, pursuant to [the SPEECH Act], 28 U.S.C.A. § 4105." (Mot. to Req. Cost Bond 1, ECF No. 38).  Specifically, Handshoe argued:

> The fees incurred by defendant are believed to equal or exceed the amount of $50,000.00.  In order to protect the defendant's right to collect on that assessment of attorney's fees and to insure that the defendant's costs of appeal will be paid . . . this Honorable Court should mandate that the plaintiffs post security in the amount of $60,000.00, which represents attorney's fees and expected costs, to ensure that the appeal is diligently and faithfully prosecuted.

(Mot. to Req. Cost Bond 1-2, ECF No. 38).  The motion further provided: "The

-7-

estimate of taxable costs on appeal is set forth in the body of this motion and represents undersigned counsel's good faith estimate of the attorney's fees and costs which . . . Handshoe will eventually be entitled." (*Id.* at 2).

Handshoe now argues that, despite his failure to file a timely motion pursuant to Rule 54, he may still recover attorney's fees because his Motion for Cost Bond satisfied the elements of Rule 54. He asserts that he met the fourteen-day deadline by filing his Motion to Require Cost Bond on Appeal within eight (8) days of the judgment. He further submits that the motion specified the judgment, as well as the statute under which he is entitled to attorney's fees, and provided a "fair estimate" of the amount of the fees sought. *See* FED. R. CIV. P. 54(d)(2)(B)(ii)-(iii). Handshoe also argues generally that, in filing his Motion for Cost Bond, he put the Plaintiffs on notice of his intent to seek attorney's fees under the SPEECH Act.

In support of these arguments, Handshoe cites *Romaguera v. Gegenheimer*, 162 F.3d 893 (5th Cir. 1998), *clarified on denial of reh'g*, 169 F.3d 223 (5th Cir. 1999), in which the Fifth Circuit held that a failure to comply with the fourteen-day deadline in Rule 54(d)(2) did not preclude an award of attorney's fees under 42 U.S.C. § 1988. There, the prevailing party had requested attorney's fees in pleadings, but did not file a motion for attorney's fees until 343 days after the entry of final judgment. In upholding the award of attorney's fees, the Fifth Circuit noted that, in the order accompanying the judgment, the district court specifically acknowledged the plaintiffs' request for attorney's fees and stated that the request would "be addressed at a separate hearing." *Romaguera*, 162 F.3d at 895. The Fifth

-8-

Circuit held that "the district court's acknowledgment of Romaguera's request served to notify opposing counsel of the request, thereby satisfying Congress' intended purpose under Rule 54(d)(2)." *Romaguera*, 169 F.3d 223 (5th Cir. 1999).

The Court finds that under the particular circumstances of this case, Handshoe's Motion for Cost Bond was sufficient to place the Plaintiffs on notice of Handshoe's claim for attorney's fees. His motion stated that he sought a $60,000 bond "to protect his right to collect attorney's fees, and to ensure that his appeal costs will be paid," and cited the provision in the SPEECH Act addressing attorney's fees. (Mot. to Req. Cost Bond 1-2, ECF No. 38). The motion was imprecisely worded, and it seemed to conflate taxable costs on appeal with attorney's fees incurred at the trial level. However, given that Handshoe referenced the judgment and the SPEECH Act, and provided that his "fees incurred" were estimated to be $50,000, the motion did notify Plaintiffs that Handshoe was seeking attorney's fees. The Motion for Cost Bond was an improper mechanism through which to seek attorney's fees, but it did satisfy the purpose of Rule 54 insofar as it notified Plaintiffs of Handshoe's intent. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (1996) (noting that Rule 54 "assures that the opposing party has notice of the claim") (citing Fed. R. Civ. P. 54(d) advisory committee's note (1993 Amendments)). Defendant Handshoe and his counsel are admonished, however, to adhere to the Federal Rules of Civil Procedure in the future, so that the parties and the Court will not expend resources on avoidable disputes such as this one.

-9-

*Reasonableness of Attorney's Fees*

Under the SPEECH Act, the prevailing party is entitled to a "reasonable attorney's fee." 28 U.S.C. § 4105. Handshoe claims he is entitled to $55,120.00 in attorney's fees. Plaintiffs contest the reasonableness of several items in the invoice prepared by Handshoe's counsel, Mr. Truitt. Plaintiffs also point out what they believe are a number of inaccuracies in Mr. Truitt's bill.

The Fifth Circuit has described the process for calculating attorneys' fees as follows:

> First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. In making a lodestar adjustment the court should look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041 (5th Cir. 1998) (internal citations omitted). Charges for excessive, duplicative, or inadequately documented work must be excluded. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir.

-10-

2011). The lodestar calculation has been described as the "linchpin of the reasonable fee." *Id.* Thus, the first step is to multiply the reasonable number of hours Handshoe's counsel expended on this case by the reasonable hourly rate.

The burden of demonstrating the hourly rate lies with the party seeking attorneys' fees. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). "Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). The relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "Generally the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368.

Handshoe has not provided affidavits from other attorneys in support of the hourly rates charged by Truitt Law Firm, or any information concerning his counsel's respective level of expertise and experience. Handshoe has submitted a balance summary from Truitt Law Firm that shows an hourly rate of $250.00 for Mr. Truitt, a partner, and the same rate for two associate attorneys. The invoice also indicates an hourly rate of $125.00 for one paralegal, and an hourly rate of $75.00 for another paralegal. (Def.'s Reply Ex. 1, ECF No. 53-2).

Plaintiffs argue generally that Handshoe has the burden to show that his attorney's fees are reasonable, but they do not specifically challenge the rates charged by Truitt Law Firm. Given that the plaintiffs have not challenged the

-11-

rates at issue, and that those rates are not completely outside the realm of fees awarded in other cases in this district, the Court will not adjust Truitt Law Firm's rates in awarding attorney's fees to Handshoe.[2]

Plaintiffs argue that a number of items in Mr. Truitt's bill are unwarranted or unreasonable. For example, Plaintiffs complain that they should not bear the cost of Mr. Truitt's research of Mississippi defamation law. They argue that Handshoe had Mississippi counsel enrolled, and they should not be punished because Mr. Truitt, a Louisiana attorney, is not familiar with Mississippi law. They also submit that Mr. Truitt billed Handshoe for research on matters related to the First Amendment that were not actually at issue in this case. Plaintiffs further contend that Mr. Truitt's repeated billing for updating Handshoe on the status of the case is unreasonable, as are his bills for researching procedural issues.

The Court has reviewed the invoice from Truitt Law Firm attached to Handshoe's Motion, and agrees that it should be reduced in some respects because

---

[2] The Court is familiar with the reasonable rate for litigation services in this community based on other recent cases in which attorneys' fees were sought. *See Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, Civil No. 1:09-cv-781-HSO-RHW, 2012 WL 1574936 at *6 (S.D. Miss. May 3, 2012); *Penthouse Owners Assoc., Inc. v. Certain Underwriters at Lloyd's, London*, Civil No. 1:07-cv-568-HSO-RHW, 2011 WL 6699447 at *6-12 (S.D. Miss. Dec. 21, 2011); *L & A Contracting Co. v. Byrd Bros., Inc.*, Civil No. 2:07-cv-57-DCB, 2010 WL 1223321 at *2-3 (S.D. Miss. March 24, 2010); *Mejia v. Mason Pro, Inc.*, Civil No. 1:10-cv-264-LG-RHW, 2011 WL 1118834 at *2 (S.D. Miss. March 25, 2011); *BancorpSouth v. Pankratz*, Civil No. 1:10-cv-398-LG-RHW, Order Granting Mot. for Att'y Fees 7, Oct. 23, 2012, ECF No. 98.

certain items are not well-documented or appear to be excessive.[3]  Other items are

reduced based on the Court's consideration of the *Johnson* factors, set forth above.

On April 6, 2012, Mr. Truitt billed 1.4 hours for "research re: consolidation of

both Federal Court actions," without further explanation.  (Def.'s Mot. Ex. 1 at 1,

ECF No. 50-2).  Given that the issue of consolidation never arose in this litigation,

the Court will disregard that entry.  Likewise, on November 16, 2012, Mr. Truitt

bills for reviewing/analyzing a court order, but the order is not identified.  (*Id.* at 8).

The record in this case indicates that no order was entered on that date, so that

entry will also be disregarded.

On December 3, 2012, Mr. Truitt billed for communicating with Mr.

Handshoe about the status of the case "and new lawsuit filed." (*Id.* at 8).  It would

not be appropriate to award attorney's fees in this case for discussions about a

different lawsuit.  Those fees will be excluded.  Moreover, on November 5, 2012, Mr.

Truitt billed for drafting a settlement offer that Plaintiffs submit they never

received.  (*Id.* at 7.)  Handshoe does not address the settlement offer in his reply

---

[3] With his reply brief in support of the Motion to Tax Attorney's Fees,
Handshoe submitted an additional timekeeper summary from Truitt Law Firm that
indicates a balance due of $60,896.87.  That summary states that a law clerk billed
28 hours of work at the rate of $125.00 per hour.  (Def.'s Reply Ex. 1, ECF No. 53-2).
However, the itemized invoice Handshoe attached to his Motion does not include
any services attributable to a law clerk.  (*See* Def.'s Mot. Ex. 1, ECF No. 50-2).
Because the services performed by the law clerk are not accounted for in the invoice
or otherwise documented in the record, the Court will not award those fees.
Handshoe has not explained the discrepancy in the balances reflected in the invoice
and the timekeeper summary.  Therefore, the Court will consider only the invoice
provided with the Motion, which indicates a balance of $55,120.00.

brief. Therefore, those fees will also be excluded.

Plaintiffs object to an award of attorney's fees related to Handshoe's Motion for Cost Bond, given that the motion was denied. In light of the Court's decision to deny the Motion for Cost Bond because it was not well-supported, the Court will not award attorney's fees related to that motion. Additionally, the record demonstrates that Handshoe opposed, without articulating any grounds for doing so, Plaintiffs' request for a brief extension of time to respond to that motion. (Def.'s Resp. to Mot. for Extension, ECF No. 40). Therefore, the fees relating to the motion for an extension will also be excluded.

As Plaintiffs point out, there are numerous entries labeled "communicate with client re: status of case" throughout the Truitt Law Firm invoice. The Court is mindful that such periodic updates are necessary, but these "status updates" total some $2,750.00 in fees.[4] Those hours exclude the time Mr. Truitt spent drafting letters and/or e-mails to Handshoe, and all of his meetings with Handshoe. The Court will reduce Mr. Truitt's fees for the "status updates" to $1,000.00, or four (4) hours of attorney time.[5]

---

[4] This is an estimate based on the numerous "status updates" listed throughout the invoice from Truitt Law Firm, some of which are combined with fees charged for other services.

[5] To be clear, the Court is not excluding or reducing any hours Mr. Truitt billed for drafting letters and/or e-mails to Handshoe, or for any meetings with Handshoe. Where Mr. Truitt billed on the same date for drafting a letter or e-mail to Handshoe, as well as for "communicating" with Handshoe about the status of the case, the Court has excluded some of that time as duplicative.

-14-

Additionally, on August 7, 2013, Mr. Truitt billed 1.10 hours for communicating with his client about the decision of the United States Court of Appeals for the Fifth Circuit. (Def.'s Mot. Ex. 1 at 10, ECF No. 50-2). That same day, Mr. Truitt billed 0.50 hours for drafting a letter/e-mail to Handshoe about the status of the case. (*Id.*) Given that the Fifth Circuit affirmed the judgment in Handshoe's favor, it seems unnecessary for Mr. Truitt and Handshoe to spend over an hour discussing the decision, in addition to the e-mail or letter Mr. Truitt drafted that day. Therefore, that bill will be reduced to 0.50 hours.

Additionally, Mr. Truitt billed Handshoe $575.00 to review the "Slabbed blog" for 2.30 hours. (*Id.* at 3). This seems excessive, and this review could have been conducted by another employee who billed at a lower rate, given that no skills are necessary to read Handshoe's website. Therefore, the fees for reviewing "Slabbed" will be reduced to $75.00, which amounts to one hour of paralegal time.

Plaintiffs also object to the bills for Mr. Truitt's travel time for meetings with Handshoe in New Orleans, where neither Mr. Truitt nor Handshoe resides. Plaintiffs argue that they "should not bear responsibility for Handshoe's choice of out-of-state counsel or for a trip to New Orleans." (Pl.'s Resp. 10, ECF No. 52). The Court agrees that Plaintiffs should not be punished for Handshoe's decision to retain counsel in Louisiana for a lawsuit filed in this Court. Handshoe has offered no explanation for why he could not have met Mr. Truitt in Covington, Louisiana, where his office is located. Therefore, the Court will reduce by 1.5 hours the time billed for each of the meetings in New Orleans, to account for Mr. Truitt's driving

-15-

time to and from Covington.[6]  Likewise, the Court will reduce the hours billed for Mr. Truitt's attendance at the court-ordered settlement conference by two (2) hours, to account for his approximate travel time to and from Louisiana.[7]

Additionally, the Court will reduce Mr. Truitt's hourly rate for services he rendered, but could have been performed by a paralegal or other clerical staff. Under *Johnson*, the Court may consider the skill required to perform the necessary legal services in adjusting the lodestar fee.  The record shows that in May 2012, Mr. Truitt billed Mr. Handshoe for communicating with the Nova Scotia Court regarding production of a transcript, and on June 28, 2012, Mr. Truitt billed for communicating with this Court's Clerk "re: error messages . . . and correct procedures for filing."  (Def.'s Mot. Ex. 1 at 2, 5, ECF No. 50-2).  Additionally, on June 20, 2013, Mr. Truitt charged Handshoe $75.00 for 0.30 hours spent communicating with the "Court of Appeals re: argument on case."  (*Id.* at 10).  The

---

[6]  Mr. Truitt's travel time is not delineated from the time he spent meeting with Handshoe.  Therefore, the Court has approximated the travel time and made reductions accordingly.  *See Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (affirming trial court's exclusion of time it considered inadequately documented, where "[a]ppellants did not adequately document their travel time") (citing *Von Clark*, 916 F.2d 255, 260 (5th Cir. 1990) ("[T]ime and time again this court has admonished attorneys . . . to keep careful time records so that the court may determine if the hours submitted are reasonable.").

[7]  Again, Mr. Truitt's travel time related to the settlement conference is not delineated from the time spent at the conference.  *See supra* note 6.  Additionally, Plaintiffs do not challenge Mr. Truitt's bills for travel to and from Houston, Texas, for the appellate argument.  The Court does not address those fees because, had Handshoe chosen to hire Mississippi-based counsel, he or she would have also been required to travel to Texas for the argument.

-16-

Court will award fees for these communications, but at the rate of $75.00 per hour instead of $250.00 per hour. *See Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (administrative work performed by attorneys may command a lesser rate).

Plaintiffs also object to paying fees for Handshoe's counsel to discuss the rules of procedure amongst themselves. On February 13, 2013, an associate at Truitt Law Firm billed Handshoe for communicating "in firm re: appellate court rules," and for "[r]esearch re: Federal Rule of Appellate Procedure - timeframe for submission of appellee in response to appellant's Statement of Issues," and for communicating "in firm" regarding Federal Rule of Appellate Procedure 10. (Def.'s Mot. Ex. 1 at 9, ECF No. 50-2). These are not complicated legal issues, but appear to be questions that likely could have been resolved by a paralegal. Therefore, those items will be awarded at the rate of $150.00 per hour.

Plaintiffs also object to the number of hours Handshoe's counsel billed for researching certain First Amendment issues. As set forth above, under *Johnson*, the Court considers the novelty and difficulty of the questions presented, as well as the time, labor, and skill required to perform the relevant legal services. The Court recognizes that there are few cases decided under the SPEECH Act, and that this was a case of first impression for this Court, as well as the Fifth Circuit. Virtually any attorney would have been required to conduct research to educate him-or-herself about the SPEECH Act. At the same time, there is a vast body of First Amendment law on defamation, and this case required an analysis of the

-17-

defamation law of Mississippi, as well as Canada.  It is understandable, then, that a significant amount of time would have been devoted to legal research prior to the cross-motions for summary judgment.  The Court, therefore, does not find that the amount of hours Mr. Truitt spent researching First Amendment issues in this case to be wholly unreasonable.  However, the Court is also of the opinion that Plaintiffs should not pay attorney's fees for all of the time Mr. Truitt, a Louisiana-based attorney, spent familiarizing himself with Mississippi defamation law.  Therefore, the Court will reduce the billing entry that includes "Research re: . . . . Mississippi defamation law" by two (2) hours.  (Def.'s Mot. Ex. 1 at 3, ECF No. 50-2).

Finally, Plaintiffs argue that there is a disparity between the fees reflected in the invoice attached to this Motion and Handshoe's representation about his attorney's fees in his Motion for Cost Bond.  They point out that while Handshoe represented in the Motion for Cost Bond in December 2012 that he had incurred legal fees of $50,000, the bill he attaches to this Motion to Tax Attorney's Fees shows that his legal fees at that time actually totaled approximately $40,000.00.  They argue that "the disparity between current representations and those made in December, 2012, are significant and unexplained."  (Pl.'s Resp. 9, ECF No. 52).

The Court has examined the bill from Truitt Law Firm, and it does appear that at the time Handshoe filed his Motion for Cost Bond, he had incurred approximately $40,000 in fees.  However, that motion was denied, regardless of the representations Handshoe made.  And in any event, the Court must base its award of attorney's fees on the evidence contained in the record before it.  The only

-18-

evidence in the record related to attorney's fees is the invoice submitted with the Motion to Tax Attorney's Fees.[8] As set forth above, the Court has reviewed that invoice and has excluded a number of fees, and reduced others.  The Court will not deny attorney's fees based on the disparity between Handshoe's representation in his Motion for Cost Bond and the invoice he ultimately submitted.

Accordingly, taking into account the exclusions and reductions discussed above, Defendant Handshoe will be awarded attorney's fees in the amount of $48,000.00.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Douglas Handshoe's [50] Motion to Tax Attorney's Fees is GRANTED.  Attorney's fees are awarded in the amount of $48,000.00.

SO ORDERED AND ADJUDGED this the 11th day of December, 2013.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

I hereby certify that this instrument, document No. 56, filed on 12/11/13, is a true and correct copy of the electronically filed original.
ATTEST: ARTHUR JOHNSTON
U.S. District Court, Southern District of Mississippi
By _____
Deputy Clerk

---

[8] As noted above, Handshoe also submitted a timekeeper summary from Truitt Law Firm with his reply brief, but the Court has not relied on it because it indicated a different balance than the invoice, and was not itemized.  *See supra* note 3.

-19-

## ASSIGNMENT OF RIGHTS AND CLAIMS



**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

I, Douglas K. Handshoe, do hereby assign, convey and transfer to Jack E. Truitt and The Truitt Law

Firm, LLC any and all rights, claims, or title in any claim, action or lawsuit I may have against Charles Leary,

Vaughn Perret, and/or Trout Point Lodge, Limited for the collection of attorney's fees, costs, or any other

element of damages or interest which was awarded to me in connection with the litigation which was

formerly pending in the United States District Court for the Southern District of Mississippi and the United

States Fifth Circuit Court of Appeal between myself and the aforesaid parties.

Jack E. Truitt and The Truitt Law Firm, LLC shall have the full right to institute any and all actions

for collection of attorney's fees, costs, or other damages in the United States or Canada as if instituted by

me. This assignment of rights and claims has been made by me in exchange for good and valuable

consideration.

SWORN TO AND SUBSCRIBED

THIS 5TH DAY OF MARCH, 2014

_____

_____
**NOTARY PUBLIC**

State of Mississippi, County of Hancock
Personally appeared before me, the undersigned
authority in and for the said county and state,
on this 5th day of March 20 14 , within
my jurisdiction, the within named Doug ASK. HANDShoe
who acknowledged that He executed the
above and foregoing instrument.



Timothy A. Kellar
Chancery Clerk
By: _____

My Commission Expires Dec. 31, 2018

**VERIFIED**
Barbara Gaude
Deputy Clerk

**EXHIBIT**
β