# THE TRUITT LAW FIRM
A LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
149 NORTH NEW HAMPSHIRE STREET
COVINGTON, LOUISIANA 70433-3235
E-MAIL: MAIL@TRUITTLAW.COM

TELEPHONE:
(985) 327-5266

FACSIMILE:
(985) 327-5252

NEW ORLEANS OFFICE:

433 METAIRIE ROAD, SUITE 209
METAIRIE, LOUISIANA 70005
TELEPHONE: (504) 831-3393

WRITER'S E-MAIL:
btruitt@truittlaw.com

April 23, 2014

<u>Via Facsimile Transmission (504) 364-3780</u>
<u>and Regular U.S. Mail</u>
Clerk of Court
24th Judicial District Court
P.O. Box 10
Gretna, Louisiana 70054-0010

    Re:    Christ E. Yount vs.
              Douglas K Handshoe, et al
              Filed Under Seal
              24th JDC, Docket NO.: 736,680, "L"

Dear Clerk:

    Enclosed please find an Answer to Petition for Injunctive Relief and Damages filed Under Seal and Reconventional Demand in connection with the above referenced matter. Please file the original in to the record, make the necessary arrangements for service, and return a file-stamped copy to me in the self-addressed stamped envelope.

    We are filing the above via facsimile pursuant to the provisions of Louisiana Revised Statute 13:850. Please confirm receipt of these pleadings and the cost associated with this facsimile filing.

    We will remit the original pleadings and cost due within five days of today. If you have any questions, please do not hesitate to contact me.

With kindest regards,

JACK E. TRUITT

JET/blm
Enclosures
cc:    Daniel Abel *(Via Email w/encl.)*
       Douglas Handshoe *(Via Email w/encl.)*



EXHIBIT C.

24th JUDICIAL DISTRICT COURT OF PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 736,680                                        DIVISION/SECTION:      "L"

CHRIS E. YOUNT

VERSUS

DOUGLAS K. HANDSHOE, SLABBED.ORD
SLABBED NEW MEDIA, LLC AND JACK E. "BOBBY" TRUITT

FILED: _____      _____
                                                                    DEPUTY CLERK

**ANSWER TO PETITION FOR INJUNCTIVE
RELIEF AND DAMAGES FILED UNDER SEAL AND
RECONVENTIONAL DEMAND**

       **NOW INTO COURT**, through undersigned counsel, comes defendant, Jack E. Truitt, who respectfully answers the Petition for Injunctive Relief and Damages filed under seal of plaintiff as follows:

1.

       The allegations contained in Paragraph 1 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

2.

       The allegations contained in Paragraph 2 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

3.

       The allegations contained in Paragraph 3 of plaintiff's Petition for Injunctive Relief and Damages are denied.

4.

       The allegations contained in Paragraph 4 of plaintiff's Petition for Injunctive Relief and Damages are denied.

5.

       The allegations contained in Paragraph 5 of plaintiff's Petition for Injunctive Relief and Damages are denied.

6.

       The allegations contained in Paragraph 6 of plaintiff's Petition for Injunctive Relief are

denied.

7.

The allegations contained in Paragraph 7 of plaintiff's Petition for Injunctive Relief and Damages are denied.

8.

The allegations contained in Paragraph 8 of plaintiff's Petition for Injunctive Relief and Damages are denied.

9.

The allegations contained in Paragraph 9 of plaintiff's Petition for Injunctive Relief and Damages are denied.

10.

The allegations contained in Paragraph 10 of plaintiff's Petition for Injunctive Relief and Damages are denied.

11.

The allegations contained in Paragraph 11 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of plaintiff's Petition for Injunctive Relief are denied.

15.

The allegations contained in Paragraph 15 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of plaintiff's Petition for Injunctive Relief and Damages are admitted.

17.

The allegations contained in Paragraph 17 of plaintiff's Petition for Injunctive Relief and Damages are denied.

18.

The allegations contained in Paragraph 18 of plaintiff's Petition for Injunctive Relief and Damages are denied.

19.

The allegations contained in Paragraph 19 of plaintiff's Petition for Injunctive Relief and Damages are denied.

20.

The allegations contained in Paragraph 20 of plaintiff's Petition for Injunctive Relief and Damages are admitted. Truitt affirmatively pleads the truth of the statement attributed to him, denies its falsity, and asserts that as a question posed, there can be no malice associated with the question posed.

21.

The allegations contained in Paragraph 21 of plaintiff's Petition for Injunctive Relief and Damages are denied.

22.

The allegations contained in Paragraph 22 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

25.

The allegations contained in Paragraph 25 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

26.

The allegations contained in Paragraph 26 of plaintiff's Petition for Injunctive Relief and

Damages are denied as to this defendant.

27.

The allegations contained in Paragraph 27 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of plaintiff's Petition for Injunctive Relief and Damages are denied.

29.

The allegations contained in Paragraph 29 of plaintiff's Petition for Injunctive Relief and Damages are denied.

30.

The allegations contained in Paragraph 30 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

34.

The allegations contained in Paragraph 34 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

35.

The allegations contained in Paragraph 35 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of plaintiff's Petition for Injunctive Relief and Damages are denied as to this defendant.

37.

The allegations contained in Paragraph 37 of plaintiff's Petition for Injunctive Relief and Damages are denied.

38.

The allegations contained in Paragraph 38 of plaintiff's Petition for Injunctive Relief and Damages are denied.

39.

The allegations contained in Paragraph 39 of plaintiff's Petition for Injunctive Relief and Damages are denied. Truitt pleads the truth of the sole statement attributed to him in Paragraph 20 of the Petition.

40.

The allegations contained in Paragraph 40 of plaintiff's Petition for Injunctive Relief and Damages are denied for lack of sufficient information to justify a belief therein.

41.

Defendant avers that the alleged damages of plaintiff, which alleged damages are hereby specifically denied, were the result of fault and/or negligence on behalf of third parties for whom the defendant is not responsible or legally liable, which fault and/or negligence of said third parties is hereby plead in bar to or diminution of any recovery by plaintiff.

42.

Defendant pleads truth as an affirmative defense and pleads his right to free speech as enshrined in the First Amendment to the Constitution of the United States as an affirmative defense.

43.

Defendant pleads the Special Motion to Strike, as set forth in La. C.C.P. Art. 971, as an affirmative defense.

44.

Defendant avers that plaintiff has failed to mitigate damages, if any.

**WHEREFORE**, defendant prays that there be judgment herein in its favor after due and

deliberate proceedings had, with all costs and attorney's fees incurred in defending this litigation assessed against plaintiff. Defendant also prays for any other general or equitable relief which this Honorable Court may deem appropriate.

## RECONVENTIONAL DEMAND

NOW, assuming the role of plaintiff-in-reconvention, Jack E. Truitt, attorney at law, being of the full age and majority and a resident of the Parish of St. Tammany, State of Louisiana, and The Truitt Law Firm, LLC, being a Louisiana limited liability company, organized in and doing business in the Parish of St. Tammany, State of Louisiana, (hereinafter referred to as "plaintiffs-in-reconvention") who respectfully represent:

1.

That made defendant- in- reconvention herein is Chris E. Yount, a person of the full age of majority and a resident of and domiciled in Jefferson Parish, State of Louisiana, who is subject to the jurisdiction of this Honorable Court in that he has committed tortious acts against your plaintiffs-in-reconvention which have caused damages to plaintiffs-in-reconvention.

2.

The plaintiffs-in-reconvention represented Douglas Handshoe in the matter entitled *Trout Point Lodge, Limited vs. Doug Handshoe*, in the United States District Court for the Southern District of Mississippi, and in that matter, Douglas Handshoe was awarded attorney's fees in the amount of $48,000.00, by the Honorable Louis Guirola, Jr. in Cause No. 1:12CV90-LG-JMR (U.S.D.C. for the Southern District of Mississippi). Said interest in that judgment awarding attorney's fees in the sum of $48,000.00, was assigned by Douglas Handshoe to plaintiff-in-reconvention, Truitt.

3.

In an effort to offset or defeat that claim for attorney's fees and costs against counsel for Chris E. Yount, Daniel G. Abel, has encouraged, conspired with, and engaged in a pattern of "litigation terrorism," filing lawsuits against Truitt, his law firm, and Handshoe, all which, including the above-captioned litigation, are completely devoid of any facts or causes of action which would allow for any judgment against plaintiffs-in-reconvention, but which lawsuits were filed solely in an effort to defeat or prevent the execution of the judgment in favor of plaintiffs-in-reconvention for the full and true sum of $48,000.00, plus interest and costs.

4.

The defendant-in-reconvention has engaged in the abuse of the judicial process for (1) an ulterior purpose and (2) engaged in wilful acts in the use of the judicial process not proper in the regular conduct of these proceedings. The defendant-in-reconvention's conduct involves the misuse of a process already legally issued whereby the defendant is attempting to obtain some result not proper under law.

5.

As a result of the defendant-in-reconvention's abuse of process, the plaintiffs-in-reconvention have suffered damages, including, but not limited to, mental anguish, loss of profits, loss of business opportunities, embarrassment, humiliation, and other such damages as will be shown at a trial on the merits. In no event, though, do the damages of the plaintiffs-in-reconvention exceed the amount of $50,000.00, exclusive of judicial interest and costs.

**WHEREFORE**, plaintiffs-in-reconvention pray that the defendant-in-reconvention, Chris E. Yount, be served with a copy of this Answer and Reconventional Demand and be duly cited to appear and answer same, that after due and deliberate proceedings had, there be judgment in favor of the plaintiffs-in-reconvention and against the defendant-in-reconvention, Chris E. Yount, in an amount to be determined by this Honorable Court, and for attorney's fees, interest, and costs on any sums recovered in this action, and for all general and equitable relief as allowed by law and in the Judgment of this Honorable Court.

Respectfully submitted,

THE TRUITT LAW FIRM
A Limited Liability Company

JACK E. TRUITT, BAR NO. 18476, T.A.
PAMELA SEEBER CHEHARDY, BAR NO. 23562
ALAINA BRANDHURST, BAR NO. 35057
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Jack E. Truitt

**PLEASE SERVE:**

Chris E. Yount,
by and through his counsel of record,
Daniel G. Abel, Esq.
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on April 24, 2014.

_____