IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VAUGHN PERRET | ) | |
| CHARLES LEARY | ) | PLAINTIFFS |
| TROUT POINT LODGE, LTD, A Nova | ) | |
| Limited Company | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv241-LG-JCG |
| | ) | |
| DOUGLAS HANDSHOE | ) | DEFENDANT |
| | ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT -1 2014
ARTHUR JOHNSTON
BY _____ DEPUTY

## AFFIDAVIT IN SUPPORT OF MOTION FOR INJUNCTION

I, Douglas Handshoe, make oath and declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am the defendant in this action.

2. Plaintiff Trout Point Lodge, via owner Daniel Abel, has filed a Defamation suit in New Orleans Louisiana styled Abel, individually and as representative petitioner v Handshoe et al, which included all of defendant Handshoe lawyers in the New Orleans Civil District Court lawsuit. This lawsuit duplicates allegations that were previously decided by this Honorable Court in *Trout Point et al v Handshoe 729 F. 3d 481*. The New Orleans Civil District Court suit also duplicates allegations of defamation that Trout Point asserted in Canada that are now the subject of this instant action.

3. The New Orleans Civil District Court Suit was attached as an Exhibit 3 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-3. This is a true and correct copy of the lawsuit Abel, on behalf of Trout Point Lodge filed against Defendant and Defendant's lawyers.

Page 1 of 4


EXHIBIT J

4. The Amended New Orleans Civil District Court Suit was attached as an Exhibit 4 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-4. This is a true and correct copy of the Amended lawsuit Abel, on behalf of Trout Point Lodge filed against Defendant and Defendant's lawyers.

5. The Nova Scotia Amended Statement of Claim at the heart of *Trout Point et al v Handshoe 729 F. 3d 481* is attached as Exhibit 1 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-1. This is a true and correct copy of the lawsuit Trout Point Lodge filed against Defendant with allegations that are now duplicated in the New Orleans Civil District Court lawsuit that Abel, on behalf of Trout Point Lodge, filed against Defendant and Defendant's lawyers.

6. The Nova Scotia Amended Statement of Claim Dated September 30, 2013 that forms the basis for this instant action is attached as Exhibit 2 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-2. This is a true and correct copy of the lawsuit Trout Point Lodge filed against Defendant with allegations that are now duplicated in the New Orleans Civil District Court lawsuit that Abel, on behalf of Trout Point Lodge, filed against Defendant and Defendant's lawyers.

7. The duplicated allegations between the Canadian Judgment and this instant action include allegations that Defendant Handshoe is somehow responsible for the allegations contained in the "Concrete Busters Amended Racketeering lawsuit", which was drafted, signed and filed by Louisiana Attorney Steve Gele of the Smith Fawer law firm. I have read this lawsuit online and attest that Daniel Abel's name does not appear in the amended complaint a single time. Trout Point Lodge is named in that complaint, which

first appeared on the Slabbed New Media website hours after it was published to the Times Picayune website.

8. Attorney Steve Gele of Smith Fawer leaked this lawsuit to Slabbed New Media simultaneously with leaking it to the Times Picayune.

9. Daniel Abel, in a letter to this Honorable Court dated April 4, 2013, accused Defendant and Defendant's lawyer of perpetrating various frauds upon the Court and included a letter by Attorney Gele that written as part of a litigation settlement between Smith Fawer, Abel and Trout Point Lodge. This letter was made part of the record in *Trout Point et al v Handshoe 729 F. 3d 481*. Attached as Exhibit A to this Affidavit is a copy of the unopposed Motion to the United States Fifth Circuit Court of appeals filed by Trout Point to expand the record of their appeal of their District Court loss to include this matter.

10. I witnessed Attorney Bobby Truitt advise Judge Piper Griffin of the New Orleans Civil District Court on October 11, 2013 that certain allegations in New Orleans Civil District Court lawsuit filed by Attorney Abel had already been decided by the United States Court of Appeals for the Fifth Circuit. Judge Griffin ignored Truitt and Truitt's admonition these matters have been previously decided by the United States District Court for the Southern District of Mississippi and the United States Fifth Circuit Court of Appeals.

11. The New Orleans Civil District Court litigation is a collateral attack on the previous judgments of this Honorable Court. This collateral attack and joining of Defendant's Attorneys in subsequent litigation constitutes the Ill Practice of Law in Louisiana which carries a baseline sanction of disbarment from the practice of law.

12. Attorney Abel, aware of an investigation by the Louisiana Attorney Disciplinary Board into these matters, now approaches the New Orleans Civil District Court in an attempt to accelerate the proceedings there, including the scheduling of a Status Conference to attempt to force Handshoe to answer irrelevant and non sequitur discovery propounded by Abel into matters previously decided by this Honorable Court as well as matters that are currently before the Court in this instant action. A true and correct copy of this Motion for Status Conference is attached as Exhibit B.

13. I verily believe that the New Orleans Civil District Court proceedings have deprived me of several valuable constitutional rights including my right to due process and my rights under the First Amendment of the United States Constitution, including the chilling effects on free speech and journalism in the public interest via the re-litigation of matters previously decided by the United States District Courts.

**Witness my signature, this 1st day of October, 2014.**

_____
Douglas Handshoe, Defendant

Sworn to and subscribed before me this 1st day of October, 2014.

Timothy A. Kellar
Chancery Clerk
By: _____ DC
Notary Public

State of Mississippi, County of Hancock
Personally appeared before me, the undersigned authority in and for the said county and state, on this ___ day of _____, 20__, within my jurisdiction, the within named Douglas Handshoe who acknowledged that he executed the above and foregoing instrument.

My Commission Expires _____

My Commission Expires Dec. 31, 2015

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 1, 2014, the foregoing was electronically filed by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

M. Judith Barnett, Esq.
1911 Dunbarton Drive
Jackson, MS 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717
mjbarnettpa@yahoo.com
*Attorney for Plaintiffs*

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Affidavit in Support of Motion for Injunction to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Judge Piper Griffin
421 Loyola Avenue, Room 405
New Orleans, LA 70112

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Affidavit in Support of Motion for Injunction to the following via Email:

Anne Marie Vandenweghe-Boudreaux, Esq.
15 Colonial Lane
Harahan, Louisiana 70123
annemarieboudreaux@gmail.com

Jack E. Truitt, Esq.
149 North New Hampshire St
Covington, LA 70433
mail@truittlaw.com

Submitted this 1st day of October, 2014,

_____/s/_____
Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

Exhibit A to Affidavit

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NO: 13-60002

| | |
|---|---|
| TROUT POINT LODGE, LIMITED, A Nova Scotia Limited Company; VAUGHN PERRET and CHARLES LEARY | APPELLANTS |
| VERSUS | |
| DOUG K. HANDSHOE | APPELLEE |

---

**FEDERAL RULE OF APPELLATE PROCEDURE 10(e)(3) MOTION OF APPELLANTS, TROUT POINT LODGE, LIMITED, A NOVA SCOTIA LIMITED COMPANY, VAUGHN PERRET, AND CHARLES LEARY, TO MODIFY THE RECORD**

---

COME NOW Appellants, Trout Point Lodge, Limited, a Nova Scotia Limited Liability Company, Vaughn Perret and Charles Leary ("Trout Point, Perret and Leary"), and file this their Motion to Modify the Record pursuant to Federal Rule of Appellate Procedure 10(e)(3) and in support would show that on April 8, 2013 the United States District Court for the Southern District of Mississippi Southern Division from which this appeal was taken filed an April 4, 2013 letter from Daniel G. Abel, Esquire to Chief District Judge Louis Guirola, Jr. in which

{GP013660.1}
1

Mr. Abel says there had been a fraud perpetuated upon the district court. A copy of the letter is attached as Exhibit "A".

Trout Point, Perret, and Leary cannot and do not vouch for the accuracy or inaccuracy of Mr. Abel's fraud charge, however since the charge is so serious, they believe the record on this appeal should be expanded to include Mr. Abel's letter.

The letter claims that the blog known as "Slabbed" operated by Appellee, Doug K. Handshoe" incorrectly reported on the internet that the plaintiffs in the case of *Concrete Busters of Louisiana, Inc. and Waste Remediation of Plaquemines, LLC v. Frederick r. Heebe, Albert J. Ward, Jr., River Birch Incorporated and Hwy 90, LLC*, Civil Action No: 2:12cv2596 NJB-KWR (E.D. La.) ("*Concrete Busters*")[1] alleged Mr. Abel and Trout Point were involved in a fraudulent scheme with former Jefferson Parish, Louisiana, President, Aaron Broussard. In his letter to District Judge Louis Guirola, Mr. Abel says "'Concrete Busters" appears to have had some influence on your opinion as language from the Amended Complaint pleading and reference to it appears in your judgment and

---

[1] See the March 29, 2013 letter from Mr. Gelé (Exhibit "A" to this Motion). He tells the district court that any references to Trout Point, Perret, and Leary will be dismissed. Also see the April 4, 2013 letter from Mr. Abel (Exhibit "A" to this Motion) where he tells the district court that Trout Point, Perret, and Leary "were never parties or intended to be parties… and any listing of them as parties on the docket of the United States District Court for the Eastern District of Louisiana was erroneous." "In an even more strange occurrence, the docket of the EDLA [Eastern District of Louisiana] was amended to falsely list Aaron Broussard, as well as Trout Point…. as defendant parties to that litigation, which was never the case. The docket has, subsequent to your judgment, been corrected."

{GP013660.1}

2

certain of the conclusions in your order & reasons appear to have been arrived at from (false) facts gleaned there." (Exhibit "A".)

Mr. Abel also claims that "Doug Handshoe has repeatedly admitted that he tracks very precisely the IP addresses and attendant identities of those perusing Slabbed. As your Order & Reasons make clear that the district court looked at Slabbed after September 1, 2012, I believe it is a reasonable inference that Handshoe may have known the Court was looking at his blog." (Exhibit "A".)

Mr. Abel's letter attaches a March 29, 2013 letter from Stephen M. Gelé, Esquire, the attorney for the plaintiff in *Concrete Busters*. Mr. Gelé says that any implication that Trout Point was involved in "criminal activity or racketeering, or that their principals intended to conceal criminal acts, is and was erroneous." In other words, the attorney for the plaintiff in *Concrete Busters* retract the *Concrete Busters* allegation that Trout Point was involved with Aaron Broussard in some sort of criminal enterprise, and places the blame for such allegations on Appellee Handshoe.

While it is true that the Mississippi district court order and opinion (Exhibit "B") granting the summary judgment in favor of Appellee Handshoe referred to the *Concrete Busters* litigation and that Trout Point and Broussard were mentioned in that litigation, Trout Point, Perret, and Leary cannot know if the district court based its ruling in favor of Mr. Handshoe on the *Concrete Busters* false allegations

concerning Trout Point and Aaron Broussard.[2] The district court did not explain why it referenced alleged facts outside of the record the parties were briefing on cross motions for summary judgment. As Trout Point, Perret, and Leary have argued in their principal brief and reply brief, the district court's opinion appears to them to be completely grounded upon the district court's erroneous finding that Trout Point, Perret, and Leary failed to prove falsity in their Nova Scotia defamation action. In fact, as they have already briefed, Trout Point, Perret, and Leary alleged and proved multiple instances of falsity in the Nova Scotia proceeding. Likewise, the Nova Scotia Court found multiple instances of falsity even though not required to do so since it proceeded to a decision against Mr. Handshoe in a default judgment proceeding. However, to the extent that Trout Point, Perret, and Leary are mistaken about the district court's references to the *Concrete Busters* litigation and Mr. Abel being a former law partner of Aaron Broussard being irrelevant to the district court's decision, and the Appellate Court finds otherwise that the district court *did* so rely, Trout Point, Perret, and Leary request that the record on appeal be modified to include Mr. Abel's April 4, 2013 letter which includes the March 29, 2013 letter from Mr. Gelé so that the record

---

[2] The district court erroneously stated that Broussard was a defendant in the *Concrete Busters* litigation. Trout Point, Perret, and Leary believe the district court opinion's now allegedly erroneous references to Aaron Broussard and Mr. Abel once being law partners and Broussard being a defendant in the *Concrete Busters* litigation are irrelevant to the district court's entry of summary judgment. (Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment, R.E. 3, USCA 1548 Note 15.)

{GP013660.1}

reflects the district court relied on alleged facts: (a) which were false; and (b) which were not in the record for Trout Point, Perret, and Leary to address and deny in their briefing before the district court.

Neither the now retracted *Concrete Busters* untrue allegation that Trout Point, Perret and Leary were involved in a criminal enterprise with Aaron Broussard nor the untrue allegation that Danny Abel, Esquire and Aaron Broussard were law partners were in the record before the district court as it decided to enter summary judgment in favor of Mr. Handshoe and against Trout Point, Perret, and Leary. After the district court entered summary judgment in favor of Mr. Handshoe on December 19, 2012 [District Court Docket No. 35], and after Trout Point, Perret, and Leary noticed their appeal to this Court on December 26, 2012 [District Court Docket No. 35], Trout Point, Perret, and Leary replied to Handshoe's Motion to Require Cost Bond for Appeal [District Court Docket No: 38] and told the district court both those allegations in the opinion supporting Handshoe's summary judgment were false. [Response of Trout Point, Perret and Vaughn's to Motion to Require Cost Bond for Appeal Filed by Plaintiff, District Court Docket No: 43.] These points are therefore not in the record on this appeal.

Accordingly, Trout Point, Perret, and Leary move the Court to modify the record on appeal to include the two letters attached to this motion as Exhibit "A" in the event the Court on appeal decides it should analyze the district court's entry of

{GP013660.1}
5

summary judgment in light of Mr. Abel's claims the district court was improperly influenced.

Respectfully submitted, this the 24th day of April, 2013.

                            Trout Point Lodge, Limited, Vaughn Perret and Charles Leary

                      By:   s/ Henry Laird
                             Henry Laird,
                             Mississippi Bar No. 1774

Henry Laird (MSB No. 1774)
Email: hlaird@joneswalker.com
JONES WALKER
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS 39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516

## 5th Cir. R. 27.4 Certificate

I hereby certify that I have contacted Jack E. Truitt, counsel for Appellee, Doug K. Handshoe, who advises he opposes this Federal Rule of Appellate Procedure 10(e)(3) Motion to Modify the Record.

This the 24th day of April, 2013.

                                     s/ Henry Laird
                                     Henry Laird

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Modify the Record has been filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit via the court's CM/ECF filing system which sent notification of same to the following:

<u>Counsel for Appellee</u>

G. Gerald Cruthird, Esquire
Post Office Box 1050
Picayune, Mississippi 39466
Email: ggeraldc@bellsouth.net

Jack E. Truitt, Esquire
The Truitt Law Firm, LLC
149 North New Hampshire Street
Covington, LA 70433
Email: mail@truittlaw.com

This the 24th day of April, 2013.

s/ Henry Laird
Henry Laird

Exhibit B to Affidavit

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO. 2013-5029                                                          DIVISION: "I"

DANIEL G. ABEL
VERSUS
DOUGLAS K. HANDSHOE, ET AL.

FILED: _____                                          _____
                                                                 DEPUTY CLERK

MOTION FOR STATUS CONFERENCE
ON 3 OCTOBER 2014 RE: DISCOVERY AND
REPEATED FILINGS OF IDENTICAL MOTIONS

Petitioner Daniel Abel moves the Court to set a status conference after the 3 October 2014 hearing, already set regarding Mr. Handshoe's second Motion for a Change of Venue.

Incorporated Memorandum

Mr. Handshoe has been caught and could never envision having to answer anything under oath including discovery which Requests for Production were served on attorney Montgomery several days ago [Exhibit A - Requests for Production]. To block discovery and having to testify under oath, Mr. Handshoe has already gone so far as to ask a Federal Judge in the Southern District of Mississippi to order Chief Judge Piper Griffin to stop all proceedings in this lawsuit.

Why? Because when Mr. Handshoe has to answer discovery and questions under oath, his defamatory campaigns, at least as to Mr. Abel, shall come to an end. No doubt Mr. Handshoe is also concerned about the Court awarding the mandatory fees required under La. C.C.P. art. 971(B).

Even a cursory look at the discovery attached demonstrates that Mr. Handshoe either has evidence in support of his allegations made against Mr. Abel, or he does not. In fact, he does not and cannot have such evidence as Mr. Abel has not done any of the criminal acts alleged and broadcast by Mr. Handshoe over the internet as recently as this week.

Mr. Abel requests a status conference on the same day already set for the second of Mr. Handshoe's attempts to change venue. The venue issue is moot, as defendants Ms. Vandenweghe and Mr. Truitt have answered the original petition and have taken other actions which both waived the issue of venue and established venue in this Civil District Court.

Mr. Handshoe and now counsel have filed identical motions, had those motions set and did not urge those motions on the days of the hearing [after the other defendants motions were

denied]. Mr. Handshoe and now counsel pretend that Mr. Handshoe's motions were never set, including but not only Mr. Handshoe's art. 971 motion but now his change of venue motion as well. The record in this matter proves that both motions have been set twice.

At this Court's instruction, Mr. Abel filed for an amended judgment producing the scheduling orders from the record clearly demonstrating that Mr. Handshoe's motions had been set, but on 11 October 2013 not argued by Mr. Handshoe who was appearing pro se and on 25 April 2014 when represented by Ms. Montgomery who said nothing after all the other motions were denied. In response to Mr. Handshoe's recently again-filed Motion to Strike, Mr. Abel shall document the misrepresentations, ask for sanctions, and attorney fees accordingly. But for now Mr. Abel requests that the Court set a status conference on 3 October 2014, after the motions on the docket have been heard.

| Respectfully submitted, | Certificate of Service |
|---|---|
| /s/ Daniel G. Abel | /s/ Daniel G. Abel |
| Daniel G. Abel [LSBA 8348]<br>2421 Clearview Parkway<br>Metairie, Louisiana 70001<br>Telephone: 504.284.8521<br>Email: danielpatrickegan@gmail | I have mailed this motion and exhibit and served all counsel electronically as of this 26 September 2014 day. |

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO. 2013-5029                                                                 DIVISION: "I"

DANIEL G. ABEL
VERSUS
DOUGLAS K. HANDSHOE, ET AL.

ORDER SETTING STATUS CONFERENCE

For the reasons set forth in the motion, the Court sets and shall conduct a status conference on 3 October 2014 after the motions on the docket are heard, including the motions of the parties in this matter. Mr. Truitt can participate by telephone if he so wishes as neither the motions nor the discovery requests are directed to him.

Ordered this _____ day of _____, 2014.       New Orleans, Louisiana

_____
Chief Judge Piper Griffin

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO. 2013-5029                                         DIVISION: "I"

DANIEL G. ABEL

VERSUS

DOUGLAS K. HANDSHOE, ET AL.

FILED: _____                              _____
                                                     DEPUTY CLERK

********************************************
REQUEST FOR PRODUCTION OF DOCUMENTS,
RECORDS AND ELECTRONIC MATERIALS

To:   Mr. Douglas K. Handshoe          Ms. Anne Marie Vandenweghe
      Thru Counsel of Record           Pro Se, Attorney at Law
      Ms. Connie S. Montgomery         15 Colonial Club Lane
      1403 West Esplanade Avenue       Harahan, Louisiana 70121
      Kenner, Louisiana 70065

To Ms. Vandenweghe and Mr. Handshoe:

Please respond in writing as required and produce all items requested below in the manner and within the time frames set forth under the Louisiana Code of Civil Procedure arts. 1462, et seq.

**Request for Production No. 1**

Please produce all communications in all forms made by you and any of the Slabbed Nation entities about Daniel G. Abel.

**Request for Production No. 2**

Please produce all communications in all forms received by you and any of the Slabbed Nation entities about Daniel G. Abel.

**Request for Production No. 3**

Please produce all documents and other materials, including electronic data ever in your possession or in the possession of any of the Slabbed Nation entities about Daniel G. Abel.

**Request for Production No. 4**

Please produce all communications in all forms made by you and any of the Slabbed Nation entities about Trout Point Lodge.

**Request for Production No. 5**

Please produce all communications in all forms received by you and any of the Slabbed Nation entities about Trout Point Lodge.

**EXHIBIT A**

**Request for Production No. 6**

Please produce all documents and other materials including electronic data ever in your possession or in the possession of any of the Slabbed Nation entities about Trout Point Lodge.

**Request for Production No. 7**

Please produce all communications in all forms made by you and any of the Slabbed Nation entities about Cerro Coyote, SA of Costa Rica.

**Request for Production No. 8**

Please produce all communications in all forms received by you and any of the Slabbed Nation entities about Cerro Coyote, SA of Costa Rica

**Request for Production No. 9**

Please produce all documents and other materials including electronic data ever in your possession or in the possession of any of the Slabbed Nation entities about Cerro Coyote, SA of Costa Rica.

**Request for Production No. 10**

Please produce all communications and all documents in all forms as to your contacts with any federal or state law enforcement officers including but not only former U.S. Attorney Jim Letten, AUSA Jan Mann and AUSA Sal Perricone.

**Request for Production No. 11**

Please produce all communications and all documents in all forms arising from your alleged contacts with any federal or state law enforcement officers including but not only Special Agents of the FBI.

**Request for Production No. 12**

Please produce all documents and evidence in all forms which prove your allegations that Daniel Abel was involved in money laundering, racketeering, fraud, violation of your civil rights, criminal conspiracy, wire fraud, strong-arming of the press, abuse of the judicial process for criminal purposes, by Daniel G. Abel himself, or through Trout Point Lodge, Cerro Coyote, or another other entity.

**Request for Production No. 13**

Please produce all documents and evidence in all forms which prove your allegations that Daniel Abel was the law partner or business partner of Aaron F. Broussard.

**Request for Production No. 14**

Please produce all documents and evidence in all forms which prove your allegations that Daniel Abel was in any way involved in the public corruption scandal in Jefferson Parish.

**Request for Production No. 15**

Please produce all documents and evidence in all forms which identify by name and contain the ip addresses for all persons who have posted comments about Daniel G. Abel on slabbed.org or any of the Slabbed Nation entities.

**Request for Production No. 16**

Please produce all of your Twitter messages, including private twitter messages about Daniel G. Abel.

**Request for Production No. 17**

Please produce all documents and evidence in all forms of your communications with and your receipt of communications from any persons associated with **Frank Magazine** of Nova Scotia.

**Request for Production No. 18**

Please produce all documents and evidence in all forms of your communications with and your receipt of communications from any persons associated with Timothy Gillespie and South Coast Today and/or Shelburne County Today as well as evidence of all payments of money paid to Timothy Gillespie in any form for any purpose.

**Request for Production No. 19**

Please produce all documents and evidence in all forms which are probative of your ownership on any real property within the United States of America, all assets, all monetary certificates in all forms, all 401Ks, and other financial assets.

**Request for Production No. 20**

Please produce all documents and evidence in all forms which prove your payments of any attorney fees and litigation costs to any attorneys including Mr. Sternberg and his firm Baldwin & Haspel, Mr. Jack E. "Bobby" Truitt, and Ms. Connie Sue Montgomery.

**Request for Production No. 21**

Please produce all documents and evidence in all forms of all communications made between, received by, and transmitted between Mr. Douglas Handshoe and Ms. Anne Marie Vandenweghe, whether you have used your legal name or any of your other blogger names during the last five years.

Please produce these items requested within fifteen days and written answers as required for all items requested above in the manner and within the time frames set forth under the Louisiana Code of Civil Procedure arts. 1462, et seq..

25 September 2014

/s/ Daniel G. Abel

Daniel G. Abel [LSBA 8348]
2421 Clearview Parkway
Metairie, Louisiana 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
Email: danielpatrickegan@gmail