IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
A Nova Scotia Limited Company;
VAUGHN PERRET and
CHARLES LEARY,

                Plaintiff,     Civil Action No.: 1:12-CV-90LG-JMR

v.

DOUG K. HANDSHOE,

                Defendant.


\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*


**MEMORANDUM IN OPPOSITION TO MOTION FOR DISCIPLINE**

**MAY IT PLEASE THE COURT:**

Jack E. Truitt, attorney for defendant, Douglas K. Handshoe, offers this memorandum in opposition to the Motion for Discipline filed by plaintiff, Charles Leary, pro se.

*Facts*

On September 1, 2011, plaintiffs filed a lawsuit against defendant in the Supreme Court of Nova Scotia, alleging defamation and other related claims. The Nova Scotia court entered a default judgment against defendant in December 2011 and then held a hearing to assess damages. In March 2012, plaintiffs enrolled the judgment of the Nova Scotia court in the Circuit Court of Hancock County, Mississippi to enforce the award against defendant. Defendant removed the action to the United States District Court for the Southern District of Mississippi, as permitted by the SPEECH Act, 28 U.S.C. § 4102. The parties filed cross Motions for Summary Judgment.

This Honorable Court granted defendant's Motion for Summary Judgment and denied plaintiffs' Motion for Summary Judgment on December 19, 2012. Plaintiffs timely

appealed. The United States Court of Appeals for the Fifth Circuit affirmed this Court's decision on September 5, 2013. As the prevailing party in this litigation, the defendant was entitled to an award of his attorney's fees, as permitted by 28 U.S.C. § 4105, which provides as follows*:*

> In any action brought in a domestic court to enforce a foreign judgment for defamation, including any such action removed from State court to Federal court, the domestic court *shall*, absent exceptional circumstances, allow the party opposing recognition or enforcement of the judgment a reasonable attorney's fee if such party prevails in the action on a ground specified in section 4102 (a), (b), or (c). (Emphasis added).

Defendant, through his attorney, Jack E. Truitt, pro hac vice, had incurred approximately $55,000.00 in fees over the course of litigating this action in the Mississippi state court, United States District Court for the Southern District of Mississippi, and the United States Court of Appeal for the Fifth Circuit. The final judgment from the Court of Appeal was entered on September 5, 2013.

The SPEECH Act mandated that the prevailing party be awarded attorney's fees. In this case, the defendant's right to relief from the attempt to enforce a foreign judgment was clear, as evidenced by this Honorable Court's well-reasoned decision; and, the entitlement to relief under the SPEECH Act was reinforced by the unanimous decision of the Court of Appeal. The conduct of the plaintiffs in attempting to enforce a judgment that they should have known would not pass constitutional muster resulted in great inconvenience and expense to defendant such that the defendant was clearly entitled to an award of attorney's fees. The defendant so moved this Honorable Court, and the Court awarded *the defendant* attorney's fees in the amount of $48,000.00 by Order dated December 11, 2013. (Record Doc. No. 56).

Thereafter, on March 5, 2014, the defendant, Handshoe, assigned his attorney's fee award by this Honorable Court in the amount of the $48,000.00 to his attorney, Jack E. Truitt, for the purposes of Truitt attempting to collect on this award. (Exhibit 1 – Assignment of Rights and

Claims); this assignment was necessary since the Court had made the award of attorney's fees to the defendant and not to his attorney of record. Subsequently, on October 9, 2014, Handshoe rescinded the assignment of the attorney's fee award. (Exhibit 2 – Email of October 9, 2014, from Handshoe to Truitt); as this email explains, Truitt and Handshoe had engaged in discussions regarding the rescission of the assignment so that Truitt could commence collection efforts for Handshoe on this award of attorney's fees against the plaintiffs in the State of Mississippi considering the ongoing and collateral litigation between these parties, and this email simply formalized the previous discussions.

One of the plaintiffs, Charles Leary, despite having counsel of record in this matter, see Record Doc. No. 58 – Notice of Appearance of Mary Judith Barnett on behalf of all plaintiffs, has now filed a Motion for Discipline against Handshoe's counsel. While the precise nature of this pro se movant's complaint is hard to discern, undersigned counsel will attempt to respond.

First, the movant complains that Handshoe attempted a garnishment in an effort to satisfy the attorney's fee award on October 8, 2014, by pleadings filed with this Honorable Court. (Record Doc. No. 61); the Motion for Garnishment was denied by the Court on November 24, 2014. (Record Doc. No. 62). Leary contends that the garnishment was improper since the debt had previously been transferred to Truitt. While the award had indeed been earlier assigned to Truitt, Mr. Leary can be excused for not being aware of privileged attorney-client communication wherein the assignment of the fee award to Truitt was rescinded and thereby transferred back to Handshoe, who then filed the Motion for Garnishment on October 8, 2014.[1]

---

[1] Movant claims that Truitt misrepresented the ownership status of the fee award in other pleadings of April 23, 2014 (movant's Exhibit C) filed in State Court in Orleans Parish and in a Petition filed in St. Tammany Parish State Court in an undated pleading (movant's Exhibit D); the latter pleading, Truitt represents to the Court, was filed with the State Court on April 24, 2014. Clearly, both pleadings pre-date the revocation of the assignment by Handshoe.

Thus, there was no misrepresentation of the facts or the status of the ownership of the fee award to this Honorable Court, and this complaint has no merit.

Secondly, the movant claims that he was aggrieved by the filing of the Motion for Garnishment since "there was no notice of the motion to the Plaintiffs." The movant goes on to allege that the motion was filed "ex parte," that it was "surreptitiously filed," and that it was made with the "false assertion that he [Truitt] had actually served notice on the Plaintiffs." (Record Doc. No. 64, pg. 3). These false and slanderous accusations are, quite simply, belied by a review of the docket of the case:

| 11/24/2014 | 62 | ORDER denying 61 Motion for Writ of Garnishment Signed by Chief District Judge Louis Guirola, Jr on 11/24/2014 (Guirola, Louis) (Entered: 11/24/2014) |
|---|---|---|
| 10/08/2014 | 61 | MOTION for Writ of Garnishment *on Judgment* by Doug K. Handshoe (Truitt - PHV, Jack) (Entered: 10/08/2014) |
| 05/27/2014 | 60 | Appeal Remark re 37 Notice of Appeal : Cover Letter from U.S. Court of Appeals returning 1 envelope of exhibits. (Attachments: # 1 Exhibits)(wld) (Entered: 05/27/2014) |
| 05/27/2014 |  | DOCKET ANNOTATION as to #59. Please disregard. This document was previously filed. (wld) (Entered: 05/27/2014) |
| 05/27/2014 | 59 | (DISREGARD/FILED IN ERROR)ORDER of USCA: appellants' motion for reconsideration of the clerk's order of April 25, 2013, denying appellants' motion to supplement the record on appeal, to which there has been no response filed, is Granted. (Attachments: # 1Cover Letter)(wld) Modified on 5/27/2014 (wld). (Entered: 05/27/2014) |
| 05/19/2014 | 58 | NOTICE of Appearance by Mary Judith Barnett on behalf of All Plaintiffs (Barnett, Mary) (Entered: 05/19/2014) |

The record of this case inconspicuously shows that the plaintiffs were well-represented in this case by attorney, Mary Barnett, with her enrollment in the case on May 19, 2014. Ms. Barnett's enrollment in the case followed the withdrawal of her predecessor, Henry Laird, who had represented the plaintiffs throughout the bulk of the case. It is hard to understand why a

litigant, filing a pleading pro se when counsel is of record for that party, would so blatantly misrepresent facts to the Court. It is plain, upon a review of the case, that notice of the Motion for Garnishment would have been given to Mr. Leary's counsel, who had enrolled some five months earlier, and this is confirmed by the confirmation sheet/email generated by PACER concurrently with the filing of the Motion for Garnishment. (Exhibit 3 – Email from PACER of October 8, 2014).  Thus, there was nothing nefarious about the filing of the pleading into the record, contrary to the assertions of the movant, and this claim likewise lacks any merit.

Finally, the movant makes spurious allegations regarding Mr. Handshoe and his "pattern of knowing misrepresentations." (Record Doc. No. 64, pgs. 5-8). While Truitt denies that there is any gravity to the "conspiracy-theorist" allegations set forth in these same pages regarding Handshoe, the fact of the matter is that these same claims do not bear on Truitt in any form or substance. To the extent that they do, though, Truitt denies any wrongdoing, misrepresentations to the Court, or unethical conduct.

Finally, Leary cites no applicable case law that would warrant any sanction against Truitt or his sponsoring attorney, G. Gerald Cruthird. Rather, Leary notes that Local Uniform Civil Rule 83.1(c)(1) governs discipline for attorneys, whether Mississippi attorneys or attorneys admitted pro hac vice, who are found to have committed "flagrant" violations of rules or such conduct. None of the aforementioned facts are a.) accurate in the first place, but b.) even approaching anything that would be sanctionable by this Honorable Court.

Sadly, these plaintiffs and their former attorney/partner, Daniel Abel, who has since been suspended from the practice of law in the State of Louisiana, continue to use litigation tactics such as this filing to harass the defendant and his counsel. Undersigned counsel has now been sued by Leary and his cohorts in two separate, frivolous State Court suits; one has been recently


dismissed by the trial court, and Truitt believes that the other will eventually be resolved in his favor as well. However, this case has been long ago decided, and the time for this Court to close the chapter on this litigation, once and for all, is now. Truitt now prays that this Honorable Court will deny this Motion and send a strong message to all parties and their attorneys that their time is better spent elsewhere.

Dated this 27th day of May 2015.

        Respectfully submitted,

        **THE TRUITT LAW FIRM**
        A Limited Liability Company

        S/*Jack E. "Bobby" Truitt*
        _____
        JACK E. TRUITT, BAR NO. 18476
        149 North New Hampshire Street
        Covington, Louisiana 70433
        Telephone: (985) 327-5266
        Facsimile: (985) 327-5252
        Email: mail@truittlaw.com
        Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on May 27, 2015.

        S/*Jack E. "Bobby" Truitt*
        _____