IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
a Nova Scotia Limited Company,
VAUGHN PERRET, and CHARLES LEARY                    PLAINTIFFS

v.                                          CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                     DEFENDANT

### ORDER DENYING MOTIONS TO VACATE

BEFORE THE COURT are the [70, 72] Motions to Vacate filed by Plaintiffs Vaughn Perret and Charles Leary (hereinafter collectively "Plaintiffs"). Plaintiffs seek vacation of the Court's [35] Order Granting Summary Judgment and [56] Order Granting Motion for Taxation of Costs under Federal Rule of Civil Procedure 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [if] the judgment is void . . . ." Specifically, Plaintiffs claim that the Court lacked subject matter jurisdiction over this action. The Court has reviewed the Motions and the applicable law and finds that the Motions should be denied.

The facts of this case, which involved a defamation-based default judgment obtained from a Canadian court by Plaintiffs against Defendant Doug K. Handshoe, are discussed in detail in the Fifth Circuit's opinion affirming the Court's [35] Order, and are incorporated by reference herein. *See Trout Point Lodge, Limited v. Handshoe*, 729 F.3d 481 (5th Cir 2013). Defendant removed this action from a Mississippi state court to this Court pursuant to the Securing the Protection of our

Enduring and Established Constitutional Heritage Act (SPEECH Act). The removal provision of that Act, 28 U.S.C. § 4103, states:

> In addition to removal allowed under section 1441, any action brought in a State domestic court to enforce a foreign judgment for defamation in which–
>
> (1) any plaintiff is a citizen of a State different from any defendant;
>
> (2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (3) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state,
>
> may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

Plaintiffs argue that Defendant never pled the minimal diversity required by this section, and that such diversity did not exist because they were both American nationals living abroad, and, thus, were "stateless" citizens. *See, e.g., Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, they claim that this Court's Orders must be vacated as void for lack for subject matter jurisdiction. *See, e.g., Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (judgment may be set aside under Rule 60(b)(4) where initial court lacked subject matter jurisdiction).

However, Plaintiffs ignore record evidence (including an Affidavit submitted by Plaintiff Leary) that Plaintiff Trout Point Lodge was a Canadian corporation operating only in Canada. *See, e.g., Langfitt v. Fed. Marine Terminals, Inc.*, 647

F.3d 1116, 1119 n.7 (11th Cir. 2011) ("Diversity existed because Langfitt is a Florida citizen and FMT is a Canadian corporation."); *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1989) ("Teledyne Canada Limited and Teledyne CM Products, Inc., as Canadian Corporations, are citizens of Canada for the purposes of determining diversity jurisdiction."); *Ottawa Office Integration Inc. v. FTF Bus. Sys., Inc.*, 132 F. Supp. 2d 215, 219 (S.D.N.Y. 2001) ("In this case, federal jurisdiction is based on diversity of citizenship of the parties–Ottawa is a Canadian corporation with its principal place of business in Canada and defendants are citizens of New York State.").  They also ignore record evidence that shows that Defendant, at the very least, was a "citizen of a State[,]" and, in fact, was a Mississippi citizen.  Thus, the Court had subject matter jurisdiction under the SPEECH Act, which requires only that at least one plaintiff be a foreign citizen and one defendant be an American citizen, or vice-versa.

"[B]ecause federal courts regulate the scope of their own jurisdiction, a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'" *Callon*, 351 F.3d at 208 (citation omitted).  Neither of those circumstances is present here.  Indeed, "[o]nly when the jurisdictional error is egregious will courts treat the judgment as void." *See id.* (citation and quotation marks omitted).  This is not such a case. *See id.* ("Here the district court clearly had diversity jurisdiction over the litigation . . . ; moreover, the jurisdictional error, if any, in entering judgment . . . does not appear to be

'egregious.'") (citation omitted).  As a result, the Court finds that the Motions filed by Plaintiffs should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [70, 72] Motions to Vacate are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE