IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
a Nova Scotia Limited Company,
VAUGHN PERRET, and CHARLES LEARY           PLAINTIFFS

v.                                          CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                DEFENDANT

### SHOW CAUSE ORDER AND NOTICE OF HEARING REGARDING MOTION FOR CONTEMPT

BEFORE THE COURT is the [84] Motion for Contempt to Compel Examination of Judgment Debtor filed by Defendant Doug K. Handshoe. Plaintiffs Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary have not filed any opposition to the Motion. As discussed in further detail below, the Court now orders Plaintiffs to appear in this Court and show cause why they should not be held in civil contempt.

The Court awarded Defendant Handshoe $48,000 in statutory attorney's fees on December 11, 2013, which amount has not been paid. (*See generally* Order, ECF No. 56). Handshoe subsequently filed a [77] Motion to Examine Judgment Debtor, which the Court granted in accordance with Federal Rule of Civil Procedure 69(a)(2) and the applicable Mississippi state law. (*See generally* Order, ECF No. 79). The Court ordered Plaintiffs to appear in Court for a judgment debtor examination and to bring with them for examination the books, papers, and other documents described in the [77] Motion. The Court also stated that in lieu of appearing, Plaintiffs may elect to file proof with the Court that they have satisfied the subject

judgment against them. Plaintiffs did not appear at the hearing or file the requisite proof of satisfaction of the judgment. Thus, in the Motion before the Court, Handshoe requests that the Court find Plaintiffs "in active and flagrant contempt of this Honorable Court, order the immediate arrest of the Plaintiffs to compel them to appear before the Court as previously ordered, and to award to movant such additional sanctions as the Court finds appropriate." (Mot. 1, ECF No. 84).

"Federal courts have the inherent power to punish for contempt." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). "The availability of that power promotes the due and orderly administration of justice and safeguards the court's authority." *Id.* (citation and quotation marks omitted). Nonetheless, this inherent power "must be exercised with restraint and discretion." *See id.* (citation and quotation marks omitted).

"'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015) (citation omitted). "To hold a party in civil contempt, the court must find such a violation by clear and convincing evidence." *Id.* "'The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order.'" *Id.* (citation omitted).

However, "[i]n general, due process requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to

meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses." *Id.* (citation and quotation marks omitted). "Adequate notice typically takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Id.* Accordingly, this Court will order Plaintiffs to appear before this Court on July 27, 2017, at 10:00 a.m., and show cause why they should not be held in civil contempt for failing to comply with the Court's [79] Order.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary must appear in this Court, located at 2012 15th Street, Gulfport, Mississippi, on **July 27, 2017, at 10:00 a.m.**, for a show cause hearing as discussed above. Plaintiffs may avoid civil contempt by appearing at the hearing and submitting themselves to a judgment debtor examination and by bringing with them to the hearing the books, papers, and other documents described in the [77] Motion. Again, in lieu of appearing, Plaintiffs may elect to file proof with the Court that they have satisfied the subject judgment against them. Otherwise, Plaintiffs must be present and be prepared to show cause why they should not be held in contempt.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall serve a copy of this Order and copies of ECF Nos. 84 and 85 on Plaintiffs **no later**

---

[1] Defendant and his counsel should also be present. Counsel should be prepared to discuss under what authority this Court could issue an arrest warrant for these Plaintiffs, who appear to be domiciled in Canada. Counsel should also be prepared to discuss alternative sanctions.

**than twenty-one days** prior to the date set for the examination and immediately thereafter file proof of same with the Court.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE