IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,
a Nova Scotia Limited Company,
VAUGHN PERRET, and CHARLES LEARY                              PLAINTIFFS

v.                                                    CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                                  DEFENDANT

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CONTEMPT AND ORDERING PLAINTIFFS VAUGHN PERRET AND CHARLES LEARY TO APPEAR AND SHOW CAUSE WHY THEY HAVE FAILED TO COMPLY WITH A COURT ORDER

BEFORE THE COURT is the [84] Motion for Contempt to Compel Examination of Judgment Debtor filed by Defendant Doug K. Handshoe. Plaintiffs Trout Point Lodge, Limited, Vaughn Perret, and Charles Leary have not filed any opposition to the Motion and did not appear at a scheduled hearing on the Motion. Having considered the Motion, the argument of Defendant Handshoe at the hearing, and the applicable law, the Court will grant the Motion in part and find that Plaintiff Trout Point Lodge is in contempt of court. The Court will deny the Motion in all other respects, but will order Plaintiffs Perret and Leary to show cause why they have failed to comply with a Court Order.

### BACKGROUND

The Court awarded Defendant Handshoe $48,000 in statutory attorney's fees on December 11, 2013, which amount has not been paid. (*See generally* Order, ECF No. 56). Handshoe subsequently filed a [77] Motion to Examine Judgment Debtor, which the Court granted in accordance with Federal Rule of Civil Procedure 69(a)(2)

and the applicable Mississippi state law. (*See generally* Order, ECF No. 79). The Court ordered Plaintiffs to appear in Court for a judgment debtor examination and to bring with them for examination the books, papers, and other documents described in the [77] Motion. The Court also stated that in lieu of appearing, Plaintiffs may elect to file proof with the Court that they have satisfied the subject judgment against them.

Plaintiffs did not appear at the hearing or file the requisite proof of satisfaction of the judgment. Thus, in the Motion before the Court, Handshoe requests that the Court find Plaintiffs "in active and flagrant contempt of this Honorable Court . . . ." (Mot. 1, ECF No. 84). The Court held a hearing on the Motion on July 27, 2017. Defendant Handshoe and his counsel were present at the hearing, but Plaintiffs failed to appear.

## DISCUSSION

"Federal courts have the inherent power to punish for contempt." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). "The availability of that power promotes the due and orderly administration of justice and safeguards the court's authority." *Id.* (citation and quotation marks omitted). Nonetheless, this inherent power "must be exercised with restraint and discretion." *See id.* (citation and quotation marks omitted).

"'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or

acts with knowledge of the court's order.'" *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015) (citation omitted). "To hold a party in civil contempt, the court must find such a violation by clear and convincing evidence." *Id.* "'The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order.'" *Id.* (citation omitted).

However, "[i]n general, due process requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses." *Id.* (citation and quotation marks omitted). "Adequate notice typically takes the form of a show-cause order and a notice of hearing identifying each litigant who might be held in contempt." *Id.*

**Plaintiff Trout Point Lodge**

The Court finds by clear and convincing evidence that Plaintiff Trout Point Lodge has twice been ordered to appear in this Court on specific dates and times and has twice failed to appear or to otherwise comply with Court Orders. The Court will therefore grant the Motion insofar as it requests that Trout Point Lodge be held in civil contempt.

At the July 27 hearing, Defendant Handshoe asked for additional time to brief appropriate sanctions for Trout Point Lodge's contempt. The Court finds that such request is well-taken. Within fourteen (14) days of the date of this Order, Handshoe should file a separate Motion for Contempt with respect to Trout Point

Lodge with an accompanying Memorandum specifically addressing available sanctions and legal authority supporting any requested sanctions.

**Plaintiffs Vaughn Perret and Charles Leary**

With respect to Plaintiffs Perret and Leary, and as discussed at the hearing, the Court is concerned that these parties have not been provided adequate notice of the Court's Orders. Accordingly, this Court will order these Plaintiffs to appear before this Court on September 21, 2017, and show cause why they should not be held in civil contempt for failing to comply with the Court's [79] Order. Defendant Handshoe and his counsel must also be present and be prepared to discuss how timely service of this Order was achieved, including providing the Court with legal authority showing that service was adequate. In addition to serving Plaintiffs with a copy of this Order, Handshoe should serve Plaintiffs with a copy of the Court's previous [79, 87] Orders, and with copies of ECF Nos. 77, 84, and 85.

## CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part the Motion for Contempt. The Court will grant the Motion insofar as it requests that Plaintiff Trout Point Lodge be held in contempt of Court. The Court will deny the Motion in all other respects. However, Plaintiffs Vaughn Perret and Charles Leary are not absolved from complying with Court Orders and are ordered to appear and show cause why they have failed to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [84] Motion for Contempt to Compel Examination of Judgment Debtor is **GRANTED IN PART**

**AND DENIED IN PART**, as outlined herein.  Plaintiff Trout Point Lodge is found to be in contempt of this Court.  Within fourteen (14) days of the date of this Order, Defendant Handshoe should file a separate Motion for Contempt with respect to Trout Point Lodge with an accompanying Memorandum specifically addressing available sanctions and legal authority supporting any requested sanctions.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs Vaughn Perret and Charles Leary must appear in this Court, located at 2012 15th Street, Gulfport, Mississippi, on **September 21, 2017, at 10:00 a.m.**, for a show cause hearing.  Plaintiffs Perret and Leary may avoid civil contempt by appearing at the hearing and submitting themselves to a judgment debtor examination and by bringing with them to the hearing the books, papers, and other documents described in the [77] Motion.  In lieu of appearing, Plaintiffs Perret and Leary may elect to file proof with the Court that they have satisfied the subject judgment against them.  Otherwise, they must be present and be prepared to show cause why they should not be held in contempt.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Handshoe and his counsel shall appear at the scheduled hearing and be prepared to discuss the service issues outlined herein.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
