IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| TROUT POINT LODGE, LIMITED, <br> A Nova Scotia Limited Company; <br> VAUGHN PERRET and <br> CHARLES LEARY, <br> <br> v. <br> <br> DOUG K. HANDSHOE | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:12CV90-LG-JMR <br> ) <br> ) <br> ) |

**MOTION FOR SANCTIONS FOR CONTEMNOR TROUT POINT LODGE**

NOW INTO COURT, through undersigned counsel, comes defendant, Doug K. Handshoe, pursuant to the order of this Honorable Court dated July 28, 2017, and respectfully moves this Court to consider a variety of sanctions to both compensate the defendant for his costs related to Trout Point Lodge's willful disregard of the orders of this Court as well as coerce Trout Point Lodge, Limited into complying with the orders of this court mandating that it appear for the Judgment Debtor Examination set by this Court.

Trout Point Lodge was ordered by this Court to appear on November 22, 2016. The order of this Court was served on Trout Point Lodge Limited on October 6, 2016. Trout Point Lodge did not appear as ordered by the Court. Similarly, on June 13, 2017 Trout Point Lodge was ordered by this Court to appear on July 27, 2017 for a Judgment Debtor Examination, such order served on Trout Point on

1

June 22, 2017. Again, Trout Point did not appear as ordered. On July 28, 2017, this Court found "clear and convincing evidence" that Trout Point willfully disregarded the lawful orders the Court and found Trout Point to be it in Civil Contempt.

As more fully explained in the accompanying memorandum, which is incorporated herein by reference, upon a finding of contempt the district court has "broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process."[1] "The proper aim of judicial sanctions for civil contempt is 'full remedial relief,' that such sanctions should be 'adapted to the particular circumstances of each case,' and that the only limitation upon the sanctions imposed is that they be remedial or coercive but not penal."[2] Further, a court has the authority to award attorneys' fees for compensatory purposes after a finding of civil contempt.[3]

The defendant seeks both remedial and coercive sanctions as well as attorney fees as is more fully explained in the accompanying memorandum of law.

The defendant prays the Court finds this Motion to be well taken and crafts tailored sanctions that will remediate the contempt, coerce the Plaintiffs into

---

[1] *Test Masters*, 428 F.3d at 582
[2] *Fla. Steel Corp. v. Nat'l Labor Relations Bd.*, 648 F.2d 233, 239 (5th Cir.1981) (internal citations omitted)
[3] *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir.1977) ("It matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party ...").

complying with this Court's lawful orders and compensate the Defendant for his additional costs in bringing this violation to the Court's attention.

Respectfully submitted this 10th day of August, 2017,

/s/ G. Gerald Cruthird
G. GERALD CRUTHIRD
For defendant Doug K. Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, Attorney for Doug K. Handshoe, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record at 189 Trout Point Road, Kemptville, Nova Scotia, B5A 5X9.

So certified, this 10th day of August, 2017,

/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com