IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TROUT POINT LODGE, LIMITED,** | ) | |
| **A Nova Scotia Limited Company;** | ) | |
| **VAUGHN PERRET and** | ) | |
| **CHARLES LEARY,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:12CV90-LG-JMR** |
| | ) | |
| **DOUG K. HANDSHOE** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS FOR CONTEMNOR TROUT POINT LODGE

Douglas Handshoe respectfully submits this memorandum in support of his

Motion for Sanctions for Contemnor Trout Point Lodge.

### Background

Trout Point Lodge was ordered by this Court to appear on November 22,

2016 for a Judgment Debtor Examination. The order of this Court was served on

Trout Point Lodge, Limited on October 6, 2016. Trout Point Lodge did not appear

as ordered by the Court. Similarly, on June 13, 2017 Trout Point Lodge was

ordered by this Court to appear on July 27, 2017 for a Judgment Debtor

Examination, such order served on Trout Point on June 22, 2017.  Again, Trout

Point did not appear as ordered. On July 28, 2017, this Court found "clear and

1

convincing evidence" that Trout Point willfully disregarded the lawful orders the

Court and found Trout Point to be it in Civil Contempt.

### Applicable Law in the Fifth Circuit

Upon a finding of civil contempt the district court has "broad discretion in

assessing sanctions to protect the sanctity of its decrees and the legal process."[1]

"The proper aim of judicial sanctions for civil contempt is `full remedial relief,'

that such sanctions should be `adapted to the particular circumstances of each case,'

and that the only limitation upon the sanctions imposed is that they be remedial or

coercive but not penal."[2]  Further, a court has the authority to award attorneys' fees

for compensatory purposes after a finding of civil contempt.[3]

The defendant seeks both remedial and coercive sanctions as well as

attorney fees. The defendant also has found authority for a coercive sanction to

include a tailored litigation injunction or even ordering a Contemnor to dismiss

other litigation.[4]  However, the issuance of an injunction requires specific notice

thus this remedy is not available for the Court at this time.[5] Defendant Handshoe

respectfully submits the Court consider, upon future Motion and Notice, this type

---

[1] *Test Masters*, 428 F.3d at 582

[2] *Fla. Steel Corp. v. Nat'l Labor Relations Bd.*, 648 F.2d 233, 239 (5th Cir.1981) (internal citations omitted)

[3] *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir.1977) ("It matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party ...").

[4] *Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC* (Cause No. 1:11-cv-00251-GHD-SAA, N.D. Miss., Aberdeen Division, June 14, 2017)

[5] *Wheeler v. Collier* (*In re Wheeler*) (Case Number No. 14-30961, 5th Cir., 2015)

of coercive remedy in the future should the initial sanctions prove to be ineffective against the foreign domiciled Plaintiffs.

### The Crucial Need for A Judgment Debtor Examination to identify the Contemnor's United States Assets

Contemnor Trout Point Lodge, Limited markets itself to the United States public as a travel destination[6] and from outward appearances appears to conduct financial transactions that would be subject to garnishment including business relationships and listings with Trip Advisor and Expedia as well as other travel booking websites. Per the Expedia listing[7], Trout Point Lodge takes Mastercard, American Express and Visa, merchant card venders that are all domiciled in the United States.

Further, affidavits submitted by Trout Point Lodge, Limited owners Charles Leary, Vaughn Perret and Daniel Abel in their Yarmouth Nova Scotia Defamation action against Louisiana Media featured their "lucrative business relationship" with a Louisiana domiciled limited liability company named Nova Scotia Enterprises, LLC. The affidavits which illustrated this business relationship and associated financial transactions upon which the affidavits were based were published by the Defendant to the Slabbed New Media website in 2011, 2012 and 2013. While it

---

[6] See **The Other Nova Scotia: Where Pirates Prowled and Haddock Roam** published by the New York Times for an example of a promotional article aimed at the United States public at http://www.nytimes.com/2009/10/16/travel/16nova.html

[7] Found at https://www.expedia.com/Yarmouth-Hotels-Trout-Point-Lodge-Of-Nova-Scotia.h1563895.Hotel-Information

was later revealed by the United States Attorney for the Eastern District of Louisiana that Nova Scotia Enterprises, LLC was a bribery scheme masterminded by felon Aaron Broussard, the money transactions and the financial benefits from laundering Broussard's bribes to Trout Point all had their nexus in the United States and would be subject to the jurisdiction of the United States Courts for execution. Failing to appear for a Judgment Debtor Examination clearly has cheated Defendant Handshoe of identifying all of Trout Point's United States sources of income and assets upon which execution can be issued.

### Available Sanctions

The most common forms of civil contempt sanction are the compensatory, coercive daily fine for failure to appear and/or the issuance of Writs of Body Attachment. Since Trout Point Lodge is domiciled in a foreign country the Defendant shares the Court's concern that issuing a Writ of Body Attachment would not be an effective coercive sanction so by process of elimination we are left with the daily fine for not complying with this Court's direct orders. As such the Defendant would respectfully submit the following sanction as appropriate:

- A fine of $100 per day effective immediately after the entry of the Court's order on this Motion for a period of 20 days.

- After 20 days, if the Contemnor has still not complied with this Court's order to submit to a Judgment Debtor Examination, the daily fine is increased to $1,000 per day.

- All such sanctions are to be made payable to the Defendant.

- Attorney fees and expenses including the Cost of Service of the Court's show cause orders on June 22, 2017 and October 6, 2016.

The above would be a measured, reasonable response to the Contemnor's egregious conduct openly defying this Court's orders and coerce the Contemnor into compliance, as well as compensate the Defendant his costs in bringing this matter to the Court's attention.

Respectfully submitted this 10th day of August, 2017,

/s/ G. Gerald Cruthird
G. GERALD CRUTHIRD
For defendant Doug K. Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, Attorney for Doug K. Handshoe, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record at 189 Trout Point Road, Kemptville, Nova Scotia, B5A 5X9.

So certified, this 10th day of August, 2017,

/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com