IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUGH POINT LODGE, LIMITED,
a Nova Scotia Limited Company,
VAUGHN PERRET, and CHARLES LEARY                    PLAINTIFFS

v.                                                  CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                    DEFENDANT

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS

BEFORE THE COURT is the [95] Motion for Sanctions for Contemnor Trout Point Lodge filed by Defendant Doug K. Handshoe. Having considered the Motion and the applicable law, the Court will grant the Motion in part. The Court will impose civil contempt sanctions on Plaintiff Trout Point Lodge, Limited ("Trout Point Lodge") of a per diem fine of $100 payable to Defendant Handshoe, effective immediately from the date of this Order and remaining in effect until such time as Trout Point Lodge purges itself of its civil contempt by complying with the Court's previous Orders. The Court will also award Defendant Handshoe his costs and attorney's fees, as outlined more fully herein. The Court will deny the Motion in all other respects.

### BACKGROUND

In 2013, the Court awarded Defendant Handshoe $48,000 in statutory attorney's fees, which Plaintiffs Trout Point Lodge, Vaughn Perret, and Charles Leary have subsequently failed to pay. (*See generally* Order, ECF No. 56). In 2016,

1

Handshoe filed a [77] Motion to Examine Judgment Debtor, which the Court granted. (*See generally* Order, ECF No. 79). The Court ordered Plaintiffs to appear in Court for a judgment debtor examination and to bring with them for examination the books, papers, and other documents described in the [77] Motion. The Court also stated that in lieu of appearing, Plaintiffs may elect to file proof with the Court that they have satisfied the subject judgment against them. Plaintiffs did not appear at the scheduled hearing or file the requisite proof of judgment satisfaction.

The Court then ordered Plaintiffs to either appear on July 27, 2017 for a judgment debtor examination or to file proof with the Court that they satisfied the subject judgment. (*See generally* Order, ECF No. 87). Again, Plaintiffs did neither. Accordingly, the Court granted in part Handshoe's [84] Motion for Contempt and found Plaintiff Trout Point Lodge in civil contempt of Court.[1] (*See generally* Order, ECF No. 89).

Handshoe now asks the Court to craft "tailored sanctions that will remediate the contempt, coerce [Trout Point Lodge] into complying with this Court's lawful orders and compensate [Handshoe] for his additional costs in bringing this violation to the Court's attention." (Mot. 2-3, ECF No. 95). Specifically, he

> submit[s] the following sanction as appropriate:

---

[1] The Court declined to hold Plaintiffs Perret and Leary in contempt because of its concern "that these parties have not been provided adequate notice of the Court's Orders." (*See* Order 4, ECF No. 89). The Court has ordered Plaintiffs Perret and Leary to appear in Court on September 21, 2017. (*See id.* at 4-5).

2

> [1] A fine of $100 per day effective immediately after the entry of the Court's order on this Motion for a period of 20 days.
> [2] After 20 days, if the Contemnor has still not complied with this Court's order to submit to a Judgment Debtor Examination, the daily fine is increased to $1,000 per day.
> [3] All such sanctions are to be made payable to the Defendant.
> [4] Attorney fees and expenses including the Cost of Service of the Court's show cause orders on June 22, 2017 and October 6, 2016.

(Mem. 4-5, ECF No. 96).[2]

## DISCUSSION

"Federal courts have the inherent power to punish for contempt." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). "The availability of that power promotes the due and orderly administration of justice and safeguards the court's authority." *Id.* (citation and quotation marks omitted); *see also Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 327 (1904). A civil contempt order is appropriate "to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation . . . ." *See Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990). "[T]he proper aim of judicial sanctions for civil contempt is 'full remedial relief,' that such sanctions should be 'adapted to the particular circumstances of each case,' and that the only limitation

---

[2] Handshoe also requests that the Court consider "a tailored litigation injunction or even ordering a Contemnor to dismiss other litigation" as a potential future sanction. (*See* Mem. 2-3, ECF No. 96). The Court will not offer an advisory opinion on whether future sanctions may be appropriate, as it would be improper to do so at this juncture.

3

upon the sanctions imposed is that they be remedial or coercive but not penal . . . ." *Fla. Steel Corp. v. N.L.R.B.*, 648 F.2d 233, 239 (5th Cir. 1981) (citations omitted); *see also N.L.R.B. v. Concordia Elec. Co-Op., Inc.*, No. 95-60404, 1999 WL 1411474, at *9 (5th Cir. Nov. 9, 1999). The Court should consider the following factors "in the imposition of a civil contempt sanction: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin.*, 918 F.2d at 567.

Having duly considered these factors, the Court finds that an appropriate sanction for Trout Point Lodge's civil contempt is a per diem fine of $100 effective immediately and remaining effective until Trout Point Lodge complies with the Court's Orders.[3] *See, e.g., Lamar Fin.*, 918 F.2d at 567 (finding "no abuse of discretion in the assessment of a $500 per day sanction on" an individual for failure to comply with the district court's discovery orders); *Chisholm ex. rel CC, MC v. Kliebert*, No. 97-3274, 2013 WL 3807990, at *20 (E.D. La. July 18, 2013) (a "typical civil contempt sanction is 'a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order'") (citation omitted). The Court is also of the opinion that Trout Point Lodge must pay reasonable expenses and attorney's fees to Handshoe for the expenses and fees Handshoe has incurred in attempting to obtain

---

[3] Trout Point Lodge can do so by contacting Handshoe's counsel to arrange a time to submit to a judgment debtor examination or, alternatively, by satisfying the judgment against it, including any amounts incurred as discussed herein.

judgment debtor discovery from Trout Point Lodge.  *See, e.g.*, *Concordia Elec. Co-Op.*, 1999 WL 1411474, at *9 ("A court may award costs and attorney's fees in a civil contempt case."); *In re Rodriguez*, No. SA-06-CA-323-XR, 2007 WL 593582, at *7 (W.D. Tex. Feb. 20, 2007); *see also Lamar Fin.*, 918 F.2d at 566 (civil contempt order is appropriate "to compensate another party for the contemnor's violation").  The Court denies Handshoe's request to increase the daily fine to $1,000 per day after 20 days, as the Court is of the opinion that such an increase would enter the realm of punitive, rather than coercive, sanctions.  *See, e.g.*, *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) ("fines in civil contempt proceedings may be levied . . . to compel the contemnor to comply with the court's order, in which case the amount must be reasonably designed to force compliance, without being punitive").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [95] Motion for Sanctions for Contemnor Trout Point Lodge filed by Defendant Doug K. Handshoe is **GRANTED IN PART AND DENIED IN PART**, as outlined herein.  Plaintiff Trout Point Lodge is ordered to pay $100/day to Handshoe, until such time as Trout Point Lodge purges itself of contempt by complying with the Court's Orders.  Plaintiff Trout Point Lodge is also ordered to pay Handshoe his reasonable expenses and attorney's fees in an amount to be determined by the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Handshoe should submit proof of his expenses and attorney's fees to the Court within fourteen (14) days of this Order so that the Court may determine the appropriate amount to

be paid by Plaintiff Trout Point Lodge. Defendant Handshoe should submit such proof via an Amended Motion for Sanctions limited solely to this issue.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE