IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED,                          PLAINTIFFS
VAUGHN PERRET AND CHARLES LEARY

VS.                                CIVIL ACTION NO. 1:12CV90

DOUG K. HANDSHOE                                      DEFENDANT

**TRANSCRIPT OF SHOW CAUSE HEARING**

BEFORE THE HONORABLE LOUIS GUIROLA
UNITED STATES DISTRICT JUDGE

OCTOBER 26, 2017
GULFPORT, MISSISSIPPI

APPEARANCES:

FOR THE DEFENDANT:

    G. GERALD CRUTHIRD, ESQUIRE
    POST OFFICE BOX 1056
    PICAYUNE, MISSISSIPPI  39466

REPORTED BY:  TERI B. NORTON, RMR, FCRR, RDR
              Mississippi CSR #1906
              2012 15th Street, Suite 403
              Gulfport, Mississippi  39501
              (228) 563-1748

1           **THE COURT:**  Madam clerk, if you would, please call
2    the next case.
3           **THE CLERK:**  Civil Case Number 1:12cv90, Trout Point
4    Lodge, Limited, et al versus Handshoe, set for a show cause
5    hearing.
6           **MR. CRUTHIRD:**  The movant is present, Your Honor.
7           **THE COURT:**  I'm sorry.  I couldn't hear you.
8           **MR. CRUTHIRD:**  I'm sorry.  The movant is present and
9    ready.
10          **THE COURT:**  All right.  What is your announcement?
11          **MR. CRUTHIRD:**  We are ready to proceed, Your Honor.
12          **THE COURT:**  My recollection of the case is that the
13   last time we were here, an order was entered granting in part
14   and denying in part your request for sanctions.  It's painfully
15   apparent that the movant can continue to make motions until the
16   cows come home, and these individuals are not going to appear.
17   I'm trying to recall --
18          **MR. CRUTHIRD:**  Your Honor, I believe that we -- you
19   want me to go through a brief timeline on this?
20          **THE COURT:**  That would probably be helpful in the
21   event that a reviewing court, for whatever reason, needs to
22   review this matter.
23          **MR. CRUTHIRD:**  All right.  Your Honor, I believe,
24   rendered a judgment, the judgment that is at issue in this case
25   in December of 2013, and after an appeal by these non-present

1  individuals wound its way through the Fifth Circuit, your
2  ruling was affirmed at that point.
3       And last fall, August 17, 2016, Mr. Handshoe, whom I
4  represent, filed a motion for a judgment debtor exam in
5  furtherance -- in an attempt to collect the judgment rendered
6  by the Court in his favor of approximately $48,000.
7       Now, the Court granted the motion and ordered Charles
8  Leary and Vaughn Perret, who are Canadian citizens, to appear
9  on November -- the motion was granted on September 20, 2016,
10 and the examination was scheduled by the Court for November 22,
11 2016.  On November 22, 2016, the plaintiffs or the judgment
12 debtors did not appear as ordered.
13      Now, I want to go back, because this is going to be
14 relevant to this issue of sanctions against Charles Leary and
15 Vaughn Perret.  There was an entry of appearance by this Judith
16 Barnett all the way back in this case to May 19, 2014.  And
17 I've been as a secondary counsel for Mr. Handshoe in this case
18 from the beginning.  I've assisted Mr. Truitt in getting
19 through pro hac vice appearance to be the primary counsel, but
20 Ms. Barnett did enroll on May 19, 2014.  I'm going to come back
21 to her and the Court's recent action in regards to her.
22      Time passed on, and the Court ruled on June 13, 2017 and
23 issued another show cause order for Leary and Perret to appear
24 for July 27, 2017, and they didn't appear again, and we were
25 before the Court at that time.  And you're right, the Court did

1    subsequently render an order in part and denied in part and
2    allowed Mr. Handshoe to further submit a brief in this matter
3    as to the whole issue about sanctions.
4         And I believe the Court -- I don't have the date right
5    here, but it's a part of the docket -- rendered a follow-up
6    order in September that granted sanctions of $100 a day against
7    Trout Point Lodge, who has been served in this matter through a
8    manager of the lodge that's located in Nova Scotia.
9         All right.  Further attempts to serve Mr. Perret and Mr.
10   Leary were had, and personal service was not granted or not
11   gained.  But back to Ms. Barnett again, she's been in this case
12   all the way up to -- as a -- and getting notice on all court
13   orders and notices in this case, and that's what we wanted to
14   try to persuade the Court, to utilize her appearance and her
15   service in this case all the way up until the Court allowed her
16   to withdraw I believe one day last week.
17        Now, these individuals continue to litigate in a myriad of
18   litigation involving Mr. Handshoe, who is a resident of Stone
19   County, Mississippi, but their counsel are beginning to fall
20   back and withdraw.  There was a counsel in a case that Judge
21   Ozerden has in federal court, a 2015 case, that their principal
22   counsel has withdrawn in recent weeks on, and they are
23   attempting to represent themselves pro se.
24        We have as a proposed exhibit to show you that they
25   maintain significant contacts in the United States.  Their

1  lodge is -- and I have this as a proposed composite Exhibit 1
2  or A.  Their lodge is for sale -- been listed for sale with New
3  York State realtors, and there are several listing data here.
4  And also, in this other federal court case that Judge Ozerden
5  presides over, there have been pleadings filed pro se by Mr.
6  Leary that have New Orleans postmarks on them, and we have this
7  as a composite exhibit that I would like to offer Your Honor in
8  support of our motion today.
9           **THE COURT:**  What is your motion today?
10          **MR. CRUTHIRD:**  For the Court to render sanctions
11 against these two individuals, Mr. Leary and Mr. Perret.  Of
12 course, we would prefer the attachment of the body, but if the
13 Court were of the mind to -- because they are appearing in the
14 United States but apparently clandestinely.  I mean, they are
15 in the -- have made entry into the United States.
16          **THE COURT:**  All right.  And Mr. Handshoe has a
17 judgment against them as well --
18          **MR. CRUTHIRD:**  Yes, sir.
19          **THE COURT:**  -- that has been affirmed by the Court of
20 Appeals?
21          **MR. CRUTHIRD:**  Yes, sir, and it's enrolled in not
22 only -- I think your home county it's enrolled in, but
23 otherwise here in Harrison County.
24          **MR. HANDSHOE:**  Hancock and Stone.
25          **MR. CRUTHIRD:**  Hancock County.

1          **THE COURT:**  Karla, I wasn't aware there was an
2    additional motion pending.  Is there a new motion?  I wasn't
3    aware that there was an additional motion.
4          **MR. CRUTHIRD:**  Yes, sir, this was set over -- this
5    was in the July -- this show cause hearing was set over for
6    September 20th, and when we didn't get personal process, we
7    requested a continuance, and it was reset by minute entry on --
8    I'm looking for the date here.  September 20th.  It was set
9    over for today.  So that's the remaining issue, Your Honor,
10   before the Court is sanctions against these two defendants or
11   two plaintiffs/respondents.
12         **THE COURT:**  For failure to appear --
13         **MR. CRUTHIRD:**  On repeated notices for show cause.
14   Judgment debtor exam and then two show cause hearings.
15         **THE COURT:**  What is the number on that motion, the
16   docket number?  It should be across the top of it.
17         **MR. CRUTHIRD:**  Do you have your number?  Mr. Handshoe
18   is here.
19         **MR. HANDSHOE:**  It's document 89.
20         **MR. CRUTHIRD:**  89, Your Honor.
21         **THE COURT:**  Let's look that up and see if that's
22   still pending.  89 -- we've already granted that motion?
23         **THE CLERK:**  That was the actual motion to continue on
24   84, but the order was 89.
25         **THE COURT:**  And the order entered was number 89.  It

1  seems we have already given you what you are asking me for here
2  today.
3           **MR. CRUTHIRD:**  Your Honor, may I have just a minute?
4           **THE COURT:**  Of course.
5           **MR. CRUTHIRD:**  Your Honor, it should be -- if you
6  will refer to page four of document 89.  I thought you did give
7  us additional time to try to get notice to them is why we are
8  here.
9           **THE COURT:**  All right.
10          **MR. CRUTHIRD:**  And while we did not get physical
11 notice, even though we served an agent of Trout Point that is
12 presumably their employee --
13          **THE COURT:**  So it's your contention that notice was
14 provided to the lawyer that represented them --
15          **MR. CRUTHIRD:**  Yes, sir.
16          **THE COURT:**  -- and that is sufficient?
17          **MR. CRUTHIRD:**  Yes, sir, under Rule 5(b)(1).  Yes,
18 sir.  And there's a couple of cases that I have.
19          **THE COURT:**  Go ahead and give your composite exhibit
20 to the clerk, and we will mark that for purposes of this
21 hearing as Exhibit Number 1.
22          **MR. CRUTHIRD:**  Yes, sir.  May I approach?
23          **THE COURT:**  Movant Exhibit Number 1.  Yes, sir.
24     **(EXHIBIT 1 MARKED)**
25          **THE COURT:**  All right.  And you are asking for

1   additional sanctions to be brought against the individuals as
2   was also done with the corporation --
3           **MR. CRUTHIRD:**  Yes, sir.
4           **THE COURT:**  -- Trout Point?
5           **MR. CRUTHIRD:**  Now, these men, I stand corrected by
6   my client, are American citizens.  They just have a business
7   and operate out of Canada.
8           **THE COURT:**  All right.
9           **MR. CRUTHIRD:**  And they are -- they have been
10  active -- as I indicated, part of that composite Exhibit 1
11  shows that Leary is filing responses pro se in Judge Ozerden's
12  case.  And we have another case that I'm more -- I guess have
13  been more integrally involved in, which was a state court
14  collection proceeding against Mr. Handshoe.  I alluded to that
15  in my presentation back in July.  And they have continued to
16  fund an attorney out of Jackson on that, and the circuit judge
17  has not ruled on some issues as to what they were entitled, but
18  they did conduct a judgment debtor exam on Mr. Handshoe.
19          **THE COURT:**  Here's what I'm going to do.  I'm going
20  to enter what appears to be the best way to handle this based
21  upon the service upon the lawyer who had not withdrawn from the
22  case prior and her representation of them, having been noticed
23  on the sanctions hearing, that you are entitled to sanctions
24  against them as well and in the same form and in the same
25  fashion as the corporation has been sanctioned, and I will

1    enter a supplemental order to that effect.
2            **MR. CRUTHIRD:**  Thank you, Your Honor.
3            **THE COURT:**  Does that take care of it?
4            **MR. CRUTHIRD:**  Yes, sir.  I think we are probably
5    done in this court.  Aren't we, Doug?  I mean, I know Judge
6    Guirola will be relieved, but small relief.
7            **THE COURT:**  I would say I would be -- I can move on
8    to other things.
9            **MR. CRUTHIRD:**  Yes, sir.
10           **THE COURT:**  But I will enter that supplemental order,
11   and, of course, you have an enrolled judgment, and I will leave
12   it to the individuals and to the corporation to come to this
13   Court and tell me why it should be set aside.  But in the
14   meantime, it will remain in effect.
15           **MR. CRUTHIRD:**  Thank you, Your Honor.
16           **THE COURT:**  All right.  We will enter an order to
17   that effect today.
18           **MR. CRUTHIRD:**  Thank you very much.
19           **THE COURT:**  If there is nothing else, we are
20   adjourned.
21                        (HEARING CONCLUDED)
22
23
24
25

1
2
3         CERTIFICATE OF COURT REPORTER
4
5        I, Teri B. Norton, RMR, FCRR, RDR, Official Court
6   Reporter for the United States District Court for the Southern
7   District of Mississippi, appointed pursuant to the provisions
8   of Title 28, United States Code, Section 753, do hereby certify
9   that the foregoing is a correct transcript of the proceedings
10  reported by me using the stenotype reporting method in
11  conjunction with computer-aided transcription, and that same is
12  a true and correct transcript to the best of my ability and
13  understanding.
14       I further certify that the transcript fees and format
15  comply with those prescribed by the Court and the Judicial
16  Conference of the United States.
17
18
19
20       S/ *Teri B. Norton*
         TERI B. NORTON, RMR, FCRR, RDR
21       OFFICIAL COURT REPORTER
22
23
24
25