# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60508

VAUGHN PERRET; CHARLES LEARY,

    Plaintiffs – Appellants

v.

DOUG K. HANDSHOE,

    Defendant – Appellee.

United States Court of Appeals
Fifth Circuit
**FILED**
January 5, 2018
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-90

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

    Appellants challenge the district court's order denying Appellants' Federal Rule of Civil Procedure 60(b)(4) motion to vacate for lack of subject-matter jurisdiction. Because the district court did not err in finding diversity jurisdiction under § 4103 of the Securing the Protection of our Enduring and Established Constitutional Heritage ("SPEECH") Act,[1] we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. §4101 *et seq*.

Case: 16-60508     Document: 00514326013     Page: 2     Date Filed: 01/29/2018
Case 1:12-cv-00090-LG-JMR   Document 110   Filed 01/29/18   Page 2 of 5

No. 16-60508

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vaughn Perret and Charles Leary are Nova Scotian residents and the sole principals of Trout Point Lodge, Ltd., a Nova Scotian company that owns the Trout Point Lodge Resort & Hotel. In 2011, Perret, Leary, and Trout Point (collectively "Appellants") filed suit in the Supreme Court of Nova Scotia alleging that Doug Handshoe ("Handshoe"), a Mississippi resident and owner-operator of the blog "Slabbed," defamed Appellants in a series of blog publications. Handshoe did not appear, and the Nova Scotian court consequently entered a default judgment against him.

In 2012, Appellants filed a "motion to enroll" the Nova Scotian judgment in Mississippi state court. The motion, which consisted of a single paragraph, did not include any jurisdictional allegations. Handshoe subsequently filed a timely notice of removal, alleging that the district court for the Southern District of Mississippi had federal question jurisdiction over the case pursuant to the SPEECH Act. Appellants did not contest the removal at the time, nor did they file a motion to remand. The district court eventually granted summary judgment in favor of Handshoe, declining to recognize the Nova Scotian judgment under the substantive standard set forth in the SPEECH Act.[2] Appellants appealed to this Court, and we affirmed.[3]

Three years after our mandate issued affirming the district court's summary judgment, Appellants filed a Rule 60(b)(4) motion to vacate the judgment, contending that it was void for want of subject-matter jurisdiction because the parties were not diverse as contemplated by § 4103 of the SPEECH Act. The district court, however, found that the parties were diverse and denied Appellants' motion. Appellants timely appealed.

---

[2] 28 U.S.C. § 4102.
[3] *Trout Point Lodge, Ltd. v. Handshoe* (Trout Point I), 729 F.3d 481, 496 (5th Cir. 2013).

Case: 16-60508 Document: 00514326013 Page: 3 Date Filed: 01/29/2018
Case 1:12-cv-00090-LG-JMR Document 110 Filed 01/29/18 Page 3 of 5

No. 16-60508

## II. STANDARD OF REVIEW

We review de novo the district court's denial of a Rule 60(b)(4) motion.[4] Federal courts may set aside judgments under Rule 60(b)(4) in two circumstances: (1) if the district court lacked personal or subject-matter jurisdiction; or (2) if the district court acted in a manner inconsistent with due process of law.[5] When an appellant alleges the former, we sustain a Rule 60(b)(4) challenge "only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'"[6] In other words, the district court must have "lacked even an 'arguable basis'" for exercising jurisdiction over the case.[7]

## III. DISCUSSION

The district court found that it had removal jurisdiction under § 4103 of the SPEECH Act, which permits removal of state court actions to enforce foreign defamation judgments where "any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State."[8] Appellants argue that the district court's finding is not supported by the record. We disagree for the reasons set forth below.[9]

---

[4] *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

[5] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

[6] *Id.* (citing *Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d Cir. 1986)).

[7] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citing *Nemaizer*, 793 F.2d at 65). Assuming that the district court committed jurisdictional error, it must have been "egregious." *Callon*, 351 F.3d at 208 (citing *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)).

[8] 28 U.S.C. § 4103(2). This type of diversity jurisdiction is commonly referred to as "minimal diversity." *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir. 1990).

[9] Appellants contend that, because Handshoe did not affirmatively plead diversity of the parties in his notice of removal, we cannot affirm the district court's finding that diversity existed. We disagree. Although Handshoe did not initially allege diversity of citizenship, because there is evidence of diversity in the record, and because Appellants did not allege a lack of diversity in *Trout Point I*, we "allow [Handshoe] to amend [his notice of removal] to correct for [its] technical deficiency" under 28 U.S.C. § 1653. *Howery v. Allstate Inc. Co.*, 243 F.3d 912, 920 (5th Cir. 2001); *see also Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) ("Thus, [s]ection 1653 provides a method for curing defective *allegations* of jurisdiction' where the defect is merely one of the pleading and not one of an absence of proof of facts

No. 16-60508

Appellants themselves filed affidavits into the record stating that Trout Point Lodge, Ltd. was a Canadian corporation operating only in Canada. The record likewise contained several documents, including an affidavit from Appellants' former counsel, a transcript of the default judgment hearing in Nova Scotia, and various e-mails indicating that Handshoe was a Mississippi domiciliary operating his business in Mississippi.[10] Because diversity under § 4103 exists where, as here, a plaintiff is a Canadian citizen and a defendant is a Mississippi citizen,[11] we reject Appellants' argument that the district court's finding was not supported by the record.

Moreover, Appellants received a full and fair opportunity to challenge jurisdiction. Appellants could have objected to the initial notice of removal, filed a motion to remand the case to state court, objected to jurisdiction at the summary-judgment hearing, or raised jurisdictional arguments on direct appeal. Nevertheless, they declined to do so. While we recognize that the Appellants retained the ability to challenge lack of subject-matter jurisdiction through a Rule 60(b)(4) motion, that challenge cannot disturb a final judgment where the district court had more than an "arguable basis" for exercising jurisdiction over the case.[12]

---

necessary to establish diversity of citizenship.") (internal citations and quotation marks omitted).

[10] Indeed, in *Trout Point I*, this Court referred to Handshoe as "a Mississippi citizen." 729 F.3d at 483.

[11] *See* 28 U.S.C. § 4103(2); *see also Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1119 n.7 (11th Cir. 2011) ("Diversity existed because Langfitt is a Florida citizen and FMT is a Canadian corporation."); *Ottawa Office Intergration Inc. v. FTF Bus. Sys., Inc.*, 132 F. Supp. 2d 215, 219 (S.D.N.Y. 2001) ("In this case, federal jurisdiction is based on diversity of citizenship of the parties—Ottawa is a Canadian corporation with its principal place of business in Canada and defendants are citizens of New York State.").

[12] Also, the district court arguably had federal question jurisdiction over this case. Under the SPEECH Act, when a plaintiff seeks to enforce a foreign defamation judgment, a court necessarily must construe provisions of federal law that are central to the plaintiff's claim. *Cf. Naoko Ohno v. Yuko Tasuma*, 723 F.3d 984, 1004 n.22 (9th Cir. 2013) ("Federal law now controls domestic actions seeking recognition of foreign defamation judgments.").

Case: 16-60508      Document: 00514326013      Page: 5      Date Filed: 01/29/2018
Case 1:12-cv-00090-LG-JMR   Document 110   Filed 01/29/18   Page 5 of 5

No. 16-60508

## IV.  CONCLUSION

For these reasons, the district court properly denied Appellants' Rule 60(b)(4) motion to vacate. We therefore AFFIRM.

---

While we think the centrality of federal law in cases arising under the SPEECH Act provides strong justification for exercising federal question jurisdiction, we need not reach that issue in this case.